Affiant Hephzibah, Syteria's original

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

Filed 11/28/2017 TL Division (djb)

Gullett, Taquan; Son On Behalf of Mother:

Hephzibah, Syteria,
In Propria Persona, Claimant, Affiant.
V.
Coil, Craig; personal private capacity,
Campbell, Joetta; personal private capacity,
Anderson, Irish; personal private capacity,
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Loesch, Sheryl; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, M. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,
Respondent(s)

Claim Number: ____________

AFFIDAVIT OF HABEAS CORPUS

In accord with:

Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960

Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 § 112]

Treaty of Peace and Friendship (1787) and

united states for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10 codified at:

[ 28 U.S.C. §§ 2241-2243 et seq. ]

[ 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000 ]

[ 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651 ]

[ 15 U.S.C. §§ 1, 2 ]

Rome Statute

" Natural Equity Claim "

CONTRACT UNDER SEAL

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El: Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in sui juris capacity [See 4th Judicial Circuit Duval County Florida Probate (Registrar) Court Personal Replevin Claim # 17-CA-2144/2142; CAVEAT # 17-CP-1025/1020; NOTICE OF TRUST # 17-CP-1287/1286].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran (7) Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948), United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their private capacity(ies) in accord with the Universal Declaration of Human Rights (1948), United Nations Declaration of Independence to Colonial Countries and Peoples (1960), united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq; 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2].

## Jurisdiction and Venue

4. Jurisdiction and venue are properly passed before this District Court in accord with the Treaty of Peace and Friendship (1787), Zodiac Constitution AA222141 (A1-Truth), Universal Declaration of Human Rights (1948), United Nations Declaration of Independence to Colonial Countries and Peoples (1960), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.; 18 U.S.C. Chapter 7 § 112]; [42 U.S.C. §§ 1981-2000 et seq.].

5. In accord with Universal Declaration of Human Rights (1948) and United Nations Declaration of Independence to Colonial Countries and Peoples (1960) codified at [42 U.S.C. § 1981], this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal does "make and enforce" "equal rights under the law":

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

(b) The term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected in this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal are protected against impairment.

6. For the purpose of this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal, the term "Alien" means any people(s) or person(s) not a citizen or national of the United States [8 U.S.C. § 1101]. The term "Alien (Foreign) Estate" includes possessions of an Alien (Foreign) Estate and self-governing dominions and/or territories under mandate or trusteeship shall be regarded as separate Alien (Foreign) Estates [8 U.S.C. § 1101].

A. The term "Family" includes a spouse, parent, brother, sister, child, or person to whom the Alien (Foreign) Official or Internationally Protected Person stands in loco parentis, or any other person living in her/his household and related to the Alien (Foreign) Official or Internationally Protected Person by blood or marriage [18 U.S.C. § 1116(b)(1)].

B. The term "Alien (Foreign) Government" means the government of an Alien (Foreign) country, Alien (Foreign) countee (county), Alien (Foreign) nation, and/or Alien (Foreign) Estate, irrespective of recognition by the United States [18 U.S.C. § 1116(b)(2)].

C. The term "Alien (Foreign) Official" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien (Foreign) Minister, Alien (Foreign) Consul, or other officer of an Alien (Foreign) Government, or any people(s) or person(s) who have previously served in such capacity, and any member of her/his family, while in the United States; and any people(s) or person(s) of an Alien (Foreign) nationality who is duly notified to the United States as an officer or employee of an Alien (Foreign) Government who is in the United States and any member of her/his family whose presence in the United States is in connection with the presence of such officer or employee [18 U.S.C. § 1116(b)(3)].

D. The term "Internationally Protected Person" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien (Foreign) Minister, Alien (Foreign) Consul, or other officer of an Alien (Foreign) Government whenever such people(s) or person(s) are in her/his own country or countee (county) or nation or Estate, or other than her/his own country or countee (county) or nation, or Estate, and any member of her/his family accompanying her/him; and any other representative, officer, employee, or agent of her/his Alien (Foreign) Government, of the United States Government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against the attack upon her/his people(s), person(s), freedom, possessions, property, dignity, and any member of her/his family [18 U.S.C. § 1116(b)(4)].

7. In accord with [28 U.S.C. §2241], this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within there respective jurisdictions. This Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall extend to Affiant as she is unlawfully detained in violation of the Constitution or laws or treaties of the United States; and/or she is an Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association who is unlawfully detained for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order, or sanction of her Alien (Foreign) Estate, or under color thereof, the validity and effect of which depend upon the law of nations.

8. In accord with [28 U.S.C. §2243], the court, justice, or judge entertaining this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal shall forthwith award the writ or issue an order directing the respondent(s) to show cause why the writ should not be granted. The writ or order to show cause shall be directed to the respondent(s) and it shall be returned within three (3) days unless for good cause additional time, not exceeding twenty (20) days, is allowed. The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

NOTICE AND OPPORTUNITY: Should respondent(s) fail to timely answer or respond within three (3) days, not exceeding twenty (20) days, a judgment by default will be entered against all respondent(s) for the judgment relief demanded herein this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other respondent(s). Each respondent(s) must file their answer or response with the court.

