UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAQUAN GULLETT,
as Next Friend of Syteria Hephzibah,

    Petitioner,

v.                                               Case No. 4:17cv532/WS/CJK

CRAIG COIL, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Taquan Gullett on behalf of his mother Syteria Hephzibah. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be summarily dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner Gullett is a federal inmate currently confined at the Federal Correctional Complex in Coleman, Florida. Gullett challenges, on due process and other grounds, Syteria Hephzibah's incarceration upon the revocation of her

supervised release. (Doc. 1, pp. 9-27). Syteria Hephzibah is incarcerated at the Federal Correctional Institution in Tallahassee, Florida, serving a 20-month sentence imposed by the United States District Court for the Middle District of Florida on August 30, 2017, for violating her supervised release. (Doc. 1, p. 13; *see also United States of America v. Syteria Hephzibah*, Middle District Case No. 3:15cr16-MMH-JRK, Doc. 273 (Judgment in a Criminal Case for Revocation of Supervised Release)).

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). *Whitmore* addressed the requirements for "next friend" standing in a habeas corpus case, which is what Gullett seeks here:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id*. at 163-164 (citations omitted).

Gullett's allegations fall far short of establishing standing, as he makes no showing that Ms. Hephzibah cannot appear on her own behalf to prosecute a challenge to her incarceration. In fact, the docket of Ms. Hephzibah's criminal case establishes that she actively represented herself in her criminal case assisted by standby counsel, and that she is presently pursuing an appeal from the Judgment of Revocation of Supervised Release. *See* Middle District Case No. 3:15cr16, Docs. 274, 280; *see also* Eleventh Circuit Case No. 17-14058-B.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of December, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.