Clerk's
Original

○

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

Gullett, Taquan; Son, On Behalf of Mother:

Hephzibah, Syteria,
  In Propria Persona, Claimant, Affiant.

V.

Coil, Craig; personal private capacity,

Campbell, Joetta; personal private capacity,

Dempsey, Angela Cote; personal private capacity,

Hassler, Sara; personal private capacity,

Marshall, Gwen; personal private capacity,

○ Watson, Kim Lee; personal private capacity,

Haskett, James; personal private capacity,

Sheridan, Patrick; personal private capacity,

Loesch, Sheryl; personal private capacity,

Hammer, Michael; personal private capacity,

Knox, Penelope; personal private capacity,

Anderson, Irish; personal private capacity,

Donar, Cedric; personal private capacity,

Corsmeier, Arnold B.; personal private capacity,

Muldrow, W. Stephen; personal private capacity,

Richardson, Monte C.; personal private capacity,

Klindt, James R.; personal private capacity,

Corrigan, Timothy J.; personal private capacity,

○ Howard, Marcia Morales; personal private capacity,

Respondent(s).

---

Claim Number: 4:17-cv-532-WS-CJK

# MODIFIED (ADDENDUM)(ANNEX)
# AFFIDAVIT FOR HABEAS CORPUS

In accord with:

Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to
Colonial Countries and Peoples; General Assembly
Resolution 1514 (XV) of 14 December 1960

U.N. Declaration on the Rights of Indigenous Peoples (2007)

Madrid Convention for Protection in Morocco (1880)
Codified at: [18 U.S.C. Chapter 7 § 112]

Treaty of Peace and Friendship (1787) and
United States for America Organic Constitution (1787)
Article One Section Nine and Amendments 1-10
Codified at:

[ 28 U.S.C. §§ 2241-2243 et seq. ]

[ 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997,
1986, 1985, 1981, 1994, 1983, 1991, 2000 ]

[ 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583
1584, 1585, 1586, 1590, 1592, 1593, 1593 A, 1594, 1595, 1651 ]

15 U.S.C. §§ 1, 2

Rome Statute

" Natural Equity Claim "
# CONTRACT UNDER SEAL

1 of 26   /s/   Filed DEC 13 '17 USDC FLN 4PM 0149

NOTICE TO AGENT IS NOTICE TO PRINCIPLE / NOTICE TO PRINCIPLE IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Sytecia Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court Personal Replevin Claim #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran Circle Seven, Zodiac Constitution AA222141(A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), United Nations Declaration on the Rights of Indigenous Peoples (2007), united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.; 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2].

2 of 26

## Jurisdiction and Venue

4. Jurisdiction and venue are properly passed before this District Court in accord with the Treaty of Peace and Friendship (1787), Zodiac Constitution AA222141 (A1-Truth), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243 et seq.; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994; 42 U.S.C. §§ 1981-2000 et seq.].

## Modified (Addendum)(Annex) Letter Rogatory

5. The principle purpose of the writ of habeas corpus is to protect every person from being detained, restrained, or confined in violation of the Constitution [See Scaggs v. Lassen, 396 U.S. 1206, 1208 (1969); Johnson v. Avery, 393 U.S. 483, 485 (1969); United States v. Dirvasso, 548 F. 2d 372 (1st Cir. 1976); McCoy v. United States Board of Parole, 537 F. 2d 962 (8th Cir. 1976); King v. Lynaugh, 724 F. Supp. 57 (W.D. Tex. 1990)]. The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless actions. Its preeminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended..." [See united states for America Organic Constitution (1787) Article One Section Nine]. The scope and flexibility of the writ, its capacity to reach all manners of unlawful detention, and its ability to cut through barriers of form and procedural mazes have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be essentially administered with initiative and flexibility to ensure that "Miscarriages of Justice" within its reach are sufficiently corrected.

6. In accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), and United Nations Declaration on the Rights of Indigenous Peoples (2007) codified at [42 U.S.C. § 1981], this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal does "make and enforce" "equal rights under the law":

(a) <u>All persons</u> within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property <u>as is enjoyed by white citizens;</u>

(b) The term "<u>make and enforce contracts</u>" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship;

(c) The rights, privileges, and immunities protected in this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal are protected against impairment.

