

- original -

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

Gillett, Taquan; Son, On Behalf of Mother:
Hephzibah, Syteria,
   In Propria Persona, Claimant, Affiant.

V.

Coil, Craig; personal private capacity,
Campbell, Joetta; personal private capacity,
Anderson, Irish; personal private capacity,
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
   Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Loesch, Sheryl; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,
                    Respondent(s).

Claim Number: 4:17-cv-00532-WS-CJK

7017 0530 0001 1315 0147

AFFIDAVIT FOR HABEAS CORPUS -
INTERROGATORIES (ADDENDUM)(ANNEX)

In accord with.

Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to
Colonial Countries and Peoples; General Assembly
Resolution 1514 (XV) of 14 December 1960

Hague Conventions

U.N. Declaration on the Rights of Indigenous Peoples (2007)

Madrid Convention for Protection in Morocco (1880)
codified at [18 U.S.C. Chapter 7 §112]

Treaty of Peace and Friendship (1787) and
United States for American Organic Constitution (1787)
Article One Section Nine and Amendments 1-10
codified at:

28 U.S.C. §§ 2241-2243, 2246 et seq.

42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986
1985, 1981, 1994, 1983, 1991, 2000

18 U.S.C. §§ 241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583,
1584, 1585, 1586, 1590, 1590A, 1593, 1593A, 1594, 1595, 1651

15 U.S.C. §§ 1, 2

F.R.Civ.P. 28(b), 33; 22 C.F.R. §§ 92.54, 92.66(a)

Rome Statute

" Natural Equity Claim "
CONTRACT UNDER SEAL

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLIABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of Majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court Personal Replevin Claim # 17-CA-2142/2144; CAVEAT # 17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287 ].


2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran ① Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), United states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit for Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration of Independence to Colonial Countries and Peoples (1960), United Nations Declaration on the Rights of Indigenous Peoples (2007), Hague Conventions and all annexes thereto, united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§2241-2243, 2246 et seq.; 18 U.S.C. Chapter 7 §112; 42 U.S.C. §§1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 18 U.S.C. §§241, 242, 1091, 1201, 1341, 1512, 1513, 1581, 1583, 1584, 1585, 1586, 1590, 1592, 1593, 1593A, 1594, 1595, 1651; 15 U.S.C. §§1, 2; Fed. R. Civ. P. 28(b), 33; 22 C.F.R. §§92.54, 92.66(a)].

## Interrogatories

4. Affidavits are accepted, filed, and admitted in this action, and as such, Affiant does exercise the right to propound written interrogatories [see Hague Conventions and all annexes thereto; 28 U.S.C. §2246; Fed. R. Civ. P. 28(b), 33; 22 C.F.R. §§92.54, 92.66(a)]. Affiant declares that she has no initial discovery disclosures to be made as this action is of a type listed as an exemption in accord with [Fed. R. Civ. P. 26(a)(1)(B)] [see Moffet v. Gonzales, 2015 U.S. LEXIS 32992, at *9 n.5 (N.D. Cal. Mar. 17, 2015); Hoffmann v. Hertz, 2015 U.S. Dist. LEXIS 46016, at *6 (S.D. Ill. Apr. 8, 2015)].

5. NOTICE AND OPPORTUNITY: Respondent(s)' failure to timely, adequately, and completely answer this Affidavit For Habeas Corpus — Interrogatories (Addendum) (Annex) Natural Equity Claim Contract Under Seal with supporting documentary evidence, under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, not exceeding twenty (20) days from the date of service [date of Clerk's file-stamp (see Mailbox Rule; Contract Under Seal)], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Affidavit For Habeas Corpus — Interrogatories (Addendum) (Annex) Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each of the Respondent(s) must file their answer or response with the court and they (answers or response) must be served on Affiant. Respondent(s)' default to this Affidavit For Habeas Corpus — Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal, does constitute all Respondent(s)' acceptance, agreement, consent, and conventio*, to all the terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills herein [see 42 U.S.C. §1981].

