UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION
11th Circuit Appeal Number: _____

Gullett, Taquan; Son, On Behalf of Mother:
Hephzibah, Suteria,
  In Propria Persona, Claimant, Affiant.
V.
Coil, Craig; personal private capacity,
Campbell, Joetta; personal private capacity,
Anderson, Irish; personal private capacity,
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Loesch, Sheryl; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,
    Respondent(s).

Claim Number: 4:17-cv-00532-WS-CJK
7017 0530 0001 1315 0147

AFFIDAVIT OF MERITS
AS
NOTICE OF APPEAL
AND
OBJECTION TO REPORT AND RECOMMENDATION

In accord with:
Universal Declaration of Human Rights (1948)
United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960
Geneva Conventions, Hague Conventions, Inter-American Conventions, & all annexes thereto
U.N. Declaration on the Rights of Indigenous Peoples (2007)
Madrid Convention for Protection in Morocco (1880)
Treaty of Peace and Friendship (1787)
united states for America Organic Constitution (1787)
First Amendment Redress for Grievances

Rome Statute

" Natural Equity Claim "
CONTRACT UNDER SEAL

1 of 12

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST / TAQUAN GULLETT ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT / TAQUAN GULLETT ESTATE CAVEAT #'s 17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim / TAQUAN GULLETT ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran ⑦ Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation [of Kahn, Jr., Charles J.; personal private capacity] Natural Equity Claim Contract Under Seal against Respondent(s) in their private personal capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Rights of Indigenous Peoples (2007), United Nations Declaration of Independence to Colonial Countries and Peoples (1960), Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, Madrid Convention for Protection in Morocco (1880), Treaty of Peace and Friendship (1787), and united states for America Organic Constitution (1787) First Amendment Redress for Grievances.

<u>Notice of Appeal</u>

4. <u>TO ALL PARTIES TAKE NOTICE</u> that Appeal is taken by Affiant to the <u>Eleventh Circuit Court of Appeals</u> for the <u>Report and Recommendation</u> [of Kahn, Jr., Charles J.; personal private capacity] entered on or about the <u>8th</u> day of <u>December</u>, <u>2017</u>. As will be shown herein, Affiant does have adequate and complete standing as Son/Next-Friend to bring this action against Respondent(s) on behalf of his Mother: Syteria Hephzibah.

5. Certificate of Appealability (COA) requirement does not apply to §2241 actions [see <u>Jeffers v. Chandler</u>, 253 F. 3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001); <u>Sugarman v. Pitzer</u>, 170 F. 3d 1145, 1146 (D.C. Cir. 1999); <u>McIntosh v. United States Parole Comm'n</u>, 115 F. 3d 809, 810 n.1 (10th Cir. 1997); <u>Forde v. United States Parole Comm'n</u>, 114 F. 3d 878, 879 (9th Cir. 1997); <u>Ojo v. INS</u>, 106 F. 3d 680, 681-82 (5th Cir. 1997); <u>Cameron v. Thompson</u>, 106 F. 3d 413, 415 (10th Cir. 1997); ⟶

Bradshaw v. Story, 86 F. 3d 164, 166 (10th Cir. 1996); Gutierrez v. Perrill, 1996 U.S. App. LEXIS 33514, at *2 n.1 (10th Cir. 1996); Small v. Perrill, 1996 U.S. App. LEXIS 26277, at *2 n.1 (10th Cir. Oct. 4, 1996), cert. denied, 519 U.S. 1140 (1997).

