# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TAQUAN GULLETT,

      VS                         USDC NO. 4:17-cv-00532-WS-CJK
                                    USCA NO. _____

CRAIG COIL, et al.,

## TRANSMITTAL OF NOTICE OF APPEAL

      The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
There was no hearing from which a transcript could be made.
Judge/Magistrate Judge appealed from: William Stafford
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                                  JESSICA J. LYUBLANOVITS,
                                  CLERK OF COURT

                                  By: Tiffinie Larkins
                                  Deputy Clerk
                                  111 North Adams Street
January 5, 2018                    Tallahassee, Florida 32301

**Query**     **Reports**     **Utilities**     **Help**     **Log Out**

CLOSED,APPEAL,HABEAS,R&R

# U.S. District Court
# Northern District of Florida (Tallahassee)
# CIVIL DOCKET FOR CASE #: 4:17-cv-00532-WS-CJK

GULLETT v. COIL et al                          Date Filed: 11/28/2017
Assigned to: SENIOR JUDGE WILLIAM STAFFORD          Date Terminated: 01/02/2018
Referred to: MAGISTRATE JUDGE CHARLES J KAHN, JR    Jury Demand: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa    Nature of Suit: 530 Habeas Corpus
                                               (General)
                                               Jurisdiction: Federal Question

**Petitioner**

**TAQUAN GULLETT**          represented by   **TAQUAN GULLETT**
                                            62013-018
                                            FEDERAL CORRECTIONAL
                                            COMPLEX
                                            PO BOX 1033
                                            COLEMAN, FL 33521-1033
                                            PRO SE

V.
**Respondent**

**CRAIG COIL**

**Respondent**

**JOETTA CAMPBELL**

**Respondent**

**IRISH ANDERSON**

**Respondent**

**CEDRIC DONAR**

**Respondent**

**ANGELA COTE DEMPSEY**

**Respondent**

**SARA HASSLER**

**Respondent**

**GWEN MARSHALL**

Respondent

**KIM LEE WATSON**

Respondent

**JAMES HASKETT**

Respondent

**PATRICK SHERIDAN**

Respondent

**SHERYL LOESCH**

Respondent

**MICHAEL HAMMER**

Respondent

**PENELOPE KNOX**

Respondent

**ARNOLD B CORSMEIER**

Respondent

**M STEPHEN MULDROW**

Respondent

**MONTE C RICHARDSON**

Respondent

**JAMES R KLINDT**

Respondent

**TIMOTHY J CORRIGAN**

Respondent

**MARCIA MORALES HOWARD**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/28/2017 | 1 | PETITION for Writ of Habeas Corpus, filed by TAQUAN GULLETT. (not on court form) (filing fee paid, Receipt #FLN4-32851) (Attachments: # 1 Request to Serve Respondents) (djb) (Entered: 12/05/2017) |
| 12/05/2017 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE CHARLES J KAHN, JR notified that action is needed Re: 1 Petition for Writ |