9. In any civil action in federal district court, the Federal Rules of Civil Procedure [F.R.Civ.P.] apply, unless Congress has provided a clear exception in a statute or unless the action is of a type listed as an exception in F.R.Civ.P. 81 [see F.R.Civ.P. 1 - Scope and Purpose; Willy v. Coastal Corp., 503 U.S. 131, 134-135, 112 S.Ct. 1076, 117 L.Ed. 2d 280 (1992); Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986); F.R.Civ.P. 81]. Regarding this instant action, Congress has provided a clear exception in a statute [28 U.S.C. §§ 2241-2243 et seq.] and this action is of a type listed as an exception in F.R.Civ.P. 81.

10. In habeas corpus proceedings, federal rules apply only when statutes and specific habeas corpus rules fail to prescribe procedure. Nominally, habeas corpus is a civil proceeding, even when its purpose is to challenge custody of a prisoner that has resulted from alleged criminal proceedings [see Harris v. Nelson, 394 U.S. 286, 293, 89 S. Ct. 1082, 22 L. Ed. 2d 381 (1969)]. Habeas corpus proceedings are not suitable for blanket application of F.R.Civ.P. Rule 81 spells out the F.R.Civ.P. only apply to habeas corpus proceedings to the extent that the statutory [28 U.S.C. §§ 2241-2243 et seq.] procedures and specific rules fail to proscribe procedures [see F.R.Civ.P. 81(a)(4); Ebert v. Clarke, 320 F. Supp. 2d 902, 904 D. Neb. 2004)]. Service of pleadings for habeas corpus applies the F.R.Civ.P. [see Richmond v. Scibana, 2004 U.S. Dist. LEXIS 23443, at *4 (W.D. Wis., Nov. 16, 2004)]. Therefore, this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal action is primarily governed by the aforementioned international treaties [see paragraphs 2 and 3] and the habeas corpus statutes [28 U.S.C. §§ 2241-2243 et seq.] with the F.R.Civ.P. only as gap-filling procedural provisions only to the extent that the aforementioned international treaties and habeas corpus statutes (collectively referred to hereinafter as "the Rules") fail to provide appropriate procedural provisions [see F.R.Civ.P. 1, 81(a)(3)].

11. Federal courts are required to construe the Rules governing this civil action in a manner that will secure the just, speedy, and inexpensive determination of every action and proceeding [see F.R.Civ.P. 1] and this is the fundamental policy of the Rules to be followed by the federal courts in any civil action [see Celotex Corp v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986); F.R.Civ.P. 56 - governing summary judgment]. The parties to a civil action

have a responsibility to use the Rules to secure the just, speedy, and inexpensive determination in every action and proceeding [F.R.Civ.P. 1] and this requires parties to be cooperative to the extent that is permissible with effective advocacy and to refrain from over-use, mis-use, or abuse of procedural tools that would increase costs or result in delay [see J.I. Case Co. v. Bank, 377 U.S. 426, 435, 84 S.Ct. 1555, 12 L.Ed. 2d 423 (1964); Nationwide Mut. Ins. Co. v. Mortensen, 606 F.3d 22, 27 (2d Cir. 2010); Don King Prods., Inc. v. Hopkins, 2004 U.S. Dist. LEXIS 25917, at *8 (S.D.N.Y. Dec. 23, 2004)].

12. The Supreme Court stated in Walker v. Johnson that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to a discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district court to discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected rights [see Browder v. Director, 434 U.S. 257, 266 n.10 (1978); Walker v. Johnson, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243 et seq.] authorizes – indeed, it requires – the court to treat Affiant's Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal itself as the equivalent of an Affiant-Initiated Summary Judgment and "forthwith to award the writ" [see 28 U.S.C. § 2243]. Summary judgment is appropriate when there are no genuine issues or disputes of material fact and moving party (Affiant) is entitled to judgment as a matter of law [see F.R.Civ.P. 56; Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Blackledge v. Allison, 431 U.S. 63, 80-81 (1977); Johnson v. Rogers, 917 F.2d 1283, 1284-85 (10th Cir. 1990)].