7. The term "<u>Contract Under Seal</u>" means a formal contract that requires no consideration and has the seal of the signer attached. A Contract Under Seal must be in writing or printed on paper or parchment and is conclusive between the parties when signed, sealed, and (intended to be) delivered. Delivery is made either by actually handing it to the other party (or party's representative/agent) or by stating an intention (Certificate of Service) that the deed be operative even though it is retained in the possession of the party executing it. ⟶

○

The Contract Under Seal, sometimes also called a deed and sometimes a specialty, is the only formal contract in English law because it derives its validity from the form, and the form alone, of the executing instrument in which it is expressed [see Corpus Juris Secundum (C.J.S.) Contracts §85; William R. Anson, Principles of the Law of Contract 82 (Arthur L. Corbin ed. 3d Am. ed. 1919; P.S. Atiyah, An Introduction to the Law of Contract 31 (3d ed. 1981)];

A. The term "Seal" means ① a fastening that must be broken before access can be obtained; especially a device or substance that joins two things, usually making the seam impervious; ② to authenticate or execute a document by use of a seal; ③ to close an envelope tightly or to prevent access to a document, record, etc.
○ [see Black's Law Dictionary (BLD) 8th Ed.];

B. The term "Mailbox Rule" means ① (Contracts) the principle that an acceptance becomes effective once it has been properly signed, sealed, and (intended to be) delivered; ② the principle that when a pleading or other document is filed or served by mail, filing, or service is deemed to have occurred on the date of mailing [see BLD 8th Ed.];

C. The term "Equity" means ① fairness, impartiality, evenhanded dealing; ② the basic principles constituting what is fair and right; Natural Law < the concept of "inalienable rights" reflects the influence of equity on the Declaration of Independence > ③ In its popular sense Equity is equivalent to natural justice; the recourse to principles of justice to correct or supplement the law as applied
○ to a particular circumstance or circumstances. Also termed Natural Equity [see C.J.S. Equity §§2-5, 7-8, 10];

D. The term "Conventio * " means ① (Ecclesiastical Law) to come together; to cause to assemble; the act of convening the parties to an action by summoning the respondent(s)/defendant(s); ② (Historically) an agreement or convention or covenant; an agreement between two or more persons respecting a lawful relation between them. SEE CONVENTION [see Thomas Blount; Nomo-Lexicon: A Law Dictionary (1670); John Bouvier, Bouvier's Law Dictionary 668 (8th Ed. 1914)];

E. The term "Convention" means ① an agreement or compact, especially one among nations; ② a multilateral treaty < the Geneva Convention, the Hague Convention, the Inter-American Convention > [see C.J.S. Treaties § 2];

F. The term "In Propia Persona" means in one's own proper person [see BLD 8th Ed.];

G. The term "Sui Juris" means (Latin) ① of one's own right; independent; of full age and capacity; ② possessing full social and civil rights; ③ (Roman Law) of or relating to anyone of any age, male or female, not in the potestas (power/slavery) of another, and therefore capable of owning property and enjoying private-law rights [see BLD 8th Ed.];

H. The term "Suspend" means to interrupt; postpone; defer; ③ to temporarily keep a person from performing a function, occupying an office, holding a job, or exercising a right or privilege [see C.J.S. Agriculture §§ 4.5, Architects § 10; Licenses §§ 48, 50-63; Officers and Public Employees §§ 139, 141-142];

I. The term "Supreme Law of the Land" means the united states for America Organic Constitution (1787) and all treaties made or which shall be made; any law that is repugnant to the Supreme Law of the Land is 'colorable' and is null and void ab initio [see Marbury v. Madison, 5 U.S. 137, 174, 176 (1803); united states for America Organic Constitution (1787) Article VI Clause 2];

J. The term "Alien" means any people or person(s) not a citizen or national of the United States [see 8 U.S.C. §1101];

K. The term "Alien (Foreign) Estate" includes possessions of an Alien (Foreign) Estate and self-governing dominions and/or territories under mandate or trusteeship shall be regarded as separate Alien (Foreign) Estates [see 8 U.S.C. §1101];

L. The term "Family" includes a spouse, parent, brother, sister, child, or person to whom the Alien (Foreign) Official or Internationally Protected Person stands in loco parentis, or any other person living in her/his household and related to the Alien (Foreign) Official or Internationally Protected Person by blood or marriage [see 18 U.S.C. §1116(b)(1)];

M. The term "Alien (Foreign) Government" means the government of an Alien (Foreign) country, Alien (Foreign) countee [county], Alien (Foreign) nation, and/or Alien (Foreign) Estate, irrespective of recognition by the United States [see 18 U.S.C. §1116(b)(2)];