# Instructions

To: Respondent(s); personal private capacity(ies) (as listed in the Caption on Page 1)
From: Affiant; In Propria Persona proceeding in Sui Juris Capacity

6. Affiant respectfully requests that Respondent(s) answer all of the following interrogatories in writing and under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability as required by [28 U.S.C. § 2246 and Fed. R. Civ. P. Rule 33]. In accord with [Fed. R. Civ. P. Rule 33], a copy of Respondent(s)' written response(s) to these interrogatories must be filed with the court and served on Affiant at the mailing location listed below in this document;

A. These interrogatories are to be answered by Respondent(s) based upon all the information that is or may be available to Respondent(s), or any person, employee, agent, expert, accountant, or attorney/lawyer who has acted or is now acting on Respondent(s)' behalf, in Respondent(s)' personal private capacity(ies);

B. If, after a reasonable and thorough investigation, using due diligence, Respondent(s) are unable to answer any interrogatories, or any part of an interrogatory, on the grounds of lack of information available to Respondent(s), specify in full and complete detail why the information is not available to Respondent(s) and what has been done to locate such information. In addition, specify what knowledge or belief Respondent(s) have concerning the unanswered portion of any interrogatory and set forth the facts on which such knowledge or belief is based;

C. When an interrogatory does not specifically request a particular fact, but when that fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, Respondent(s) should include the fact or those facts as part of the answer. The interrogatory shall be deemed specifically to request whatever fact or facts are needed to make the response comprehensible without reference to any other matter;

D. If Respondent(s) claim any form of privilege with regard to any oral communication, document, or tangible thing, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion of an interrogatory, or for not voluntarily producing any tangible thing or document, set forth in your answers with particularity the name, date, address, occupation and title, and any oral communication or conversation, of the present custodian of any document or tangible thing and a description of each oral communication or conversation, document, or tangible thing (by subject matter or title) that is sufficient to identify the particular communication or conversation or tangible thing without revealing its content, but with sufficient detail to set out the lawful and factual basis for the application of the privilege claimed for that conversation, communication, document, or tangible thing;

E. When statements of factual information are requested, the requested information includes the identification of all formal and informal documentation that explains, clarifies, describes, or in any way relates to the requested statement of factual information;

F.  For the purposes of these interrogatories, whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and words importing the plural number include the singular, and words importing the masculine include the feminine;

G.  These interrogatories are continuing in nature and responses that Affiant later learns are inaccurate or incomplete are to be reasonably supplemented in accord with and as required by [Fed. R. Civ. P. Rule 26(e)].

<u>Definitions</u>

7.  The term "<u>Records</u>" or "<u>Documents</u>" refers to all recorded information or communications, whether written, recorded, or machine readable;

A.  The term "<u>Identify</u>" or "<u>Identity</u>" of a person refers to a person's full name, current or last known home address, business address, home/cellular telephone, and business/cellular telephone, and if employed by a Respondent(s), title or position;

B.  The term "<u>Identify</u>" or "<u>Identity</u>" a record or document refers to the title of the record or document, the identity of the author, the identity of the custodian, the location of the record or document, and the date of the record or document;

C. The term "to identify' evidence", in the instance of testimony, identify the individual witness(es) and describe the substance of the testimony; in the instance of a document or other tangible object, describe the object and its location with enough detail to determine the precise object and identify its custodian or identify the document, as previously defined;

D. The term "to 'describe' evidence," state the relevant contents or substance of the evidence; list the reasonable inferences Respondent(s) claim can be drawn from the evidence;

E. The term "Injury/Injured" means [1] the violation of another's legal right, for which the law provides a remedy; a wrong or injustice; [2] (Scots Law) anything said or done in breach of a duty not to do it, if harm results to another in person, character, or property; [3] any harm or damage; [see Restatement (Second) of Torts § 7];

F. The term "Harm" means injury, loss, damage; material or tangible detriment;

G. The term "Damage" means loss or injury to person or property;

H. The term "Loss" means the failure to maintain possession of a thing;

I. The term "Natural Man/Woman" means a human being, male or female; a living flesh and blood natural person or natural people;

J. The term "Party" means ① one who takes part in a transaction; ② one by or against whom a lawsuit is brought [see Corpus Juris Secundum (C.J.S.) Contracts § 363];

K. The term "Genuine" means ① (Of a thing) authentic or real; something that has the quality of what it is purported to be or to have < the Affiant questions whether the alleged evidence is genuine > ② (Of an instrument) free of forgery or counterfeiting;