Merits of "Next-Friend" Standing and Objection to Report and Recommendation

6. In accord with [Whitmore v. Arkansas], the first requirement for "Next-Friend" standing/jurisdiction is that the third-party Affiant must establish that he is proceeding in the unlawfully detained person's behalf and that Affiant is prepared to conduct litigation for the benefit of Syteria Hephzibah alone [see Whitmore v. Arkansas, 495 U.S. at 163 (1990) - next friend pursues the cause on behalf of the unlawfully detained person; id at 163-64, critical requirement is that the "next-friend" be truly dedicated to the best interests of the person on whose behalf he seeks to litigate][see Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975) - discussing guardian ad litem analogy]. Courts have alluded to a requirement of a "close personal relationship" or a "significant connection" between next-friend and the person unlawfully detained [see Davis v. Austin, 492 F. Supp. 273, 275, 276 (N.D. Ga. 1980) - close relatives, such as a parent, spouse, or sibling, who maintain a close personal relationship with the aggrieved; Whitmore v. Arkansas, 495 U.S. at 164 (1990)(citing Davis) noting that next-friend must have some significant relationship with the real party in interest; Gusman v. Marrero, 180 U.S. 81, 87 (1901) - connection "special enough to furnish a cause of action"].

7. Courts have widely held that a blood relationship between the Affiant and his Mother Syteria Hephzibah satisfies the requirement of a "close personal relationship" or a "significant connection" [see In re Heidnick, 112 F.3d 105, 105 n.1, 108 n.2 (3d. Cir. 1997) - granting next-friend status to daughter]. The courts' concern, therefore, for the "relationship and interest" of the would be next-friend calls for a determination that the third-party Affiant is likely to safeguard and advance the interests of Syteria Hephzibah, on whose behalf the action is brought [see Weber v. Garza, 570 F.2d at 513-14 (emphasis added); (In accord) United States ex rel. Bryant v. Houston, 273 F. at 917; Whitmore v. Arkansas, 495 U.S. at 163-164 (1990); In re Heidnick, 112 F.3d at 108 n.2 - next friend must be truly dedicated to the best interest of the person on whose behalf he or she seeks to litigate]. The third-party may establish such a likelihood by remonstrating either his/her close relationship to the unlawful detainee, or regardless of any relationship, his/her lack of interest in the outcome of the litigation that differs from the best interest of the unlawful detainee [see Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975 - permitting "next-friend" petition by codefendant who was clearly operating ... in the best interests" of person on whose behalf petition was filed].

8. Applying this standard, the courts have applied virtually a per se rule favoring next-friend petitions by [A] parents and children [see Munaf v. Geren, 553 U.S. 674, 682 (2008){Son}; Hamilton v. Texas, 497 U.S. 1016 (1990){Mother}; Demosthenes v. Baal, 495 U.S. 731 (1990){Parents}; Evans v. Bennett, 440 U.S. 1301 (1979){Mother}; Gilmore v. Utah, 429 U.S. 1012 (1976){Mother}; In re Heidnick, 112 F.3d at 105 n.1, 108 n.2 (3d. Cir. 1997){Daughter}; Amerson v. Iowa Dep't of Human Services, 59 F.3d at 105 92, 93 n.3 (8th Cir. 1995), cert. denied, 516 U.S. 1080 (1996){Mother}; Brewer v. Lewis, 989 F.2d 1021 (9th Cir. 1993){Mother}; →

Rumbaugh v. Procunier, 753 F.2d 395 (5th Cir.), cert. denied, 473 U.S. 919 (1985) {Parents}; Hays v. Murphy, 663 F.2d 1004, 1009 (10th Cir. 1981) {Mother}; Beavans v. Maggio, No. 81-3668 (5th Cir. Nov. 2, 1981) {Mother}; Davis v. Austin, 492 F.Supp. at 276 n.1 (N.D. Ga. 1980) {Mother}; United States ex rel. Kick v. Kirkpatrick, 330 F.Supp. 821, 822 & n.1 (E.D. Pa. 1971) {Father}; Ex parte Dostal, 243 F. 664, 668 (N.D. Ohio 1917) {Parent}; In re Keeler, 14 F. Cas. 173, 174 (D. Ark. 1843) {Father}], [B] siblings and even siblings in law [see Lonchar v. Thomas, 58 F.3d 588 (11th Cir. 1995) {Brother}], [C] and legal guardians [see Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949 (M.D. Tenn. 1984) {Guardian Ad Litem}]. So close a blood, legal, or ethically bound professional relationship leaves little room for doubt concerning the third-party Affiant's concern for his Mother Syteria Hephzibah, the real party in interest [see 39 Am. Jur. 2d, Habeas Corpus §117 (1968 + Supp); 39A C.J.S.; Habeas Corpus §163 (1976 + Supp.)].