| | | |
|---|---|---|
| | | of Habeas Corpus. (djb) (Entered: 12/05/2017) |
| 12/05/2017 | 3 | Habeas Filing fee: $ 5.00, receipt number FLN4-32912. (djb) (Entered: 12/06/2017) |
| 12/06/2017 | 2 | Notice to Pro Se (djb) (Entered: 12/06/2017) |
| 12/08/2017 | 4 | REPORT AND RECOMMENDATION: That the 1 Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction. That the clerk be directed to close the file. Signed by MAGISTRATE JUDGE CHARLES J KAHN, JR on 12/8/2017. Internal deadline for referral to district judge if objections are not filed earlier: 1/5/2018. (djb) (Entered: 12/11/2017) |
| 12/08/2017 | 5 | FINANCIAL REFERRAL AND ORDER - It is ORDERED this 8th day of December, 2017, that the Clerk refund the identified funds to the payee. Signed by MAGISTRATE JUDGE CHARLES J KAHN, JR on 17-532. (djb) (Entered: 12/11/2017) |
| 12/13/2017 | 6 | MODIFIED ADDENDUM by TAQUAN GULLETT. (Attachments: # 1 Request to Serve Respondents) (djb) (Entered: 12/14/2017) |
| 12/14/2017 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE CHARLES J KAHN, JR notified that action is needed Re: 6 Modified Addendum. (djb) (Entered: 12/14/2017) |
| 12/21/2017 | 7 | AFFIDAVIT for Habeas Corpus 1 Interrogatories (Addendum) (Annex), by TAQUAN GULLETT. (Attachments: # 1 Letter Rogatory - Letter of Request To Serve Respondents) (MB) (Entered: 12/26/2017) |
| 12/21/2017 | 8 | OBJECTION to 4 Report and Recommendations, (titled, "Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation"), by TAQUAN GULLETT. (MB) (Entered: 12/26/2017) |
| 12/27/2017 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of SENIOR JUDGE WILLIAM STAFFORD notified that action is needed Re: 4 REPORT AND RECOMMENDATION, 8 Objection to Report and Recommendations (djb) (Entered: 12/27/2017) |
| 01/02/2018 | 9 | ORDER ADOPTING MAGISTRATE JUDGE'S 4 REPORT AND RECOMMENDATION - The petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1 ) is DISMISSED for lack of jurisdiction. The clerk shall enter judgment stating: "Taquan Gullett's petition for writ of habeas corpus is dismissed for lack of jurisdiction." Signed by SENIOR JUDGE WILLIAM STAFFORD on 1/2/2018. (tdl) (Entered: 01/03/2018) |
| 01/02/2018 | 10 | CLERK'S JUDGMENT, entered pursuant to 9 Order. (tdl) (Entered: 01/03/2018) |
| 01/02/2018 | 11 | AFFIDAVIT OF INFORMATION AS LETTER ROGATORY AND AS REPORT AND REFERRAL OF CHARGES TO ATTORNEY GENERAL & ALL CONSTITUTIONAL AUTHORITIES by TAQUAN GULLETT. (tdl) (Entered: 01/05/2018) |
| 01/04/2018 | | **ENTERED IN ERROR**Set Deadlines as to 25 Order: Notice Appearance or Motion to Change Venue on 3/5/2018. (tdl) Modified on 1/5/2018 (tdl). (Entered: 01/04/2018) |

| 01/05/2018 | 12 | NOTICE OF APPEAL as to 10 Clerk's Judgment, 9 Order Adopting Report and Recommendation, 4 Report and Recommendation by TAQUAN GULLETT. (Electronic of Availability of ROA due by **3/5/2018**.) (tdl) (Entered: 01/05/2018) |
| 01/05/2018 | 13 | Appeal Instructions re: 12 Notice of Appeal : The Transcript Request Form is available on the Internet at http://www.flnd.uscourts.gov/forms/Attorney/ECCA_transcript_form_fillable.pdf **PLEASE NOTE** Separate forms must be filed for each court reporter. (tdl) (Entered: 01/05/2018) |

## PACER Service Center

### Transaction Receipt

01/05/2018 14:46:03

| PACER Login: | fn1434 | Client Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 4:17-cv-00532-WS-CJK |
| Billable Pages: | 3 | Cost: | 0.30 |
| Exempt flag: | Exempt | Exempt reason: | Always |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAQUAN GULLETT,
as Next Friend of Syteria Hephzibah,

     Petitioner,

v.                                    Case No.  4:17cv532/WS/CJK

CRAIG COIL, et al.,

     Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Taquan Gullett on behalf of his mother Syteria Hephzibah.  (Doc. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition should be summarily dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner Gullett is a federal inmate currently confined at the Federal Correctional Complex in Coleman, Florida.  Gullett challenges, on due process and other grounds, Syteria Hephzibah's incarceration upon the revocation of her

supervised release.  (Doc. 1, pp. 9-27).   Syteria Hephzibah is incarcerated at the Federal Correctional Institution in Tallahassee, Florida, serving a 20-month sentence imposed by the United States District Court for the Middle District of Florida on August 30, 2017, for violating her supervised release.  (Doc. 1, p. 13; *see also United States of America v. Syteria Hephzibah*, Middle District Case No. 3:15cr16-MMH-JRK, Doc. 273 (Judgment in a Criminal Case for Revocation of Supervised Release)).