Statement of Claim for Relief

13. On or about January 2017 through March 2017, Affiant filed several Petitions for Stay of Execution and Enforcement of Judgment Pending Appeal and Certiorari (hereinafter "Stay Applications") with a security bond included therewith, to the United States District Court for the Middle District Florida Jacksonville Division; to the Eleventh Circuit Court of Appeals; and to the Supreme Court of the United States. In accord with [28 U.S.C. § 2101(f)], Affiant is entitled to this stay of execution and enforcement of judgment as a matter of law to enable her to obtain a writ of certiorari from the Supreme Court. In accord with [28 U.S.C. § 2101(e)], an application to the Supreme Court for a Writ of Certiorari to review a case before judgment has been rendered in the court of appeals may be made at anytime before judgment. All of Affiant's several Stay Applications were ignored by all of the above-mentioned courts, judges and justices thereof. If any of Affiant's several Stay Applications would have been entertained and granted, as is her right as a matter of law, then Affiant would currently be free from this instant unconstitutional and unlawful detainment on her own Recognizance Bond pending appeal and certiorari [see Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15; united states for America Organic Constitution (1787) Amendments 1 (redress of grievances), 5 (due process of law), 8 (right to bail)].

[*] Affiant's Diplomatic Ministerial Consulate was not contacted and notified upon her unlawful and unconstitutional arrest and detainment.

14. On or about March 13, 2017, Affiant was offered voluntary servitude by probation and home detention. Affiant did not consent nor accept nor volunteer for this offer of voluntary servitude. On or about March 13, 2017, Affiant filed Notice of Appeal. On or about March 25, 2017, Affiant was again offered probation and home detention by ankle monitor. Affiant did not consent nor accept nor volunteer for this offer previously, and again she did not consent nor accept nor volunteer for this offer [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim # 17-CA-2144/2142; CAVEAT # 17-CP-1025/1020; and NOTICE OF TRUST # 17-CP-1287/1286].

15. Sometime between March 25, 2017, and July 20, 2017, an alleged warrant was allegedly issued from the Second (2nd) Judicial Circuit Court Leon County Tallahassee and allegedly another alleged warrant was allegedly issued from District Court Middle Florida Jacksonville Division. On or about July 20, 2017, Affiant was unlawfully and unconstitutionally arrested and detained (kidnapped/abducted/assaulted/human trafficked) by respondent(s) from her Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association's Diplomatic Ministerial Consulate [*] which is physically located in Molly's Garden Countee, Timucuan, Al Andalusia, Northwest Amexem (Morocco) [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim # 17-CA-2144/2142; CAVEAT # 17-CP-1025/1020; and NOTICE OF TRUST # 17-CP-1287/1286] around and about Jacksonville, Duval County, Florida state. Affiant and Affiant's Family are "Alien" and an "Alien (Foreign) Estate" within the meaning of [8 U.S.C. § 1101], and Affiant and Affiant's Family are an "Alien (Foreign) Government," "Alien (Foreign) Officials," and "Internationally Protected Person(s)" within

the meaning of [18 U.S.C. § 1116(b)(1),(2);(3),(4)] [see 18 U.S.C. Chapter 7 § 112]. Respondent(s) did cause injury and damage to Affiant, Affiant's Family, and Affiant's Diplomatic Ministerial Consulate by trespass, breaking and entering, burglary, assault by deploying tear gas, spraying pepper spray/mace, drawing and directly pointing guns and tasers, kidnapping/abducting/human trafficking, unlawful detainment and arrest, false imprisonment, subjection to peonage, slavery, involuntary servitude, piracy, genocide, and oppression [see 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2; see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; United Nations Declaration of Independece to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15 (right to nationality/change nationality), 18 (freedom of religion), ~~20~~ 20 (freedom of association), 28, 29; united states for America Organic Constitution (1787) Amendments 1 (freedom of association/religion; redress of grievances), 4 (unlawful search and seizure, no Warrant but upon probable cause particularly describing place and person), 5 (due process of law), 6 (informed of nature and cause; compulsary process for witnesses in favor), 8 (right to bail)].

16. Further, herein is evidence for reasonable cause to believe that Respondent(s) are engaged in a "pattern of practice" of discrimination [see 42 U.S.C. § 2000] by concerted and active participation of respondent(s) in the denial of Natural and Human Rights, ~~selective~~ deliberate indifference towards claims stated in redress for the denial of Natural and Human Rights, and negligence in prosecuting noticed

and filed claims in redress for the denial of Natural and Human Rights against any people who claim Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association nationality and/or Moorish-American nationality. More evidence of this is that Respondent(s) have placed the discriminatory and derogatory label of "Sovereign Citizen" upon Affiant, Affiant's Family, and Affiant's people, and respondent(s) appropriate selective, malicious, vindictive prosecution against Affiant, Affiant's Family, and Affiant's people for our resolutions for redress of grievances for denial of our Natural and Human Rights. Respondent(s)' actions, deliberate indifference, and negligence does constitute a willful and intentional Denial of Justice and Denial of Equality Before the Law [see 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000; 18 U.S.C. Chapter 7 § 112; 18 U.S.C. §§ 241, 242; see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; see United Nations Declaration of Independence to Colonial Countries and Peoples (1960), Universal Declaration of Human Rights (1948)].