N. The term "Alien (Foreign) Official" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien (Foreign) Minister, Alien (Foreign) Consul, or other officer of an Alien (Foreign) Government, or any people(s) or person(s) who have previously served in such capacity, and any member of her/his family, while in the United States; and any people(s) or person(s) of an Alien (foreign) nationality who is duly notified to the United States as an officer or employee of an Alien (Foreign) Government who is in the United States and any member of her/his family whose presence in the United States is in connection with the presence of such officer or employee [see 18 U.S.C. §1116(b)(3)];

O. The term "Internationally Protected Person" means a Chief of Estate or the political equivalent, Diplomat, Ambassador, Alien (Foreign) Minister, Alien (Foreign) Consul, or other officer of an Alien (Foreign) Government whenever such people(s) or person(s) are in her/his own country or countee [county] or nation or Estate, or other than her/his own country or county [countee] or nation or Estate and any member of her/his family accompanying her/him; and any other representative, officer, employee, or agent of her/his Alien (Foreign) Government, of the United States Government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against the attack upon her/his people, person, freedom, possessions, property, dignity, and any member of her/his family [see 18 U.S.C. §1116(b)(4)];

P. The term "Letter Rogatory/Letter of Request" means a document issued by one court to a foreign court, requesting that the foreign court (A) take evidence from a specific person within the foreign jurisdiction and (B) return the testimony or proof of service for use in a pending case [see F.R.Civ.P. 28 - Also termed Requisition Letter; see BLD 8th Ed.];

8. In accord with [28 U.S.C. §2241], this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. This Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal shall extend to Affiant as she is unlawfully detained under or by color of the authority of the Respondent(s); and/or she is unlawfully detained in violation of the Constitution or laws or treaties of the United States; and/or she is an Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association who is unlawfully detained for an act done or omitted under any alleged right, title, authority, privilege, protection, immunity, or exemption claimed under the commission, order, or sanction of her Alien (Foreign) Estate, or under color thereof, the validity and effect of which depend upon the law of nations.

9. In accord with [28 U.S.C. §2243], the court, justice, or judge entertaining this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal shall forthwith award the writ or issue an order directing the Respondent(s) to show cause why the writ should not be granted. The writ or order to show cause shall be directed to the Respondent(s) and it shall

be returned within three (3) days unless for good cause additional time, not exceeding twenty (20) days, is allowed. The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

10. NOTICE AND OPPORTUNITY: Should Respondent(s) fail to timely answer or respond within three (3) days, not exceeding twenty (20) days, a judgment by default will be entered against all Respondent(s) for the Judgment Relief demanded herein this Modified (Addendum) (Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each Respondent(s) must file their answer or response with the court.

11. In any civil action in federal district court, the Federal Rules of Civil Procedure [F.R.Civ.P.] apply, unless Congress has provided a clear exception in a statute or unless the action is of a type listed as an exception in F.R.Civ.P. 81 [see F.R.Civ.P. 1 - Scope and Purpose; Willy v. Coastal Corp., 503 U.S. 131, 134-135, 112 S.Ct. 1076, 117 L. Ed. 2d 280 (1992); Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986); F.R.Civ.P. 81]. Regarding this instant action, Congress has provided a clear exception in a statute [28 U.S.C. §§ 2241-2243 et seq.] and this action is of a type listed as an exception in F.R.Civ.P. 81. Habeas corpus proceedings are not suitable for blanket application of F.R.Civ.P. Rule 81 spells out the F.R.Civ.P. only apply to habeas corpus proceedings only as "gap-filling" provisions to the extent that the statutory [28 U.S.C. §§ 2241-2243 et seq.] procedures and specific rules fail to proscribe procedures [see F.R.Civ.P. 81(a)(4); Ebert v. Clarke, 320 F. Supp. 2d 902, 904 (D. Neb. 2004); F.R.Civ.P. 81]. Service of pleadings and other documents for habeas corpus applies the F.R.Civ.P. [see Richmond v. Scibana, 2004 U.S. Dist. LEXIS 23443, at *4 (W.D. Wis. Nov. 16, 2004)].