L. The term "Address" means the physical location where Respondent(s) sleep, bathe/shower, store food, clothes, and other personal belongings and possessions, and where Respondent(s) generally inhabitate and carry-on functions of daily living; also, the place where mail and other communication is sent/accepted;

M. The term "Actual" means existing in fact; real.

### Personal Information

Interrogatory 1: State your full name, any and all other names that you have ever used or by which you have been known and describe the approximate periods, by date, when other names were used.
ANSWER:

Interrogatory 2: State the year and place of your birth.
ANSWER:

9 of 23

Interrogatory 3: State your present address.
ANSWER:

Interrogatory 4: State your present marital status (single, married, separated, widowed, divorced), and if married, state your wife's/husband's full name and present address.
ANSWER:

Genuineness of Allegation(s)/Charging Instrument(s)/Alleged Criminal Prosecution(s)
Interrogatory 5: Identify and describe in detail any Natural Man/Woman Actual Injured Party(ies) by full name, Injury(ies) by name/description, and the approximate period(s) by date and time of injury, and the exact means and/or method(s) by which said injury occurred regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:

Interrogatory 6: Identify and describe in detail, including without limitation approximate dates and times, any verified under Oath genuine Affidavit of Probable Cause sworn or affirmed by any above-identified and above-described Natural Man/ Woman Actual Injured Party regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:

Interrogatory 7: Identify and describe in detail, including without limitation approximate dates and times, any genuine Criminal Complaint supported by any above-identified and above-described verified under Oath genuine Affidavit of Probable Cause sworn or affirmed by any above-identified and above-described Natural Man/Woman Actual Injured Party regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:


Interrogatory 8: Identify and describe in detail, including without limitation approximate dates and times, any genuine Grand Jury that was convened based upon any above-identified and above-described genuine Criminal Complaint supported by any above-identified and above-described verified under Oath genuine Affidavit of Probable Cause sworn or affirmed by any above-identified and above-described Natural Man/Woman Actual Injured Party regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit.
ANSWER:


Interrogatory 9: Identify and describe in detail, including without limitation approximate dates and times, any genuine Indictment/Charging Instrument that was produced by any above-identified and above-described genuine Grand Jury that was convened based upon any above-identified and above-described genuine Criminal Complaint supported by any above-identified and above-described verified under Oath genuine Affidavit of Probable Cause sworn or affirmed by any above-identified and above-described Natural Man/Woman Actual Injured Party regarding the direct Federal and/or State alleged criminal matter(s) which is the subject of this lawsuit. ANSWER:

## Prior Complaints/Claims of Abusive Practices

Interrogatory 10: Identify and describe in detail each and every and any and all lawsuits, complaints, claims (insurance), Administrative Remedy, BP-228 [BP-8's], BP-229 [BP-9's], both formal and informal, written or oral, including without limitation the name and address of the Complainant/Claimant and approximate dates and times, brought against you and alleging/charging you with discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

ANSWER:


## Treatment of Prior Complaints/Claims of Abusive Practices

Interrogatory 11: Identify and describe in detail, including without limitation approximate dates and times, any actions taken by you, your Superior(s)/Supervisor(s), any investigative body or court, with respect to any of the above-identified and above-described complaint(s)/claim(s).

ANSWER:


Interrogatory 12: Identify and describe in detail any internal administrative procedures in existence, on or prior to November 27, 2017 [the filing date of this lawsuit], to investigate, prevent, or determine instances of abuses of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

ANSWER:

Interrogatory 13: Were any of the procedures identified and described in detail in Interrogatory 12 applied and/or employed in this instant matter? If so, state the results and identify and describe in detail all reports.
ANSWER:


Interrogatory 14: Identify and describe in detail, including without limitation approximate dates and times, all of the reasons that led you to believe that Affiant was violating International Law, National Law, and/or Local Law, to warrant an alleged criminal prosecution and/or unlawful detention/false imprisonment and/or discipline/restriction and/or constraint/restraint, and at what point you believed that you had probable cause to place Affiant into an alleged criminal prosecution and/or unlawful detention/false imprisonment and/or discipline/restriction and/or constraint/restraint.
ANSWER:


Interrogatory 15: Identify and describe in detail, including without limitation approximate dates and times, any investigation of your conduct regarding the subject matter of this instant matter on or before November 27, 2017, [the filing date of this lawsuit], conducted by your Superior(s)/Supervisor(s) and identify and describe in detail any reports relating to that investigation and detail any action that your Superior(s)/Supervisor(s) have taken as a result of any investigation.
ANSWER:

Interrogatory 16: Identify and describe in detail, including without limitation approximate dates and times, all documents and/or materials and/or general orders, and/or memoranda and/or circulars and/or policy/program statements and/or bulletins and/or manuals and/or applicable published guidance of any kind distributed, made available, or required to be read by you regarding abuses of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

ANSWER:

## Insurance Agreements

Interrogatory 17: Identify and describe in detail any bond(s) and/or insurance policy(ies)/agreement(s), including without limitation dates and times of coverage(s) and type of policy(ies)/agreement(s)/coverage(s) and name of insurer(s) and policy number(s), held by you on or before November 27, 2017, [the filing date of this lawsuit], that may be applied to satisfy part or all of any judgment that may be entered against you in this action for your personal liability for any negligence and/or abuse of authority and/or discrimination and/or deprivation and/or resistance to and/or violation of the full enjoyment of people's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities.

ANSWER:

Interrogatory 18: Identify and describe in detail, including without limitation approximate dates and times, the bonding or indemnity arrangement(s)/agreement(s) by which you are presumed to be held free from any liability in connection with any judgment based upon your conduct identified and described in Interrogatory 17 that occurs "under color of law" in the course of your employment.
ANSWER:


Interrogatory 19: Identify and describe in detail, including without limitation specific dates and times and hours and phone number(s) and email addresses and business addresses and home addresses, the exact location where the originals and/or true and correct copy(ies) of all bond(s) and/or insurance policy(ies)/ agreement(s)/coverage(s) identified and described in detail in Interrogatory 17 are available/accessible for inspection and copying and the most ideal method(s) and/or means to file and/or process a Claim/Judgment for payment.
ANSWER:


## Demand for Judgment Relief

8. Affiant respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon her body, her person, and Alien (Foreign) Estate corporeal and incorporeal, pending appeal and certiorari as a matter of law. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on her own Recognizance Bond pending appeal and certiorari as a matter of law; and

15 of 23

9. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on her Personal Replevin Bond pending appeal and certiorari as a matter of law [See 4th Judicial Circuit Duval County Florida Probate Court Personal Replevin Claim/Bond #17-CA-2142/2144; CAVEAT #17-CP-1020/1025; NOTICE OF TRUST #17-CP-1286/1287]. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on her Personal Replevin Bond pending appeal and certiorari as a matter of law; and

10. Affiant further respectfully seeks an order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's immediate unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law. Affiant has a Natural Equity right to and entitlement to immediate unconditional discharge on a Mainprise/Mainpernor Surety Bond pending appeal and certiorari as a matter of law; and

11. Affiant further respectfully seeks an order to vacate and set aside the void ab initio alleged Federal judgment and sentence in this instant matter for lack of jurisdiction, defective indictment, violation and infringement of Affiant's constitutionally protected Natural Right and Human Right to due process of International Law, National Law, and Local Law; and

12. Affiant further respectfully seeks an order for acquittal and dismissal of the void ab initio alleged State criminal prosecution/charges in this instant matter for lack of jurisdiction, defective indictment/charging instrument, violation and infringement of Affiant's constitutionally protected Natural Right and Human Right to due process of International Law, National Law, and Local Law; and

13. Affiant further respectfully seeks an order granting an award for compensatory damages and punitive damages to compensate for grievous harm and irreparable injury by false imprisonment; compensation for three (3) years of out-of-pocket expenses related to false imprisonment; mental suffering related to false imprisonment; compensatory damages to vindicate Affiant's Natural Rights and Human Rights; and punitive damages for the wrongful acts of false imprisonment, fraud, negligence, collusion, agreement not to act, abuse of authority / discretion, deliberate indifference, discrimination, deprivation, resistance to, and violation of the full enjoyment of Affiant's constitutionally protected Natural Rights, Human Rights, and/or Civil Rights, privileges, and/or immunities done maliciously and intentionally by Respondent(s); plus reasonable costs and nominal fees for bringing this action [see <u>Wilson v. Prasse</u>, 325 F. Supp. 9 (W.D. Pa, 1971); <u>Smith v. Wade</u>, 461 U.S. 302 (1983) - $25,000 in compensatory damages and $5,000 punitive damages; <u>Hensley v. Eckerhart</u>, 457 U.S. 496 (1983) - reasonable costs and fees awarded was in excess of $137,000; <u>Sostre v. McGinis</u>, 442 F. 2d 178 (2d. Cir, 1971), 312 F. Supp. 863 (S.D.N.Y. 1971), cert. denied, 405 U.S. 978 (1972) - the court upheld $9,300 in compensatory damages at $25/per day against prison warden ].