9. Affiant does clearly state, declare, and affirm, for the record, that he is truly dedicated to the best interests of his Mother Syteria Hephzibah; Affiant maintains a close personal relationship and significant connection with his Mother Syteria Hephzibah; Affiant's blood relationship with his Mother Syteria Hephzibah is special enough to furnish a cause of action; Affiant is more than likely to safeguard and advance the interests of his Mother Syteria Hephzibah; and Affiant has no interest in the outcome of this action that does not differ from the best interests of his Mother Syteria Hephzibah alone. Further, Affiant's Mother Syteria Hephzibah has expressly consented and authorized Affiant to act in, safeguard, and advance her best interests by appointing Affiant as her Personal Representative, and Affiant did expressly accept such appointment [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST #'s

17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT #17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim #17-CA-2142/2144]. There is ample authority stated to justify each of the foregoing reasons individually; therefore, the totality of all of these reasons in combination are more than adequate to satisfy the first requirement to establish "Next-Friend" standing/jurisdiction.

10. The term "Personal Representative" means one who stands for or acts on behalf of another and manages the affairs for another [see C.J.S. Executors and Administrators §§ 17-32, 34-49; C.J.S. Agency §§ 2, 4-6, 23, 25-27, 33, 38-40, 58]. The term "Guardian Ad Litem" means a guardian appointed in a lawsuit on behalf of a party; a Special Advocate; a Next-Friend; a non-lawyer may serve as a Guardian Ad Litem, Special Advocate, or Next-Friend [see Homer H. Clarke, Jr. & Ann Laquer Estin, Domestic Relations: Causes and Problems 1078 (6th ed. 2000)]

11. In accord with [Whitmore v. Arkansas], the second requirement to establish "Next-Friend" standing/jurisdiction is that there be some reason why the third-party Affiant is better placed than his Mother Syteria Hephzibah to bring the lawsuit and control its prosecution [see Demosthenes v. Baal, 495 U.S. 731, 733 (1990)]. To establish jurisdiction, next-friend Affiant's must "provide an adequate explanation of why the unlawful detainee could not appear on her own behalf to prosecute the action]. In addition to Syteria Hephzibah appointing and authorizing Affiant to [restrictedly] appear and proceed on her behalf, the courts have recognized a number of reasons why a third-party Affiant is better placed to proceed than his unlawfully detained Mother [see United States ex rel. Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)]. These reasons include A the unlawful detainees age [see Whitmore v. Arkansas, 495 U.S. 149, 163 n.4 (1990); United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1126 n.8 (2d Cir. 1974),

cert. denied, 421 U.S. 921 (1975); United States ex rel. Kirk v. Kirkpatrick, 330 F. Supp. 821, 822 + n.1 (E.D. Pa. 1971); Ex parte Dostal, 243 F. 664, 668 (N.D. Ohio 1971); United States ex rel. Funaro v. Watchorn, 164 F. 152, 153 (C.C.S.D.N.Y. 1908)], [B] language difficulties [see United States ex rel. Bryant v. Houston, 273 F. at 916 (2d. Cir. 1921)]; [C] poor education [see United States ex rel. Sero v. Preiser, 506 F.2d at 126]; [D] inability to act with the dispatch necessary to file the necessary papers [see Collins v. Traeger, 27 F.2d 842, 843 (9th Cir. 1928); United States ex rel. Funaro v. Watchorn, 164 F. at 153 (C.C.S.D.N.Y. 1908); Morris v. United States, 399 F. Supp. at 722 (E.D. Va. 1975)]; [E] susceptibility to duress or other conditions [see Smith v. Armontrout, 812 F.2d at 1054, 1058-59; Groseclose ex rel. Harries v. Dutton, 594 F. Supp. 949, 961 (M.D. Tenn. 1980); Gilmore v. Utah, 429 U.S. 1012 at 1017 (1976)]; [F] and simply the fact that the unlawful detainee is incarcerated and for that reason (especially if not represented by counsel) is less capable of effectively prosecuting a lawsuit [see Whitmore v. Arkansas, 495 U.S. at 165; Hacklin v. State, 427 P.2d 910, 911 (Ariz. 1967), 389 U.S. 143 (1967)].