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."  *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).  *Whitmore* addressed the requirements for "next friend" standing in a habeas corpus case, which is what Gullett seeks here:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.  Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing.  First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.  The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id*. at 163-164 (citations omitted).

Gullett's allegations fall far short of establishing standing, as he makes no showing that Ms. Hephzibah cannot appear on her own behalf to prosecute a challenge to her incarceration.  In fact, the docket of Ms. Hephzibah's criminal case establishes that she actively represented herself in her criminal case assisted by standby counsel, and that she is presently pursuing an appeal from the Judgment of Revocation of Supervised Release.  *See* Middle District Case No. 3:15cr16, Docs. 274, 280; *see also* Eleventh Circuit Case No. 17-14058-B.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED for lack of jurisdiction.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of December, 2017.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAQUAN GULLETT, as Next
Friend of Syteria Hephzibah,

     Petitioner,

v.                                                          4:17cv532-WS/CJK

CRAIG COIL, et al.,

     Respondents.

_____

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

     Before the court is the magistrate judge's report and recommendation (doc. 4) docketed December 8, 2017. The magistrate judge recommends that the petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction. The petitioner has filed objections (doc. 8) to the report and recommendation.

     The court having reviewed the magistrate judge's report and recommendation in light of the petitioner's objections, it is ORDERED:

1. The magistrate judge's report and recommendation is ADOPTED and incorporated by reference into this order of the court.

2. The petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is DISMISSED for lack of jurisdiction.

3. The clerk shall enter judgment stating: "Taquan Gullett's petition for writ of habeas corpus is dismissed for lack of jurisdiction."

DONE AND ORDERED this ___2nd___ day of ___January___, 2018.


s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TAQUAN GULLETT,

     VS                           CASE NO.  4:17cv532-WS/CJK

CRAIG COIL, et al.,

## JUDGMENT

Taquan Gullett's petition for writ of habeas corpus is dismissed for lack of jurisdiction.


                                  JESSICA J. LYUBLANOVITS
                                  CLERK OF COURT


 January 2, 2018                  s/Tiffinie Larkins
DATE                           Deputy Clerk: Tiffinie Larkins

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION
11ᵗʰ Circuit Appeal Number _____

Gullett, Taquan's Son, On Behalf of Mother:
Hephzibah, Suteria,
   In Propria Persona, Claimant, Affiant.

V.

Coil, Craig; personal private capacity,
Campbell, Joetta, personal private capacity,
Anderson, Irish; personal private capacity,
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Loesch, Sheryl; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,
                                    Respondent(s).

Claim Number: 4:17-cv-00532-WS-CJK
          7017  0530  0001  1315  0147

AFFIDAVIT OF MERITS
AS
NOTICE OF APPEAL
AND
OBJECTION TO REPORT AND RECOMMENDATION

In accord with:

Universal Declaration of Human Rights (1948)

United Nations Declaration of Independence to
Colonial Countries and Peoples; General Assembly
Resolution 1514 (XV) d'14 December 1960

Geneva Conventions, Hague Conventions,
Inter-American Conventions, & all annexes thereto

U.N. Declaration on the Rights of Indigenous Peoples (2007)

Madrid Convention for Protection in Morocco (1880)

Treaty of Peace and Friendship (1787)

United States for America Organic Constitution (1787)
First Amendment Redress for Grievances

Rome Statute

" Natural Equity Claim "
CONTRACT UNDER SEAL

1 of 12

Filed DEC 21 '17 USDC-FLN TLH

NOTICE TO AGENT IS NOTICE TO PRINCIPAL/ NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST / TAQUAN GULLETT ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT / TAQUAN GULLETT ESTATE CAVEAT #'s 17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim/ TAQUAN GULLETT ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran ⑦ Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