17. On or about July 20, 2017, Affiant was unlawfully detained and human trafficked to District Court Middle Florida Jacksonville Division for a court hearing. Affiant did not consent nor accept nor volunteer for a court hearing. The hearing was for alleged violations of alleged conditions of probation. Affiant, Affiant's Family, and Affiant's people are Diplomatic Ministerial Consul Alien (Foreign) Government Officials and Internationally Protected Person(s). The allegations of violations of alleged conditions of probation stemmed directly from Affiant's conduct in duly notifying respondent(s) of her status, her family's status, and her people's status [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim # 17-CA-2144/2142; CAVEAT # 17-CP-1025/1020; and NOTICE OF TRUST # 17-CP-1287/1286].

18. On or about July 28, 2017, Affiant was unlawfully detained and human trafficked from Nassau County Jail back to District Court Middle Florida Jacksonville Division for another hearing to which she did not consent nor accept nor volunteer. Respondent(s) presumed alleged probation violation(s) and revocation against Affiant for her conduct of duly notifying respondent(s) of her status, her family's status, and her people's status as an Alien (Foreign) Government, Alien (Foreign) Officials, and Internationally Protected Person(s). Following this hearing Affiant was again unlawfully detained and human trafficked to Nassau County Jail. On or about August 30, 2017, Affiant was again unlawfully detained and human trafficked to District Court Middle Florida Jacksonville for another hearing to which she did not consent nor accept nor volunteer. Respondent(s) again presumed alleged probation violation(s) and revocation against Affiant for her conduct of duly notifying respondent(s) of her status, her family's status, and her people's status as Alien (Foreign) Government, Alien (Foreign) Officials, and Internationally Protected Person(s). At said hearing, respondent(s) offered Affiant voluntary servitude at a federal institution to which Affiant did not consent nor accept nor volunteer. Respondent(s)' alleged sentencing guidelines allegedly recommended an offer of voluntary servitude in the four (4) to ten (10) months range. Respondent(s)' offer of voluntary servitude at a federal institution was then set at twenty (20) months. Affiant did not consent nor accept nor volunteer for respondent(s)' offer of twenty (20) months of voluntary servitude at a federal institution. Following this hearing Affiant was again unlawfully detained and human trafficked to Nassau County Jail. On or about October 14, 2017, Affiant was unlawfully detained and human trafficked from Nassau County Jail to Federal Correctional Institution (FCI) Tallahassee. Affiant is currently unlawfully and unconstitutionally detained and falsely imprisoned at

FCI Tallahassee [see 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2; see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 28, 29; united states for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8].

19. In accord with due process of International law, National law, and Local law, any alleged probation revocation hearing is required to proceed by Federal Rules of Criminal Procedure [F.R.Crim.P.] 32.1. Under F.R.Crim.P. 32(i)(4)(A)(iii), the respondent(s)' position with respect to the offer [alleged sentence] to be imposed for allegedly violating the alleged conditions of probation is an important factor for respondent(s) to consider and include in the reasoning for an offer [alleged sentence] in an alleged revocation hearing [see United States v. Urrutia-Contreras, 782 F.3d 1110, 1112-1114 (9th Cir. 2015)]. Respondent(s)' position with respect to the offer [alleged sentence] to Affiant, which was not consented nor accepted nor volunteered, was allegedly recommended within the alleged sentencing guideline range of four (4) to ten (10) months. Respondent(s) went over and beyond this alleged position and recommendation and set the offer [alleged sentence] at twenty (20) months. Affiant did not consent nor accept nor volunteer for any of respondent(s)' offers. Further, there was a significant delay between the alleged probation violation [on or about March 25, 2017] and the initiation of alleged revocation proceedings [on or about July 20, 2017] which did actually prejudice Affiant's ability to contest the validity of the alleged revocation

[i.e. Affiant's duly notifying of status] and does constitute a denial of due process of law [see Moody v. Doggett, 429 U.S. 78, 87-88, 97 S.Ct. 274, 50 L.Ed. 2d 236 (1976)] [see Personal Replevin Claim #17-CA-2144/2142; Probate Case CAVEAT #17-CP-1025/1020; Probate Case NOTICE OF TRUST #17-CP-1287/1286].

20. To justify [an alleged] revocation, the court must first determine that there has been an [alleged] violation of an [alleged] term or condition of [alleged] probation; second, that the [alleged] violation is substantial enough to warrant revocation [see United States v. Leigh, 276 F.3d 1011, 1012-1013 (8th Cir. 2002) - revocation is not warranted by the mere accumulation of technical violations (i.e. Affiant's duly notifying of status)]. In deciding whether to revoke [alleged] probation the court must conscientiously consider the reason for the [alleged] defendant's [alleged] failure to comply with the [alleged] terms and conditions and the reasons those [alleged] terms and conditions were imposed [see Burns v. United States, 287 U.S. 216, 222-223, 53 S.Ct. 154, 77 L.Ed. 266 (1932) - (alleged) probation revocation "implies" conscientious judgment and not arbitrary and capricious action].