12. The Supreme Court stated in <u>Walker v. Johnson</u> that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to an immediate discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district court to immediately discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected Natural and Human rights [See <u>Browder v. Director</u>, 434 U.S. 257, 266 n.10 (1978); <u>Walker v. Johnson</u>, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243 et seq.] authorizes — indeed, it requires — that the court treat Affiant's Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal itself as the equivalent of an Affiant-Initiated Summary Judgment and "forthwith award the writ ..." [See 28 U.S.C. § 2243]. Summary Judgment is appropriate when there are no genuine issues or disputes of material fact and moving party (Affiant) is entitled to judgment as a matter of law [See F.R.Civ.P. 56; <u>Valles v. Lynaugh</u>, 835 F.2d 126, 127 (5th Cir. 1988); <u>Blackledge v. Allison</u>, 431 U.S. 63, 80-81 (1977); <u>Johnson v. Rogers</u>, 917 F.2d 1283, 1284-85 (10th Cir. 1990)].

<u>Modified (Addendum)(Annex) Statement of Claim for Relief</u>

13. On or about February 2015 and on or about October 2015 through currently present day, an alleged Federal criminal prosecution and an alleged State criminal prosecution was initiated against Affiant [See Federal (Middle District Florida) Case # and State (Leon County Florida) Case #]. In accord with the due process of law protections of International law, National law, and Local law, any genuine criminal prosecution can <u>only</u> be initiated by a criminal complaint supported by a verified under oath affidavit of

probable cause sworn or affirmed by an actual Natural Man/Woman injured party. The Supreme Court in Sherar v. Cullen, 481 F. 2d 945 (1973) U.S. App. LEXIS 8988; S. Ct. No. 71-1558 (July 3, 1973), holds "for a crime to exist there must be an injured party." Further, united states for America Organic Constitution (1787) Amendment Four holds "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." And, Amendment Five holds "No persons shall be... deprived of life, liberty, or property without due process of law." All of the foregoing means that any genuine criminal prosecution can only be initiated by a genuine criminal complaint supported by a verified oath affidavit of probable cause sworn or affirmed by an actual Natural Man/Woman injured party. If the initiation of an alleged criminal prosecution is lacking any of the foregoing elements in the above-stated particular order of procedure, then there are serious violations and infringements of Affiant's Natural and Human Rights to due process of International law, National law, and Local law, and there is no jurisdiction in personam nor in subject matter nor in territory for any alleged criminal prosecution. Even further, there can be no convening of a genuine grand jury to produce a genuine indictment without first having a genuine criminal complaint supported by a verified oath affidavit of probable cause sworn or affirmed by an actual Natural Man/Woman injured party. Any grand jury that is convened not based upon a verified criminal complaint supported by an affidavit of probable cause from an actual Natural Man/Woman injured party is a defective grand jury. And, any indictment produced from such defective grand jury is a defective indictment. In this instant matter, there is no evidence whatsoever of any criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual Natural Man/Woman injured party from the initiation of this alleged Federal

criminal prosecution against Affiant throughout currently present day, and Affiant knows that no such evidence exists. Therefore, in this instant matter, there is no in personam jurisdiction nor subject matter jurisdiction nor territorial jurisdiction and any alleged judgment and sentence based upon said defective indictment must be immediately vacated and set aside. Lack of jurisdiction may be attacked at any time from any court proceeding including without limitation this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal [see United States v. Frazier, 283 F.3d 1242, 1245 (11th Cir. 2002); Heflin v. United States, 352 U.S. 415-420 (1959); McKinney v. United States, 208 F.2d 844, 846, 847 (D.C. Cic. 1953); Juelich v. United States, 300 F.2d 381, 383 (5th Cir. 1962); Conners v. United States, 431 F.2d 1207, 1208 (9th Cir. 1970); Stump v. United States, 218 F. Supp. 279, 281 (E.D. N. Car. 1963); Banks v. United States, 319 F. Supp. 649, 652 (S.D. N.Y. 1970); Heier v. United States, 334 F.2d 441, 442 (10th Cir. 1964)].

14. A party may seek relief from a final judgment when there is fraud and/or mistake, and/or newly discovered evidence [see F.R.Civ.P. Rule 60(b); Broghner v. Secretary of Health, 572 F.2d 976 (3rd Cir. 1978); United States v. Hernandez, 158 F. Supp. 2d 388; Ross v. Meagan, 638 F.2d 646 (3rd Cir. 1991)]. Upon Affiant's assertions and showing herein that the court did engage in misconduct, fraud, and collusion, and this misconduct, fraud, and collusion did prevent Affiant from fully and fairly presenting an adequate, meaningful, reasonable, and effective defense, and from fully being afforded her due process of International law, National law, and Local law, the alleged judgment and sentence in this instant matter must be vacated and set aside [see F.R.Civ.P. Rule 60(b)(6); Stridiron v. Stridiron, 698 F.2d 204 (3rd Cir. 1983)]. The federal District Court is adequately vested with the power to enable them to vacate and set aside judgment and sentence