14)                    Claim for Damages - True Bill

$10,000 and/or imprisonment 10 years [42 U.S.C. §§ 1981-2000 et seq / 18 U.S.C. §241] ×19 = $190,000 and/or imprisonment 190 years

$1,000 and/or imprisonment 1 year [42 U.S.C. §§ 1981-2000 et seq / 18 U.S.C. §242] ×19 = $19,000 and/or imprisonment 19 years

Sum Certain Total    =    $209,000 and/or 209 years Imprisonment

* * * *  All Respondent(s) are jointly and severally liable for this Claim * * * *

15)                         Punitive Damages

$10,000 and/or imprisonment 10 years [Chapter 7 / 18 U.S.C. §112] ×19 = $ 190,000 and/or imprisonment 190 years

$1,000,000 and/or imprisonment 20 years [18 U.S.C. §1091] ×19 = $ 19,000,000 and/or imprisonment 380 years

$10,000 and/or imprisonment 10 years - Life [18 U.S.C. §1201] ×19 = $ 190,000 and/or imprisonment 190 years - Life

$1,000,000 and/or imprisonment 30 years [18 U.S.C. §1341] ×19 = $ 19,000,000 and/or imprisonment 570 years

$5,000 and/or imprisonment 20 years - Life [18 U.S.C. §1581] ×19 = $ 95,000 and/or imprisonment 380 years - Life

$5,000 and/or imprisonment 20 years [18 U.S.C. §1583] ×19 = $ 95,000 and/or imprisonment 380 years

$5,000 and/or imprisonment 7 years [18 U.S.C. §1585] ×19 = $ 95,000 and/or imprisonment 138 years

$2,000 and/or imprisonment 2 years [18 U.S.C. §1586] ×19 = $ 38,000 and/or imprisonment 38 years

$10,000 and/or imprisonment 20 years - Life [18 U.S.C. §1590] ×19 = $ 190,000 and/or imprisonment 380 years - Life

$10,000 and/or imprisonment 5 years [18 U.S.C. §1592] ×19 = $ 190,000 and/or imprisonment 95 years

Mandatory Restitution [18 U.S.C. §1593] ×19 = Mandatory Restitution

$10,000 and/or imprisonment 20 years - Life [18 U.S.C. §1593A] ×19 = $ 190,000 and/or imprisonment 380 years - Life

$10,000 and/or imprisonment 20 years - Life [18 U.S.C. §1594] ×19 = $ 190,000 and/or imprisonment 380 years - Life

Right to a Civil Action [18 U.S.C. §1595] ×19 = Right to a Civil Action

$250,000 and/or imprisonment 30 years [18 U.S.C. §1512] ×19 = $ 4,750,000 and/or imprisonment 570 years

$250,000 and/or imprisonment 30 years [18 U.S.C. §1513] ×19 = $ 4,750,000 and/or imprisonment 570 years

$10,000 and imprisonment LIFE [18 U.S.C. §1651] ×19 = $ 190,000 and imprisonment LIFE

$1,000,000 and/or imprisonment 10 years [15 U.S.C. §1] ×19 = $ 19,000,000 and/or imprisonment 190 years

$1,000,000 and/or imprisonment 10 years [15 U.S.C. §2] ×19 = $ 19,000,000 and/or imprisonment 190 years

Punitive Damages Total = $U_p T_o$ ⟶ $87,153,000 and/or PLUS LIFE IMPRISONMENT 5021 years - Life (×5)

* * * *  All Respondent(s) are jointly and severally liable for this Claim * * * *