12. Affiant does clearly state, declare, and affirm, for the record, that his Mother Syteria Hephzibah could not [restrictedly] appear on her own behalf to prosecute this action due to her age, language difficulties, poor education, inability to act with the dispatch necessary to file the necessary papers, susceptibility to duress or other conditions, and the fact that she is unlawfully detained/incarcerated and therefore less capable of effectively prosecuting this lawsuit, and due to these reasons Affiant is better placed than his Mother Syteria Hephzibah to bring this lawsuit and control its prosecution. There is ample authority stated to justify each of the foregoing reasons individually, therefore, the totality of all of these reasons in combination are more than adequate to satisfy the second requirement to establish "Next-Friend" standing/jurisdiction.

## Conclusion of Merits

13. Wherefor, Affiant does clearly state, declare, and affirm, for the record, that all of the foregoing is ample merit, evidence, and authority, for Affiant to bring and proceed in this Habeas Corpus action and control its prosecution as Son/Personal Representative/Guardian Ad Litem/Special Advocate/Next-Friend; On Behalf of Mother: Syteria Hephzibah.   In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the <u>Seventeenth</u> day of the <u>Twelfth</u> month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437) [Gregorian Calendar Year (G.C.Y.) 2017 - December, <u>17</u>]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018-Federal Correctional Complex, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

10 of 12

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

## Certificate of Service

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man/Woman of majority, do certify and affirm that on or about the <u>Seventeenth</u> day of the <u>Twelfth</u> month in the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (1437) [G.C.Y. 2017-December, <u>17</u>], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation [of Kahn, Jr., Charles J.; personal private capacity] Natural Equity Claim Contract Under Seal [12 pages].

All document(s) are included to:

A. Clerk of Court, U.S. D.C. Northern Florida Tallahassee Division, Attn: Kahn, Jr., Charles J.; personal private capacity, 111 North Adams Street, 3rd Floor, Tallahassee, Florida 32301

B. David J. Smith, Clerk of Court, Eleventh Circuit Court of Appeals, 56 Forsyth Street, N.W., Atlanta, Georgia 30303

Notice of Appeal to all Parties:
C. Coil, Craig; 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
D. Campbell, Joetta; 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
E. Dempsey, Angela Cote; 301 S. Monroe Street, Tallahassee, Florida 32301
F. Hassler, Sara; 301 S. Monroe Street, Tallahassee, Florida 32301
G. Marshall, Gwen; 301 S. Monroe Street, Tallahassee, Florida 32301
H. Watson, Kim Lee; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
I. Haskett, James; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

J. Sheridan, Patrick; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
K. Loesch, Sheryl; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
L. Hammer, Michael; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
M. Knox, Penelope; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
N. Anderson, Irish; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
O. Donar, Cedric; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
P. Corsmeier, Arnold B.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
Q. Muldrow, W. Stephen; 801 North Florida Avenue, 2nd Floor, Tampa, Florida 33602
R. Richardson, Monte C.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
S. Klindt, James R.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
T. Corrigan, Timothy J.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
U. Howard, Marcia Morales; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

Maalik Taquan Rahshe Gullett El, Autochthonous Amica Moor Alien Friend
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMAEU Religious Consul Association
[P.O.W. #62013-018 – Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Systeria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMAEU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

12 of 12



Taquan Gillett
(P.O.W. #60078-018)
Federal Correctional Complex USP a
P.O. Box 1033
Coleman, Florida [33521-1033]

Clerk of Court
United States District Court Northern Florida Tallahassee Division
United States Courthouse Annex
111 North Adams Street, 3rd Floor
Tallahassee, Florida [32301]

CHECKED DEC - 2 2017

CERTIFIED MAIL

7017 0530 0001 1315 0147