2 of 12

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation [of Kahn, Jr., Charles J.; personal private capacity] Natural Equity Claim Contract Under Seal against Respondent(s) in their private personal capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Rights of Indigenous Peoples (2007), United Nations Declaration of Independence to Colonial Countries and Peoples (1960), Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, Madrid Convention for Protection in Morocco (1880), Treaty of Peace and Friendship (1787), and united states for America Organic Constitution (1787) First Amendment Redress for Grievances.

<u>Notice of Appeal</u>

4. <u>TO ALL PARTIES TAKE NOTICE</u> that Appeal is taken by Affiant to the <u>Eleventh Circuit Court of Appeals</u> for the <u>Report and Recommendation</u> [of Kahn, Jr., Charles J.; personal private capacity] entered on or about the <u>8th day of December</u>, <u>2017</u>. As will be shown herein, Affiant does have adequate and complete standing as Son/ Next-Friend to bring this action against Respondent(s) on behalf of his Mother: Syteria Hephzibah.

5. Certificate of Appealability (COA) requirement does not apply to §2241 actions [See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001); <u>Sugarman v. Pitzer</u>, 170 F.3d 1145, 1146 (D.C. Cir. 1999); <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 810 n.1 (10th Cir. 1997); <u>Forde v. United States Parole Comm'n</u>, 114 F.3d 878, 879 (9th Cir. 1997); <u>Djie v. INS</u>, 106 F.3d 680, 681-82 (5th Cir. 1997); <u>Cameron v. Thompson</u>, 106 F.3d 413, 415 (10th Cir. 1997); ⎯⎯⎯⎯→

Bradshaw v. Story, 86 F. 3d 164, 166 (10th Cir. 1996); Gutierrez v. Percill, 1996 U.S. App. LEXIS 33514, at *2 n.1 (10th Cir. 1996); Small v. Percill, 1996 U.S. App. LEXIS 26277, at *2 n.1 (10th Cir. Oct. 4, 1996), cert. denied, 519 U.S. 1140 (1997).

Merits of "Next-Friend" Standing and Objection to Report and Recommendation

6. In accord with [Whitmore v. Arkansas], the first requirement for "Next-Friend" standing/jurisdiction is that the third-party Affiant must establish that he is proceeding in the unlawfully detained person's behalf and that Affiant is prepared to conduct litigation for the benefit of Syteria Hephzibah alone [see Whitmore v. Arkansas, 495 U.S. at 163 (1990) - next friend pursues the cause on behalf of the unlawfully detained person; id at 163-64, critical requirement is that the "next-friend" be truly dedicated to the best interests of the person on whose behalf he seeks to litigate ][see Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975) - discussing guardian ad litem analogy ]. Courts have alluded to a requirement of a "close personal relationship" or a "significant connection" between next-friend and the person unlawfully detained [see Davis v. Austin, 492 F. Supp. 273, 275, 276 (N.D. Ga. 1980) - close relatives, such as a parent, spouse, or sibling, who maintain a close personal relationship with the aggrieved; Whitmore v. Arkansas, 495 U.S. at 164 (1990) (citing Davis) noting that next-friend must have some significant relationship with the real party in interest; Gusman v. Marrero, 180 U.S. 81, 87 (1901) - connection "special enough to furnish a cause of action" ].