21. The standard to be applied is found in [18 U.S.C. §3565(a)]. The courts are only permitted [alleged] revocation when the court finds by a preponderance of the evidence that the [alleged] defendant [allegedly] violated an [alleged] condition of probation [see Johnson v. United States, 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed. 2d 727 (2000); United States v. Hooker, 993 F.2d 898, 899-900 (D.C. Cir. 1993)]. Preliminary hearing must meet certain due process requirements, because a mere allegation of [alleged] criminal activity or [alleged] non-criminal activity may be [alleged] grounds for an [alleged] revocation hearing, and

because [alleged] revocation proceedings may result in "loss of liberty," the [alleged] probationer has certain due process rights and these due process rights must be considered [see Morrissey v. Brewer, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L. Ed 2d 484 (1972); United States v. Taylor, 2013 U.S. App. LEXIS 6095, at **6 (3d. Cir. Mar. 27, 2013)]. Due process of law includes the opportunity to present mitigating evidence and exculpatory evidence, question any adverse witnesses, and the compulsary process of obtaining witnesses in one's favor [i.e. Affiant's duly notifying of status by Personal Replevin Claim # 17-CA-2144/2142; Probate Case CAVEAT #17-CP-1025/1020; Probate Case NOTICE OF TRUST #17-CP-1287/1286] [see united states for America Organic Constitution (1787) Amendments 1, 5, 6, 8; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948)]. Respondent(s) did not afford Affiant her above-mentioned due process of law protections.

22. F.R.Crim.P. 32.1(b)(2) provides certain procedural requirements that exceed constitutional due process requirements for [alleged] revocation hearings [see Morrissey v. Brewer, (supra); United States v. Tapia-Escalera, 356 F. 3d 181, 183-184 (1st Cir. 2004)]. These due process procedural requirements are:

(A) Written notice of the alleged violation. The [alleged] defendant at every stage of the [alleged] revocation proceeding must be given written notice of the alleged violation [see F.R.Crim.P. 32.1(b)(2)(A); United States v. Lee, 795 F.3d 682, 686-687 (7th Cir. 2015); United States v. Vasquez-Perez, 742 F.3d 896, 900 (9th Cir. 2014); United States v. Chatelian, 360 F.3d 114, 121 (2nd Cir. 2004); United States v. Correa-Torres, 326 F.3d 18, 22 (1st Cir. 2003);

United States v. Cartwright, 696 F. 2d 344, 349-350 (5th Cir. 1983) - failure to provide the required written notice violated due process and required a reversal; United States v. Sesma-Hernandez, 219 F. 3d 859, 860-861 (9th Cir. 2000); United States v. Warren, 720 F. 3d 321, 328 (5th Cir. 2013) - under F.R.Crim.P. 32.1(b)(2)(B) [alleged] defendant is entitled to "disclosure of the evidence against the person" prior to the court's determination that the [alleged] defendant [allegedly] violated an [alleged] condition of (probation)].

(B) Disclosure of evidence against the person. The [alleged] defendant must be given disclosure of the evidence against her or him [F.R.Crim.P. 32.1(b)(2)(B)].

(C) Opportunity to appear and present evidence on her own behalf. The [alleged] defendant must be given an opportunity to present evidence on her/his own behalf [see Personal Replevin Claim #17-CA-2144/2142; Probate Case CAVEAT #17-CP-1025/1020; Probate Case NOTICE OF TRUST #17-CP-1287/1286; see F.R.Crim.P. 32.1(b)(2)(C); United States v. Verbeke, 853 F.2d 537, 539 (7th Cir. 1988); United States v. Thompson, 599 F.3d 595, 600-601 (7th Cir. 2010)].

(D) Disclosure of witness statements. Under Rule 32.1, respondent(s) must disclose witness statements for an [alleged] revocation proceeding in compliance with F.R.Crim.P. 26.2 [see F.R.Crim.P. 32.1(e); United States v. Stanfield, 360 F. 3d 1346, 1355-1356 (D.C. Cir. 2004); F.R.Crim.P. 26.2(a)-(d),(f)]. Thus, respondent(s) are required to provide transcripts of relevant previous statements of any witness called to testify [see F.R.Crim.P. 26.2]. Once transcripts are produced, Affiant may review them and should be granted a recess to review them prior to cross-examining the witness [see F.R.Crim.P. 26.2(d)]. Respondent(s)' failure to comply

with this requirement precludes the court from considering the testimony of respondent(s)' witnesses whose statement(s) were/is/are wrongfully withheld [see F.R.Crim.P. 32.1(e)]. In Morrissey, (supra), the Supreme Court included in its list of due process requirements at an [alleged] revocation hearing, a "written (verified under penalty of perjury signed in wet-ink) statement by the fact finders as to the evidence relied upon and the reasons for revoking [alleged] probation [see Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972)].