whenever such action is appropriate to accomplish justice [see F.R.Civ.P. Rule 60(b)(6); Klapprott v. United States, 335 U.S. 601 (1949); Cultec v. Holtgood, 280 F.3d 262 (3rd Cir. 2002)]. When it appears from the record of the proceedings upon which the alleged judgment and sentence is rendered that the alleged convicting court was without jurisdiction or authority to judge or sentence Affiant, Affiant may at any time from any court proceeding attack and contest the void (ab initio) judgment and sentence and her unlawful detainment and false imprisonment [see F.R.Civ.P. Rule 60(b)(6)].

15. Further, an Affiant unlawfully detained under one alleged conviction may file a § 2241 Modified (Addendum)(Annex) Affidavit For Habeas Corpus challenging an alleged State criminal prosecution that may be pending [see Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489 n.4 (1973) - petition filed by prisoner serving time in one State challenged constitutionality of judicial proceedings against him in another State where the demanding State had filed a detainer with Warden of prison in incarcerating State thereby making Warden of incarcerating State "agent" of demanding State]; [Leacock v. Henman, 996 F.2d 1069, 1071 at n.4 (10th Cir. 1993) - federal prisoner could challenge State and future sentence because State sentence was consecutive to current federal sentence and State lodged a detainer]; [see Dickerson v. Guste, 932 F.2d 1142, 1144 (5th Cir.), cert. denied, 502 U.S. 875 (1991) - detainer establishes custody by authority filing detainer]; [see Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398-401 (8th Cir. 1991) - detainer lodged by Missouri Parole Board with Minnesota prison gave board custody of Petitioner and gave Minnesota District Court jurisdiction to cure Missouri's board violation]; [see Parcette v. Lockhart, 927 F.2d 366, 366-67 (8th Cir. 1991) - Louisiana's detainer lodged with Arkansas prison where Petitioner was incarcerated

established custody by Louisiana]; [see United States ex rel. Meadows v. New York, 426 F. 2d 1176, 1179 (2d. Cir. 1970), cert. denied, 401 U.S. 941 (1971) - federal prisoner under State detainer may challenge State conviction]; [see Duarte v. Hurley, 43 F. Supp. 2d 504, 507-08 (D. N.J. 1999) - federal prisoner may challenge State incarceration "even though the State has not lodged a detainer against him"].

16. Affiant clearly restates here that already established is the fact that there is no evidence whatsoever of any criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual Natural Man/Woman injured party from the initiation of this alleged Federal criminal prosecution against Affiant throughout currently present day, and Affiant knows that no such evidence exists; and also established is the fact that any alleged indictment in the alleged Federal criminal prosecution against Affiant was produced from a defective grand jury so it is a defective indictment and there is no in personam jurisdiction nor subject matter jurisdiction nor territorial jurisdiction and any alleged judgment and sentence based upon said defective indictment must be vacated and set aside. But further, Affiant does hereby aver that there is no evidence whatsoever of any criminal complaint supported by a verified under oath affidavit of probable cause sworn or affirmed by an actual Natural Man/Woman injured party from the initiation of the alleged State (Leon County Florida) criminal prosecution against Affiant throughout currently present day, and Affiant knows that no such evidence exists. Therefore, in the alleged State (Leon County Florida) criminal prosecution there is no in personam jurisdiction nor subject matter jurisdiction nor territorial jurisdiction, and any alleged charges must be immediately dismissed with prejudice and any alleged judgment and sentence must be immediately vacated and set aside.

17. It is a conspiracy against Natural and Human rights if two or more persons conspire [i.e. fraud, collusion, agreement not to act, deliberate indifference, negligence] to injure, oppress, threaten, or intimidate Affiant in the free exercise or enjoyment of any Natural and Human right(s), privilege(s), and/or immunity(ies) secured to her by the Constitution or laws of the United States; or because of her exercise of the same; or to prevent or hinder her free exercise or enjoyment of any Natural and Human right(s), privilege(s), and/or immunity(ies) so secured [see 18 U.S.C. §§ 241, 242].