18 of 23

16. The Sum Certain Claim for Damages - True Bill for this Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal is Two Hundred Nine Thousand ($209,000.00) Dollars and $\frac{00}{100}$ and/or Two Hundred Nine (209) years imprisonment. The Punitive Damages Total for this Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal is Up To Eighty-Seven Million One Hundred Fifty-Three Thousand ($87,153,000.00) Dollars and $\frac{00}{100}$ and/or Five Thousand Twenty-One (5021) years to Life (x5) Imprisonment PLUS LIFE IMPRISONMENT [see 18 U.S.C. §1651]. The Sum Certain Claim for Damages - True Bill and Punitive Damages Total are payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance policy(ies)/agreement(s)/coverage(s). All Respondent(s) are jointly and severally liable for this Affidavit For Habeas Corpus - Interrogatories (Addendum) (Annex) Natural Equity Claim Contract Under Seal.

17. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110.

18 If any portion of this Affidavit For Habeas Corpus-Interrogatories (Addendum) (Annex) Natural Equity Claim Contract Under Seal is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Affidavit For Habeas Corpus -Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal that is found overdue and oweing and remains unpaid to Affiant and Affiant's Alien (Foreign) Estate.

19. <u>NOTICE AND OPPORTUNITY</u> : <u>Respondent(s)' failure to timely, adequately, and completely answer this Affidavit For Habeas Corpus -Interrogatories (Addendum) (Annex) Natural Equity Claim Contract Under Seal with supporting documentary evidence, under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability within three (3) days, not exceeding twenty (20) days from the date of service [date of Clerk's file-stamp (see Mailbox Rule ; Contract Under Seal)], does constitute default. A judgment of default will then be entered against all Respondent(s) for the judgment relief demanded herein this Affidavit For Habeas Corpus Natural Equity -Interrogatories (Addendum(Annex) Natural Equity Claim Contract Under Seal regardless of what happens with or to any of the other Respondent(s). Each Respondent(s) must file their answer or response with the court and they (answers or responses) must be served on Affiant.</u>

20. Respondent(s)' default to this Affidavit For Habeas Corpus - Interrogatories (Addendum X Annex) Natural Equity Claim Contract Under Seal does constitute all Respondent(s)' acceptance, agreement, consent, and conventio[*], and confession of full liability and guilt in judgment[**], to all the interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated herein [see 42 U.S.C. §1981].

## Conclusion

21. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require.

In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the _Seventeenth_ day of the _Twelfth_ month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437) [Gregorian Calendar Year (G.C.Y.) 2017 - December, _17_ ]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend)

Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association [P.O.W.# 62013-018 - Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]

Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W.# 61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

## Certificate of Service

I, Taquan Guillett, also called Maelik Rahshe El; Son, OnBehalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man/Woman of majority, do certify and affirm that on or about the Seventeenth day of the Twelfth month in the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017-December, 17], the following documents were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) Natural Equity Claim Contract Under Seal [23 pages] x 4; and
2. LETTER ROGATORY: Letter of Request For Service Upon Respondent(s) [5 pages]; and
3. Two (2) Self-Addressed Prepaid Stamped Envelopes (for return of Affiant is a Mother's File-stamped copy of Habeas Corpus Interrogatories).
4. Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation [12 pages]

All documents are included and mailed to:

Clerk of Court
United States District Court for the Northern District of Florida Tallahassee Division
United States Courthouse Annex, 111 North Adams Street, 3rd Floor
Tallahassee, Florida 32301

Maelik Taquan Rahshe Guillett El, Autochthonous American Moor Alien Friend
Maelik Taquan Rahshe Guillett El; Son, OnBehalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301
23 of 23



Torquan Gullatt
(POLC # 62003-018)
Federal Correctional Complex USP 1
P.O. Box 1033
Coleman, Florida [33521-1033]

U.S. POSTAGE
COLEMAN, FL
33521
DEC 17
AMOUNT
$0.00
R2305H130354-09

32301

1000

Clerk of Court
United States District Court Northern Florida, Tallahassee Division
United States Courthouse, Annex
111 North Adams Street, 3rd Floor
Tallahassee, Florida [32301]

CHECKED

DEC 2 - 2017

CERTIFIED MAIL

7017 0530 0001 1335 0147