7. Courts have widely held that a blood relationship between the Affiant and his Mother Syteria Hephzibah satisfies the requirement of a "close personal relationship" or a "significant connection" [see In re Heidnick, 112 F.3d 105, 105 n.1, 108 n.2 (3d. Cir. 1997) - granting next-friend status to daughter]. The courts' concern, therefore, for the "relationship and interest" of the would be next-friend calls for a determination that the third-party Affiant is likely to safeguard and advance the interests of Syteria Hephzibah, on whose behalf the action is brought [see Weber v. Garza, 570 F.2d at 513-14 (emphasis added); (In accord) United States ex rel. Bryant v. Houston, 273 F. at 917; Whitmore v. Arkansas, 495 U.S. at 163-164 (1990); In re Heidnick, 112 F.3d at 108 n.2 - next friend must be truly dedicated to the best interest of the person on whose behalf he or she seeks to litigate]. The third-party may establish such a likelihood by remonstrating either his/her close relationship to the unlawful detainee, or regardless of any relationship, his/her lack of interest in the outcome of the litigation that differs from the best interest of the unlawful detainee [see Morris v. United States, 399 F.Supp. 720, 722 (E.D. Va. 1975 - permitting "next-friend" petition by codefendant who was clearly operating ... in the best interests" of person on whose behalf petition was filed].

8. Applying this standard, the courts have applied virtually a per se rule favoring next-friend petitions by [A] parents and children [see Munaf v. Geren, 553 U.S. 674, 682 (2008) {Son}; Hamilton v. Texas, 497 U.S. 1016 (1990) {Mother}; Demosthenes v. Baal, 495 U.S. 731 (1990) {Parents}; Evans v. Bennett, 440 U.S. 1301 (1979){Mother}; Gilmore v. Utah, 429 U.S. 1012 (1976) {Mother}; In re Heidnick, 112 F.3d at 105 n.1, 108 n.2 (3d. Cir. 1997){Daughter}; Amerson v. Iowa Dep't of Human Services, 59 F.3d at 105 92, 93 n.3 (8th Cir. 1995), cert. denied, 516 U.S. 1080 (1996) {Mother}; Brewer v. Lewis, 989 F.2d 1021 (9th Cir. 1993) {Mother};

Rumbaugh v. Procunier, 753 F. 2d 395 (5ᵗʰ Cir.), cert. denied, 473 U.S. 919 (1985) {Parents};
Hays v. Murphy, 663 F. 2d 1004, 1009 (10ᵗʰ Cir. 1981) {Mother}; Beavans v. Maggio,
No. 81-3668 (5ᵗʰ Cir. Nov. 2, 1981) {Mother}; Davis v. Austin, 492 F. Supp. at 276 n.1
(N.D. Ga. 1980) {Mother}; United States ex rel. Kick v. Kirkpatrick, 330 F. Supp. 821,
822 n.1 (E.D. Pa. 1971) {Fathers}; Ex parte Dostal, 243 F. 664, 668 (N.D. Ohio 1917)
{Parent}; In re Keeler, 14 F. Cas. 173, 174 (D. Ark. 1843) {Father}, [B] siblings and
even siblings in law [see Lonchar v. Thomas, 58 F. 3d 588 (11ᵗʰ Cir. 1995) {Brother}],
[C] and legal guardians [see Groseclose ex rel. Harries v. Dutton, 594 F. Supp. 949
(M.D. Tenn. 1984) {Guardian Ad Litem}]. So close a blood, legal, or ethically bound
professional relationship leaves little room for doubt concerning the third-party
Affiant's concern for his Mother Syteria Hephzibah, the real party in interest
[see 39 Am. Jur. 2d, Habeas Corpus §117 (1968 + Supp.); 39 A C.J.S.;
Habeas Corpus §163 (1976 + Supp.)].


9. Affiant does clearly state, declare, and affirm, for the record, that he is truly
dedicated to the best interests of his Mother Syteria Hephzibah; Affiant maintains
a close personal relationship and significant connection with his Mother Syteria
Hephzibah; Affiant's blood relationship with his Mother Syteria Hephzibah is
special enough to furnish a cause of action; Affiant is more than likely to safeguard
and advance the interests of his Mother Syteria Hephzibah; and Affiant has no
interest in the outcome of this action that does not differ from the best interests of
his Mother Syteria Hephzibah alone. Further, Affiant's Mother Syteria Hephzibah
has expressly consented and authorized Affiant to act in, safeguard, and advance her
best interests by appointing Affiant as her Personal Representative, and Affiant
did expressly accept such appointment [see 4ᵗʰ Judicial Circuit Duval County
Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST #'s

6 of 12

17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT #17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim #17-CA-2142/2144]. There is ample authority stated to justify each of the foregoing reasons individually; therefore, the totality of all of these reasons in combination are more than adequate to satisfy the first requirement to establish "Next-Friend" standing/jurisdiction.