(E) Opportunity to question adverse witnesses. The [alleged] defendant must be given the opportunity to question adverse witnesses [see F.R.Crim.P. 32.1(b)(2)(C); United States v. Johnson, 710 F.3d 784, 788 (8th Cir. 2013) – minimum requirements of due process include [alleged] defendant is entitled to an opportunity to present witnesses and evidence in their favor and in mitigation (i.e. Affiant's duly notifying of status, Personal Replevin Claim #17-CA-2144/2142, CAVEAT #17-CP-1025/1020; NOTICE OF TRUST #17-CP-1287/1286), moreover, [alleged] defendant is entitled to confront and cross-examine adverse witnesses] [see United States v. Ruby, 706 F.3d 1221, 1226 (10th Cir. 2013); United States v. Carthen, 681 F.3d 94, 100 (2d Cir. 2012); United States v. Taveras, 380 F.3d 532, 535-537 (1st Cir. 2004)].

(F) Notice of the right to be represented by counsel [see F.R.Crim.P. 32.1(b)(2)(D)].

(G) Opportunity to make a statement and present further information in mitigation. (i.e. Affiant's duly notifying of status, Personal Replevin Claim #17-CA-2144/2142; CAVEAT #17-CP-1025/1020; NOTICE OF TRUST #17-CP-1287/1286). The right of allocution applies in [alleged] revocation hearings. An [alleged] probationer must be given an opportunity to make a statement and present any information in mitigation [see F.R.Crim.P. 32.1(b)(2)(E); United States v. Frazier, 283 F.3d 1242, 1245 (11th Cir. 2002); United States v. Daniels, 760 F.3d 920, 924 (9th Cir. 2014); United States v. Robertson, 537 F.3d 859, 862 (8th Cir. 2008); United States v. Reyes-Solosa, 761 F.3d 972, 974 (9th Cir. 2014)] [United States v. Gonzales, 529 529 F.3d 94, 97-98 (2d Cir. 2008) - allocution not provided immediately during [alleged] revocation hearing was reversible error and required [alleged] resentencing] [United States v. Sosa-Sauceda, 2008 U.S. App. LEXIS 245, at *11 (4th Cir. Jan. 7, 2008) - district court's failure to recognize [alleged probationer's] right to allocution was plain error that affected his substantial rights] [United States v. Pitre, 504 F.3d 657, 665 (7th Cir. 2007) - district court committed plain error when it imposed 18-month sentence without giving [alleged] defendant opportunity to speak as required by [F.R.Crim.P. 32.1(b)(2)(E)], and court could not conclude that she was not prejudiced as she might have recieved a lesser [alleged] sentence had she been allowed to speak]. Affiant is entitled to appellate review for plain error that has significantly affected her substantial rights to due process of law [see United States v. Shidler, 2009 U.S. App. LEXIS 17067, at **12-*16 (10th Cir. July 28, 2009); United States v. Fay, 547 F.3d 1231, 1234 (10th Cir. 2008); United States v. Gonzales-Huerta, 403 F.3d 727, 732 (10th Cir. 2005)].

23. Mitigating evidence may be offered to show that the [alleged] violation was not serious or to argue that [alleged] probation should not be [allegedly] revoked and [false] imprisonment imposed as a result of the [alleged] violation [see United States v. Tadeo, 222 F.3d 623, 626-627 (9th Cir. 2000). Terms of [alleged] probation may always be modified instead of [allegedly] revoked [see F.R.Crim.P. 32.1(c)]. In most cases, the court may continue the [alleged] probationer on [alleged] probation, with or without extending the [alleged] term of probation and with or without modifying or enlarging the [alleged] conditions of probation [see 18 U.S.C. §3565(a)(1)]. Moreover, [5 U.S.C. §706(2)(a)] states that "agency actions will be upheld unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." It seems the respondent(s)' actions in this matter are wholly arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with International law, National law, or Local law. Respondent(s) did not afford Affiant her above-mentioned [paragraphs 13; 14; 15; 16; 17; 18; 19; 20; 21; 22(A)-(E), (G); 23] due process of law protections in accord with International law, National law, and Local law [see 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1994, 1997, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2; see Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto; United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) Articles 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 18, 20, 28, 29; united states for America Organic Constitution (1787) Amendments 1, 4, 5, 6, 8; see Personal Replevin Claim # 17-CA-2144/2142; CAVEAT # 17-CP-1025/1020; NOTICE OF TRUST # 17-CP-1287/1286].