18. In fact, more than the aforementioned deprivation of rights under color of law and conspiracy against rights by fraud, collusion, agreement not to act, deliberate indifference, and negligence; herein is evidence for reasonable and probable cause to believe that Respondent(s) are engaged in a "pattern and/or practice of discrimination and deprivation and resistance" to the full enjoyment of such Natural and Human rights, privileges, and immunities secured and/or protected by the Constitution or laws of the United States causing Affiant, Affiant's Family, Affiant's Alien (Foreign) Government, Affiant's Alien (Foreign) Estate, and Affiant's Alien (Foreign) people(s) grievous harm, injury, and damages [see 42 U.S.C. §§ 1997a, 2000]. Even further, Respondent(s) are engaged by concerted and active participation in a pattern and/or practice of discrimination in the deprivation and denial of Natural and Human rights by deliberate indifference towards claims stated, noticed, filed, and recorded in redress for the deprivation and denial of Natural and Human rights; and by negligence in prosecuting claims stated, noticed, filed, and recorded; and by particularly selective discrimination against any people who claim Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association nationality and/or Moorish-American

nationality. More evidence of this is that Respondent(s) have placed the discriminatory, prejudicial, disparaging, and derogatory label of "Sovereign Citizen" upon Affiant, Affiant's Family, and Affiant's people, and Respondent(s) appropriate selective, malicious, and vindictive prosecution against Affiant, Affiant's Family, and Affiant's people for our resolutions in redress of grievances for deprivation and denial of our Natural and Human rights, privileges, and immunities. Respondent(s)' actions, fraud, collusion, deliberate indifference, and negligence, does constitute a willful and intentional Denial of Justice and Denial of Equality Before the Law [see 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§ 241, 242; Geneva Conventions; United Nations Declaration on the Rights of Indigenous Peoples (2007); United Nations Declaration of Independence to Colonial Countries and Peoples (1960); Universal Declaration of Human Rights (1948) and all annexes thereto; 18 U.S.C. §§ 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§ 1, 2; Rome Statute].

## Modified (Addendum)(Annex) Demand for Judgment Relief

19. Affiant respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon her body, her person, and Alien (Foreign) Estate corporeal and incorporeal pending appeal and certiorari as a matter of law. As aforementioned, Affiant has several Stay Applications with security bond before the District Court Middle Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court [see 28 U.S.C. § 2101(f),(e)]. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on her own Recognizance Bond pending appeal and certiorari as a

matter of law. Affiant has no adjudication of guilt for failure to appear, hiding, fleeing, flight, evading, or escape. Affiant is not a threat or a danger to the community or to any individual's life, liberty, health, safety, person, or property. Also, Affiant's appeal and certiorari are not for the purpose of delay and raise a substantial question of fact or law likely to result in a vacate and set aside of judgment and sentence, an acquittal and dismissal of all alleged charges, a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served in pretrial and postrial unlawful detainment and false imprisonment plus the expected duration of the appeal and certiorari process; and

20. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on her Personal Replevin Bond pending appeal and certiorari as a matter of law [see 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Bond Case #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287]. For all of the aformentioned reasons, Affiant has a Natural Equity right to and entitlement to, as a matter of law, immediate unconditional discharge on her Personal Replevin Bond pending appeal and certiorari; and

21. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law:

A. The term "Mainpernor" means a surety for a prisoner's appearance; one who gives mainprise for another — also termed mainpriser [see Black's Law Dictionary 8th Ed.];

B. The term "Mainprise" means (1) delivery of a prisoner to the mainpernor; (2) a suretyship undertaking that makes the surety responsible for a prisoner's appearance on a specified date and time; (3) a writ ordering the sheriff to release a prisoner after taking security for the prisoner's appearance; (4) to release a prisoner on the surety of a mainpernor [see BLD 8th Ed];

22. For all of the aforementioned reasons, Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on a Mainprise/ Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant does hereby nominate her Brother for Mainprise/Mainpernor Suretyship. Affiant's relation to her Brother is close and Affiant's Brother is a Retired U.S. Army Officer and current Supervisor/Major with GS4 Security. Affiant's Brother has life-long strong ties and good standing in the Jacksonville Florida community, and if discharged on Mainprise/Mainpernor Surety Bond to Affiant's Brother, he would ensure any return in the unlikely event of an unsuccessful appeal and certiorari; and

23. Affiant further respectfully seeks an order to vacate and set aside the void ab initio Federal judgment and sentence in this instant matter for lack of jurisdiction, defective indictment, violation and infringement of due process of International law, National law, and Local law; and