10. The term "Personal Representative" means one who stands for or acts on behalf of another and manages the affairs for another [see C.J.S. Executors and Administrators §§17-32, 34-49; C.J.S. Agency §§2, 4-6, 23, 25-27, 33, 38-40, 58]. The term "Guardian Ad Litem" means a guardian appointed in a lawsuit on behalf of a party; a Special Advocate; a Next-Friend; a non-lawyer may serve as a Guardian Ad Litem, Special Advocate, or Next-Friend [see Homer H. Clarke, Jr. & Ann Laquer Estin, Domestic Relations: Causes and Problems 1078 (6th ed. 2000)]

11. In accord with [Whitmore v. Arkansas], the second requirement to establish "Next-Friend" standing/jurisdiction is that there be some reason why the third-party Affiant is better placed than his Mother Syteria Hephzibah to bring the lawsuit and control its prosecution [see Demesthenes v. Baal, 495 U.S. 731, 733 (1990)]. To establish jurisdiction, next-friend Affiant's must "provide an adequate explanation of why the unlawful detainee could not appear on her own behalf to prosecute the action]. In addition to Syteria Hephzibah appointing and authorizing Affiant to [restrictedly] appear and proceed on her behalf, the courts have recognized a number of reasons why a third-party Affiant is better placed to proceed than his unlawfully detained Mother [see United States ex rel. Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)]. These reasons include [A] the unlawful detainees age [see Whitmore v. Arkansas, 495 U.S. 149, 163 n.4 (1990); United States ex rel. Sero v. Preiser, 506 F. 2d 1115, 1126 n.8 (2d Cir. 1974),

cert. denied, 421 U.S. 921 (1975); United States ex rel. Kirk v. Kirkpatrick, 330 F. Supp. 821, 822 + n. 1 (E.D. Pa. 1971); Ex parte Dostal, 243 F. 664, 668 (N.D. Ohio 1971); United States ex rel. Funaro v. Watchorn, 164 F. 152, 153 (C.C.S.D.N.Y. 1908)], B language difficulties [see United States ex rel. Bryant v. Houston, 273 F. at 916 (2d. Cir. 1921)];

C poor education [see United States ex rel. Sero v. Preiser, 506 F.2d at 126];

D inability to act with the dispatch necessary to file the necessary papers [see Collins v. Traeger, 27 F.2d 842, 843 (9th Cir. 1928); United States ex rel. Funaro v. Watchorn, 164 F. at 153 (C.C.S.D.N.Y. 1908); Morris v. United States, 399 F. Supp. at 722 (E.D. Va. 1975)]; E susceptibility to duress or other conditions [see Smith v. Armontrout, 812 F.2d at 1054, 1058-59; Groseclose ex rel. Harries v. Dutton, 594 F. Supp. 949, 961 (M.D. Tenn. 1980); Gilmore v. Utah, 429 U.S. 1012 at 1017 (1976)];

F and simply the fact that the unlawful detainee is incarcerated and for that reason (especially if not represented by counsel) is less capable of effectively prosecuting a lawsuit [see Whitmore v. Arkansas, 495 U.S. at 165; Hacklin v. State, 427 P.2d 910, 911 (Ariz. 1967), 389 U.S. 143 (1967)].