## Demand for Judgment Relief

24. Affiant respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon her body, her person and alien (foreign) estate corporeal and incorporeal pending appeal and certiorari as a matter of law. As aforementioned, Affiant has several Stay Applications with security bond before the District Court Middle Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court [see 28 U.S.C. 2101(f), (e)]. Affiant has a Natural Equity right to and is entitled to unconditional discharge on her own Recognizance Bond pending appeal and certiorari as a matter of law. Affiant has no adjudication of guilt for failure to appear, hiding, fleeing, flight, evading, or escape. Affiant is not a threat or a danger to the community or to any individual's life, liberty, health, safety, person, or property. Also, Affiant's appeal and certiorari are not for the purpose of delay and raise a substantial question of fact or law likely to result in an acquittal, a dismissal of all alleged charges, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served in pretrial and postrial unlawful detainment and false imprisonment plus the expected duration of the appeal and certiorari process; and

25. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge on her Personal Replevin Bond pending appeal and certiorari as a matter of law [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Bond #17-CA-2144/2142; CAVEAT #17-CP-1025/1020; NOTICE OF TRUST #17-CP-1287/1286]. For all of the aforementioned reasons,

Affiant has a Natural Equity right to and is entitled to, as a matter of law, unconditional discharge on her Personal Replevin Bond pending appeal and certiorari; and

26. Affiant further seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law:

Mainprise [Black's Law Dictionary (BLD) 8th Ed.] - [N] (1) Delivery of a prisoner to the mainpernor. (2) A suretyship undertaking that makes the surety responsible for a prisoner's appearance on a specific date and time. (3) A writ ordering the sheriff to release a prisoner after taking security for the prisoner's appearance. [V] To release (a prisoner) on the surety of a mainpernor.

Mainpernor (BLD 8th Ed) - A surety for a prisoner's appearance; one who gives mainprise for another — also termed mainpriser.

27. For all the aforementioned reasons, Affiant has a Natural Equity right to and is entitled to unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant does hereby nominate her Brother for Mainprise/Mainpernor Suretyship. Affiant's relation to her Brother is close and Affiant's Brother is a Retired U.S. Army Officer and current Supervisor/Major with GS4 Security. Affiant's Brother has life-long strong ties and good standing in the Jacksonville Florida community, and if discharged on Mainprise/Mainpernor Surety Bond to Affiant's Brother, Affiant's Brother would ensure any return in the unlikely event of an unsuccessful appeal and certiorari.

28) Claim for Damages - True Bill

| | | | |
|---|---|---|---|
| $10,000 and/or 10 years imprisonment | [42 U.S.C. §§ 1981 - 2000 et seq. 18 U.S.C. § 241] | x19 = | $190,000 and/or 190 years imprisonment |
| $1,000 and/or 1 year imprisonment | [42 U.S.C. §§ 1981 - 2000 et seq. 18 U.S.C. § 242] | x19 = | $19,000 and/or 19 years imprisonment |
| Sum Certain Total | | = | $209,000 and/or 209 years imprisonment |

**** All Respondent(s) are jointly and severally liable for this Claim ****

29) Punitive Damages

| | | | |
|---|---|---|---|
| $10,000 and/or 10 years imprisonment | [Chapter 7 18 U.S.C. § 112] | x19 = | $190,000 and/or 190 years imprisonment |
| $1,000,000 and/or 20 years imprisonment | [18 U.S.C. § 1091] | x19 = | $19,000,000 and/or 380 years imprisonment |
| $10,000 and/or 10 years - Life imprisonment | [18 U.S.C. § 1201] | x19 = | $190,000 and/or 190 years imprisonment |
| $1,000,000 and/or 30 years imprisonment | [18 U.S.C. § 1341] | x19 = | $19,000,000 and/or 570 years imprisonment |
| $5,000 and/or 20 years - Life imprisonment | [18 U.S.C. § 1581] | x19 = | $95,000 and/or 380 years - Life imprisonment |
| $5,000 and/or 20 years imprisonment | [18 U.S.C. § 1583] | x19 = | $95,000 and/or 380 years imprisonment |
| $5,000 and/or 7 years imprisonment | [18 U.S.C. § 1585] | x19 = | $95,000 and/or 133 years imprisonment |
| $2,000 and/or 2 years imprisonment | [18 U.S.C. § 1586] | x19 = | $38,000 and/or 38 years imprisonment |
| $10,000 and/or 20 years - Life imprisonment | [18 U.S.C. § 1590] | x19 = | $190,000 and/or 380 years - Life imprisonment |
| $10,000 and/or 5 years imprisonment | [18 U.S.C. § 1592] | x19 = | $190,000 and/or 95 years imprisonment |
| Mandatory Restitution | [18 U.S.C. § 1593] | x19 = | Mandatory Restitution |
| $10,000 and/or 20 years - Life imprisonment | [18 U.S.C. § 1593A] | x19 = | $190,000 and/or 380 years - Life imprisonment |
| $10,000 and/or 20 years - Life imprisonment | [18 U.S.C. § 1594] | x19 = | $190,000 and/or 380 years - Life imprisonment |
| Right to a Civil Action | [18 U.S.C. § 1595] | x19 = | Right to a Civil Action |
| $250,000 and/or 30 years imprisonment | [18 U.S.C. § 1512] | x19 = | $4,750,000 and/or 570 years imprisonment |
| $250,000 and/or 30 years imprisonment | [18 U.S.C. § 1513] | x19 = | $4,750,000 and/or 570 years imprisonment |
| $10,000 and Life Imprisonment | [18 U.S.C. § 1651] | x19 = | $190,000 and Life Imprisonment |
| $1,000,000 and/or 10 years imprisonment | [15 U.S.C. § 1] | x19 = | $19,000,000 and/or 190 years imprisonment |
| $1,000,000 and/or 10 years imprisonment | [15 U.S.C. § 2] | x19 = | $19,000,000 and/or 190 years imprisonment |
| Punitive Damages Total | | = up to | $87,153,000 and/or 5021 years - Life (x5) PLUS LIFE IMPRISONMENT |