24. Affiant further respectfully seeks an order for acquittal and dismissal of all alleged charges, and to vacate and set aside any alleged judgment and sentence in the related State (Leon County Florida) matter for lack of jurisdiction, defective indictment/charging instrument, violation and infringement of due process of International law, National law, and Local law; and

25. Affiant further respectfully seeks an order granting an award for compensatory damages and punitive damages to compensate Affiant for grievous harm and irreparable injury by false imprisonment; compensation for three (3) years of out-of-pocket expenses related to false imprisonment; mental suffering related to false imprisonment; compensatory damages to vindicate Affiant's rights; and punitive damages for the wrongful acts of false imprisonment, fraud, collusion, agreement not to act, deliberate indifference, and negligence done maliciously and intentionally, plus reasonable costs and nominal fees for bringing this action [see Wilson v. Prasse, 325 F. Supp. 9 (W.D. Pa. 1971); Smith v. Wade, 461 U.S. 302 (1983) - $25,000 in compensatory damages and $5,000 punitive damages; Hensley v. Eckerhart, 457 U.S. 496 (1983) - reasonable costs and fees awarded was in excess of $137,000; Sostee v. McGinnis, 442 F.2d 178 (2d. Cic. 1971), 312 F. Supp. 863 (S.D.N.Y. 1971), cert. denied, 405 U.S. 978 (1972) - the court upheld $9,300 in compensatory damages at $25/per day against prison warden].

26)

## Claim for Damages - True Bill

| | | | | |
|---|---|---|---|---|
| $ 10,000 and/or imprisonment | 10 years | [ 42 U.S.C. §§ 1981-2000 et seq. / 18 U.S.C. § 241 ] | × 19 = $ 190,000 | 190 years and/or imprisonment |
| $ 1,000 and/or imprisonment | 1 year | [ 42 U.S.C. §§ 1981-2000 et seq. / 18 U.S.C. § 242 ] | × 19 = $ 19,000 | 19 years and/or imprisonment |

Sum Certain Total    =    $ 209,000 and/or 209 years Imprisonment

* * * * All Respondent(s) are jointly and severally liable for this Claim * * * *

27)

## Punitive Damages

| | | | | |
|---|---|---|---|---|
| $ 10,000 and/or imprisonment | 10 years | [ Chapter 7 / 18 U.S.C. § 112 ] | × 19 = $ 190,000 | 190 years and/or imprisonment |
| $ 1,000,000 and/or imprisonment | 20 years | [ 18 U.S.C. § 1091 ] | × 19 = $ 19,000,000 | 380 years and/or imprisonment |
| $ 10,000 and/or imprisonment | 10 years - Life | [ 18 U.S.C. § 1201 ] | × 19 = $ 190,000 | 190 years - Life and/or imprisonment |
| $ 1,000,000 and/or imprisonment | 30 years | [ 18 U.S.C. § 1341 ] | × 19 = $ 19,000,000 | 570 years and/or imprisonment |
| $ 5,000 and/or imprisonment | 20 years - Life | [ 18 U.S.C. § 1581 ] | × 19 = $ 95,000 | 380 years - Life and/or imprisonment |
| $ 5,000 and/or imprisonment | 20 years | [ 18 U.S.C. § 1583 ] | × 19 = $ 95,000 | 380 years and/or imprisonment |
| $ 5,000 and/or imprisonment | 7 years | [ 18 U.S.C. § 1585 ] | × 19 = $ 95,000 | 138 years and/or imprisonment |
| $ 2,000 and/or imprisonment | 2 years | [ 18 U.S.C. § 1586 ] | × 19 = $ 38,000 | 38 years and/or imprisonment |
| $ 10,000 and/or imprisonment | 20 years - Life | [ 18 U.S.C. § 1590 ] | × 19 = $ 190,000 | 380 years - Life and/or imprisonment |
| $ 10,000 and/or imprisonment | 5 years | [ 18 U.S.C. § 1592 ] | × 19 = $ 190,000 | 95 years and/or imprisonment |
| Mandatory Restitution | | [ 18 U.S.C. § 1593 ] | × 19 = Mandatory Restitution | |
| $ 10,000 and/or imprisonment | 20 years - Life | [ 18 U.S.C. § 1593A ] | × 19 = $ 190,000 | 380 years - Life and/or Imprisonment |
| $ 10,000 and/or imprisonment | 20 years - Life | [ 18 U.S.C. § 1594 ] | × 19 = $ 190,000 | 380 years - Life and/or imprisonment |
| Right to a Civil Action | | [ 18 U.S.C. § 1595 ] | × 19 = Right to a Civil Action | |
| $ 250,000 and/or imprisonment | 30 years | [ 18 U.S.C. § 1512 ] | × 19 = $ 4,750,000 | 570 years and/or imprisonment |
| $ 250,000 and/or imprisonment | 30 years | [ 18 U.S.C. § 1513 ] | × 19 = $ 4,750,000 | 570 years and/or imprisonment |
| $ 10,000 and imprisonment | LIFE | [ 18 U.S.C. § 1651 ] | × 19 = $ 190,000 | LIFE and imprisonment |
| $ 1,000,000 and/or imprisonment | 10 years | [ 15 U.S.C. § 1 ] | × 19 = $ 19,000,000 | 190 years and/or imprisonment |
| $ 1,000,000 and/or imprisonment | 10 years | [ 15 U.S.C. § 2 ] | × 19 = $ 19,000,000 | 190 years and/or imprisonment |