12. Affiant does clearly state, declare, and affirm, for the record, that his Mother Syteria Hephzibah could not [restrictedly] appear on her own behalf to prosecute this action due to her age, language difficulties, poor education, inability to act with the dispatch necessary to file the necessary papers, susceptibility to duress or other conditions, and the fact that she is unlawfully detained/incarcerated and therefore less capable of effectively prosecuting this lawsuit, and due to these reasons Affiant is better placed than his Mother Syteria Hephzibah to bring this lawsuit and control its prosecution. There is ample authority stated to justify each of the foregoing reasons individually, therefore, the totality of all of these reasons in combination are more than adequate to satisfy the second requirement to establish "Next-Friend" standing/jurisdiction.

## Conclusion of Merits

13. Wherefor, Affiant does clearly state, declare, and affirm, for the record, that all of the foregoing is ample merit, evidence, and authority, for Affiant to bring and proceed in this Habeas Corpus action and control its prosecution as Son/Personal Representative/Guardian Ad Litem/Special Advocate/Next-Friend; On Behalf of Mother: Syteria Hephzibah.   In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother; Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Seventeenth day of the Twelfth month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Seven (1437) [Gregorian Calendar Year (G.C.Y.) 2017 - December, 17 ]

## Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex, P.O.Box 1033, Coleman, Florida 33521 - 1033 ]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, N.E., Tallahassee, Florida 32301

10 of 12

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

<u>Certificate of Service</u>

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, <u>A</u>utochthonous <u>A</u>merican <u>M</u>oor <u>A</u>lien (friend) Republican <u>U</u>niversal <u>G</u>overnment [AAMARU] Religious Consul Association, competent Natural Man/Woman of majority, do certify and affirm that on or about the <u>Seventeenth</u> day of the <u>Twelfth</u> month in the year of Our Lord Father Allah Fourteen Hundred Thirty Seven (143)[7] [G.C.Y. 2017-December, <u>17</u>], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation [of Kahn, Jr., Charles J.; personal private capacity] Natural Equity Claim Contract Under Seal [2 pages].

All document(s) are included to:

A.   Clerk of Court, U.S. D.C. Northern Florida Tallahassee Division, Attn: Kahn, Jr., Charles J.; personal private capacity, 111 North Adams Street, 3rd Floor, Tallahassee, Florida 32301

B. David J. Smith, Clerk of Court, Eleventh Circuit Court of Appeals, 56 Forsyth Street, N.W., Atlanta, Georgia 30303

Notice of Appeal to all Parties:
C. Coil, Craig; 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
D. Campbell, Joetta, 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
E. Dempsey, Angela Cote; 301 S. Monroe Street, Tallahassee, Florida 32301
F. Hassler, Sara; 301 S. Monroe Street, Tallahassee, Florida 32301
G. Marshall, Gwen; 301 S. Monroe Street, Tallahassee, Florida 32301
H.   Watson, Kim Lee; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
I.   Haskett, James; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

J. Sheridan, Patrick; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

K. Loesch, Sheryl; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

L. Hammer, Michael; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

M. Knox, Penelope; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

N. Anderson, Irish; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

O. Donar, Cedric; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

P. Cossmeier, Arnold B.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

Q. Muldrow, W. Stephen; 801 North Florida Avenue, 2nd Floor, Tampa, Florida 33602

R. Richardson, Monte C.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

S. Klindt, James R.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

T. Corrigan, Timothy J.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

U. Howard, Marcia Morales; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202


Maalik Taqwan Rahshe Gullett El, Autochthonous Amican Moor Alien (Friend)
Maalik Taqwan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018-Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association


Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional ~~Complex~~ Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301
12 of 12

Taq van Gillett
(P.O.W # 62013-018)
Federal Correctional Complex USP 9
P.O. Box 1033
Coleman, Florida [33521-1033]

580

U.S. POSTAGE
PAID
COLEMAN, FL
33521
DEC 13 '17
AMOUNT
**$0.00**
R2305H130354-09

1000    32301

CHECKED   DEC 2 - 2017

Clerk of Court
United States District Court Northern Florida Tallahassee Division
United States Courthouse Annex
111 North Adams Street, 3rd Floor
Tallahassee, Florida [32301]



**CERTIFIED MAIL**

7017 0530 0001 1315 0147

2017 DEC 18   PM 12 26