**** All Respondents are jointly and severally liable for this Claim ****

30. The Sum Certain Claim for Damages-True Bill for this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal is Two Hundred Nine Thousand ($209,000.00) Dollars and 00/100 and/or Two Hundred Nine (209) years imprisonment. The Punitive Damages Total for this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal is up to Eighty-Seven Million One Hundred Fifty-Three Thousand ($87,153,000.00) Dollars and 00/100 and/or Five Thousand Twenty-One (5021) years to Life(x5) PLUS LIFE IMPRISONMENT [18 U.S.C. § 1651]. The Sum Certain Claim for Damages - True Bill and Punitive Damages Total is payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy. All Respondent(s) are jointly and severally liable for this Natural Equity Claim Contract Under Seal.

31. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

32. If any portion of this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Affidavit of Habeas Corpus Natural

Equity Claim Contract Under Seal that is found overdue and owing and remains unpaid to Affiant and Affiant's Alien (Foreign) Estate.

33. Respondent(s)' default to this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, and consent to all the terms, facts, conditions, stipulations, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills herein [see 42 U.S.C. § 1981].

34. NOTICE AND OPPORTUNITY: Respondent(s)' failure to timely and adequately rebut this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal point-for-point, with supporting documentary evidence, verified under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, not exceeding twenty (20) days from the date of service [date of Clerk's file stamp], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each of the Respondent(s) must file their answer or response with the court.

## Conclusion

35. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief in accord with Natural Equity, and to dispose of this matter as law and justice require. In Honor.

# Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in sui juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous moral upright integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Ninth day of the Eleventh month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437)
[Gregorian Calendar Year (G.C.Y.) 2017 - November, 9 ]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend

*** Gullett, Taquan (P.O.W. 62013-018) is falsely imprisoned and unlawfully detained at Coleman USP1, Florida ***

Maalik Taquan Rahshe Gullett El; Son On Behalf of Mother: Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation: [61975-018] Falsely Imprisoned and Unlawfully Detained at:

FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida [32301-3558]

# Certificate of Service

I, Taquon Gullett, also called Maalik Rahshe El; Son On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, Competent Natural Man/Woman of majority, do certify and affirm that on or about the Ninth day of the Eleventh month of the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017 - November, 9], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Habeas Corpus Natural Equity Claim Contract Under Seal [27 pages (front + back)] x4; and
2. Request for Service Upon Respondent(s) [3 pages (front + back)]; and
3. Civil Case Cover Sheet [1 page]; and
4. BP-199 Form (Encumbrance # 1833; Memo: P.O.W. 61975-018; Dated 11/6/2017) for $5 filing fee [1 pg]; and
5. Two (2) Self-Addressed Prepaid Stamped Envelopes [2 envelopes] (for return of Affiant's & Mother's file stamped copies of Affidavit of Habeas Corpus)

All documents required for civil case filing and docketing are included and mailed to:

Clerk of Court

United States District Court Northern District of Florida Tallahassee Division

United States Courthouse Annex, 111 North Adams Street, 3rd Floor

Tallahassee, Florida 32301

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend

*** Gullett, Taquan (P.O.W. 62013-018) is falsely imprisoned and unlawfully detained at Coleman USP-1, Florida ***

Maalik Taquon Rahshe Gullett El; Son On Behalf of Mother: Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation: [61975-018] Falsely Imprisoned and Unlawfully Detained at:

FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida [32301 - 3558]

Gullett, Taquan
c/o 5405 Foxboro Road
Jacksonville, Florida 32208-9998

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7016 3010 0000 7887 8301

UNITED STATES POSTAL SERVICE®

1000

32301

U.S. POSTAGE PAID
JACKSONVILLE, FL
32208
NOV 21 17
AMOUNT
$3.84
R2305K132070-32

FIRST CLASS

Clerk of Court
U.S. District Court Northern Florida Tallahassee Division
111 North Adams Street, 3rd floor
Tallahassee, Florida 32301

32301-773699