Punitive Damages Total = Up To ———→ $ 87,153,000 and/or    5021 years - Life (×5) PLUS LIFE IMPRISONMENT

28. The Sum Certain Claim for Damages-True Bill for this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal is Two Hundred Nine Thousand ($209,000.00) Dollars and 00/100 and/or Two Hundred Nine (209) years imprisonment. The Punitive Damages Total for this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal Up To Eighty-Seven Million One Hundred Fifty-Three Thousand ($87,153,000.00) Dollars and 00/100 and/or Five Thousand Twenty-One (5021) years to Life (x5) imprisonment PLUS LIFE IMPRISONMENT [18 U.S.C. §1651]. The Sum Certain Claim for Damages-True Bill and Punitive Damages Total is payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy. All Respondent(s) are jointly and severally liable for this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal.

29. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

30. If any portion of this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal is estopped, the remainig portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal that is found overdue and owing and remains unpaid to Affiant and Affiant's Alien (Foreign) Estate.

31. Respondent(s)' default to this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, consent, and conventio* to all the terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, corrections, protections, immunities, and true bills stated herein [see 42 U.S.C. § 1981].

32. NOTICE AND OPPORTUNITY: Respondent(s)' failure to timely and adequately rebut this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal point-for-point, with supporting documentary evidence to the contrary, verified under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, not exceeding twenty (20) days from the date of service [date of Clerk's file-stamp (see Mailbox Rule; Contract Under Seal)], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each Respondent(s) must file their answer or response with the court.

## Conclusion

33. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require. In Honor.

<u>Commercial Verification</u>

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the <u>Eighth</u> day of the <u>Twelft</u> month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437) [Gregorian Calendar Year (G.C.Y.) 2017- December, <u>8</u> ]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association [P.O. W.# 62013-018 - Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033 ]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W.# 61975-018 ]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle NE, Tallahassee, Florida 32301

<u>Certificate of Service</u>

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, <u>A</u>utochthonous <u>A</u>merican <u>M</u>oor <u>A</u>lien (Friend) <u>R</u>epublican <u>U</u>niversal Government [AAMARU] Religious Consul Association, competent Natural Man/Woman of majority, do certify and affirm that on or about the <u>Eighth</u> day of the <u>Twelfth</u> month of the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017-December, <u>8</u>], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Modified (Addendum)(Annex) Affidavit For Habeas Corpus Natural Equity Claim Contract Under Seal [26 pgs] x 4; and
2. Letter of Request For Service Upon Respondent(s) [4 pages (front and back)]; and
3. Civil Case Cover Sheet [1 page]; and
4. 5 Postal Money Order (mailed separately + already accepted by your office); and     POSTAL MONEY ORDER 19621930874   delivery confirmed Certified Mail 7016 3010 0000 7887 8301
5. Two (2) Self-Addressed Pre-paid Stamped Envelopes [envelopes [2]]   (for return of Affiant's + Mother's file-stamped copies of Habeas Corpus Affidavit).

All documents required for civil case filing and docketing are included and mailed to:
Clerk of Court
United States District Court Northern District of Florida Tallahassee Division
United States Courthouse Annex, 111 North Adams Street, 3rd floor
Tallahassee, Florida 32301
Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W.# 62013-018]-[Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, <u>A</u>utochthonous <u>A</u>merican Moor <u>A</u>lien (Friend)
<u>R</u>epublican <u>U</u>niversal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W.# 61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle NE, Tallahassee, Florida 32301
26 of 26