**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

TAQUAN GULLETT,

    VS                               USDC NO. 4:17-cv-00532-WS-CJK
                                         USCA NO. _____

CRAIG COIL, et al.,

**TRANSMITTAL OF NOTICE OF APPEAL**

      The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
There was no hearing from which a transcript could be made.
Judge/Magistrate Judge appealed from: William Stafford
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                                            JESSICA J. LYUBLANOVITS,
                                            CLERK OF COURT

                                            By: <u>Tiffinie Larkins</u>
                                            Deputy Clerk
                                            111 North Adams Street
February 6, 2018                           Tallahassee, Florida 32301

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

CLOSED,APPEAL,HABEAS,R&R

# U.S. District Court
# Northern District of Florida (Tallahassee)
# CIVIL DOCKET FOR CASE #: 4:17-cv-00532-WS-CJK

| | |
|---|---|
| GULLETT v. COIL et al | Date Filed: 11/28/2017 |
| Assigned to: SENIOR JUDGE WILLIAM STAFFORD | Date Terminated: 01/02/2018 |
| Referred to: MAGISTRATE JUDGE CHARLES J KAHN, JR | Jury Demand: None |
| Case in other court: USCA, 18-10060-F | Nature of Suit: 530 Habeas Corpus (General) |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federa | Jurisdiction: Federal Question |

**Petitioner**

**TAQUAN GULLETT**            represented by   **TAQUAN GULLETT**
                                               62013-018
                                               FEDERAL CORRECTIONAL
                                               COMPLEX
                                               PO BOX 1033
                                               COLEMAN, FL 33521-1033
                                               PRO SE

V.

**Respondent**

**CRAIG COIL**

**Respondent**

**JOETTA CAMPBELL**

**Respondent**

**IRISH ANDERSON**

**Respondent**

**CEDRIC DONAR**

**Respondent**

**ANGELA COTE DEMPSEY**

**Respondent**

**SARA HASSLER**

**Respondent**

GWEN MARSHALL

Respondent

KIM LEE WATSON

Respondent

JAMES HASKETT

Respondent

PATRICK SHERIDAN

Respondent

SHERYL LOESCH

Respondent

MICHAEL HAMMER

Respondent

PENELOPE KNOX

Respondent

ARNOLD B CORSMEIER

Respondent

M STEPHEN MULDROW

Respondent

MONTE C RICHARDSON

Respondent

JAMES R KLINDT

Respondent

TIMOTHY J CORRIGAN

Respondent

MARCIA MORALES HOWARD

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2017 | 1 | PETITION for Writ of Habeas Corpus, filed by TAQUAN GULLETT. (not on court form) (filing fee paid, Receipt #FLN4-32851) (Attachments: # 1 Request to Serve Respondents) (djb) (Entered: 12/05/2017) |
| 12/05/2017 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE CHARLES J KAHN, JR notified that action is needed Re: 1 Petition for Writ |

| | | |
|---|---|---|
| | | of Habeas Corpus. (djb) (Entered: 12/05/2017) |
| 12/05/2017 | 3 | Habeas Filing fee: $ 5.00, receipt number FLN4-32912. (djb) (Entered: 12/06/2017) |
| 12/06/2017 | 2 | Notice to Pro Se (djb) (Entered: 12/06/2017) |
| 12/08/2017 | 4 | REPORT AND RECOMMENDATION: That the 1 Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction. That the clerk be directed to close the file. Signed by MAGISTRATE JUDGE CHARLES J KAHN, JR on 12/8/2017. Internal deadline for referral to district judge if objections are not filed earlier: **1/5/2018**. (djb) (Entered: 12/11/2017) |
| 12/08/2017 | 5 | FINANCIAL REFERRAL AND ORDER - It is ORDERED this 8th day of December, 2017, that the Clerk refund the identified funds to the payee. Signed by MAGISTRATE JUDGE CHARLES J KAHN, JR on 17-532. (djb) (Entered: 12/11/2017) |
| 12/13/2017 | 6 | MODIFIED ADDENDUM by TAQUAN GULLETT. (Attachments: # 1 Request to Serve Respondents) (djb) (Entered: 12/14/2017) |
| 12/14/2017 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE CHARLES J KAHN, JR notified that action is needed Re: 6 Modified Addendum. (djb) (Entered: 12/14/2017) |
| 12/21/2017 | 7 | AFFIDAVIT for Habeas Corpus 1 Interrogatories (Addendum) (Annex), by TAQUAN GULLETT. (Attachments: # 1 Letter Rogatory - Letter of Request To Serve Respondents) (MB) (Entered: 12/26/2017) |
| 12/21/2017 | 8 | OBJECTION to 4 Report and Recommendations, (titled, "Affidavit of Merits as Notice of Appeal and Objection to Report and Recommendation"), by TAQUAN GULLETT. (MB) (Entered: 12/26/2017) |
| 12/27/2017 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of SENIOR JUDGE WILLIAM STAFFORD notified that action is needed Re: 4 REPORT AND RECOMMENDATION, 8 Objection to Report and Recommendations (djb) (Entered: 12/27/2017) |
| 01/02/2018 | 9 | ORDER ADOPTING MAGISTRATE JUDGE'S 4 REPORT AND RECOMMENDATION - The petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1 ) is DISMISSED for lack of jurisdiction. The clerk shall enter judgment stating: "Taquan Gullett's petition for writ of habeas corpus is dismissed for lack of jurisdiction." Signed by SENIOR JUDGE WILLIAM STAFFORD on 1/2/2018. (tdl) (Entered: 01/03/2018) |
| 01/02/2018 | 10 | CLERK'S JUDGMENT, entered pursuant to 9 Order. (tdl) (Entered: 01/03/2018) |
| 01/02/2018 | 11 | AFFIDAVIT OF INFORMATION AS LETTER ROGATORY AND AS REPORT AND REFERRAL OF CHARGES TO ATTORNEY GENERAL & ALL CONSTITUTIONAL AUTHORITIES by TAQUAN GULLETT. (tdl) (Entered: 01/05/2018) |
| 01/04/2018 | | **ENTERED IN ERROR**Set Deadlines as to 25 Order: Notice Appearance or Motion to Change Venue on **3/5/2018**. (tdl) Modified on 1/5/2018 (tdl). (Entered: 01/04/2018) |

| | | |
|---|---|---|
| 01/05/2018 | 12 | NOTICE OF APPEAL as to 10 Clerk's Judgment, 9 Order Adopting Report and Recommendation, 4 Report and Recommendation by TAQUAN GULLETT. (Electronic of Availability of ROA due by **3/5/2018**.) (tdl) (Entered: 01/05/2018) |
| 01/05/2018 | 13 | Appeal Instructions re: 12 Notice of Appeal : The Transcript Request Form is available on the Internet at http://www.flnd.uscourts.gov/forms/Attorney/ECCA_transcript_form_fillable.pdf **PLEASE NOTE** Separate forms must be filed for each court reporter. (tdl) (Entered: 01/05/2018) |
| 01/05/2018 | 14 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 12 Notice of Appeal. (tdl) (Entered: 01/05/2018) |
| 01/05/2018 | | Set Deadlines re 12 Notice of Appeal: Clerk to check status of Appeal on **3/7/2018**. (tdl) (Entered: 01/05/2018) |
| 01/09/2018 | 15 | USCA Case Number 18-10060-F for 12 NOTICE OF APPEAL. (tdl) (Entered: 01/17/2018) |
| 01/16/2018 | 17 | AFFIDAVIT/MOTION for Stay of Execution and Enforcement of Judgment Pending Appeal and Certiorari by TAQUAN GULLETT. (tdl) Modified on 1/18/2018 to correct civil event (djb). (Entered: 01/17/2018) |
| 01/16/2018 | 18 | AFFIDAVIT/MOTION for Entry of Clerk's Default and for Entry of Clerk's Default Judgment by TAQUAN GULLETT. (tdl) Modified on 1/18/2018 to correct civil event(djb). (Entered: 01/17/2018) |
| 01/17/2018 | 16 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 12 Notice of Appeal, Appeal No. 18-10060-F. The entire record on appeal is available electronically. (tdl) (Entered: 01/17/2018) |
| 01/17/2018 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE CHARLES J KAHN, JR notified that action is needed Re: 17 AFFIDAVIT for Stay of Execution, 18 AFFIDAVIT for Entry of Clerk's Default. (tdl) (Entered: 01/17/2018) |
| 01/22/2018 | 19 | REFERRAL AND ORDER re 18 Motion. The requested relief is DENIED. Petitioner's appeal from the final judgment in this action deprives this court of jurisdiction to consider the issue of a party's default. Signed by SENIOR JUDGE WILLIAM STAFFORD on 1/22/2018. (tdl) (Entered: 01/22/2018) |
| 02/02/2018 | 20 | NOTICE OF APPEAL as to 19 Order by TAQUAN GULLETT. (Electronic Availability of ROA due by **5/7/2018**.) (tdl)**Fee Due** (Entered: 02/06/2018) |
| 02/06/2018 | 21 | Appeal Instructions re: 20 Notice of Appeal : The Transcript Request Form is available on the Internet at http://www.flnd.uscourts.gov/forms/Attorney/ECCA_transcript_form_fillable.pdf **PLEASE NOTE** Separate forms must be filed for each court reporter. (tdl) (Entered: 02/06/2018) |

CM/ECF - U.S. District Court:flnd　　　　　https://ecf.flnd.uscourts.gov/cgi-bin/DktRpt.pl?495929764936053-L_1_0-1
Case 4:17-cv-00532-WS-CJK   Document 22   Filed 02/06/18   Page 6 of 16

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 02/06/2018 10:25:48 ||||
| **PACER Login:** | fn1434 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:17-cv-00532-WS-CJK |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAQUAN GULLETT

    VS                                    CASE NO.  4:17cv532-WS/CJK

CRAIG COIL, et al.

REFERRAL AND ORDER

Referred to Judge William Stafford on January 17, 2018
Motion/Pleadings: AFFIDAVIT FOR ENTRY OF CLERK'S DEFAULT AND FOR ENTRY OF DEFAULT JUDGMENT
Filed by PETITIONER     on 1/16/18     Doc.# 18
RESPONSES:

                                     on               Doc.#
                                     on               Doc.#

_____ Stipulated     _____ Joint Pldg.
_____ Unopposed     _____ Consented

JESSICA J. LYUBLANOVITS
CLERK OF COURT

*/s/Donna Bajzik*
Deputy Clerk: Donna Bajzik

**ORDER**

Upon consideration of the foregoing, it is ORDERED this   22nd   day of   January  , 2018, that:

(a) The requested relief is DENIED.  Petitioner's appeal from the final judgment in this action deprives this court of jurisdiction to consider the issue of a party's default.


                                               s/ William Stafford
                                                       **WILLIAM STAFFORD**
                                               **Senior United States District Judge**

11th Cir
Clerk's Original

ELEVENTH CIRCUIT COURT OF APPEALS
AND
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

11th Circuit Appeal Number: 18-10060

| | |
|---|---|
| Gullett, Taquan; Son, On Behalf of Mother: Hephzibah, Syteria, In Propria Persona, Claimant, Affiant. | Claim Number: 4:17-cv-00532-WS-CJK |
| | **AFFIDAVIT OF MERITS AS NOTICE OF INTERLOCUTORY APPEAL AND AS OBJECTION TO REFERRAL - ORDER DATED 22nd Day of January 2018** |
| V. | |
| Coil, Craig; personal private capacity, Campbell, Joetta; personal private capacity, Anderson, Irish; personal private capacity, Donas, Cedric; personal private capacity, Dempsey, Angela Cote; personal private capacity, Hassler, Sara; personal private capacity, | In accord with: <br> • Universal Declaration of Human Rights (1948) <br><br> • United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960 <br><br> • Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto |
| Marshall, Gwen; personal private capacity, Watson, Kim Lee; personal private capacity, Haskett, James; personal private capacity, Knox, Penelope; personal private capacity, Corsmeier, Arnold B.; personal private capacity, Muldrow, W. Stephen; personal private capacity, Richardson, Monte C.; personal private capacity, Klindt, James R.; personal private capacity, Corrigan, Timothy J.; personal private capacity, Howard, Marcia Morales; personal private capacity, | • U.N. Declaration on the Rights of Indigenous Peoples (2007) <br><br> • Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 §112] <br><br> • Treaty of Peace and Friendship (1787) and <br><br> • United States for America Organic Constitution (1787) First Amendment Redress for Grievances |
| Respondent(s). | Rome Statute |
| | " Habeas Corpus Natural Equity Claim " <br> **CONTRACT UNDER SEAL** |

NOTICE TO AGENT IS NOTICE TO PRINCIPAL/ NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST / TAQUAN GULLETT ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT / TAQUAN GULLETT ESTATE CAVEAT #'s 17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim / TAQUAN GULLETT ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco codified at [18 U.S.C. Chapter 7 §112], Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit of Merits as Notice of Interlocutory Appeal and as Objection to Referral and Order Dated the 22nd Day of January 2018- Habeas Corpus Natural Equity Claim Contract Under Seal against Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Rights of Indigenous Peoples (2007), United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto, Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 §112], Treaty of Peace and Friendship (1787), and united states for America Organic Constitution (1787) First Amendment Redress for Grievances.

⑦

## Notice of Interlocutory Appeal

4. TO ALL PARTY(IES) TAKE NOTICE that Interlocutory Appeal is taken by Affiant to the Eleventh Circuit Court of Appeals for the Referral and Order [of Bajzik, Donna; personal private capacity; Lyublanovits, Jessica J.; personal private capacity; and Stafford, William; personal private capacity], entered on or about the 22nd day of January, 2018. As will be shown herein, the Clerk of this court is empowered to enter and has jurisdiction to enter Default and Default Judgment against all Respondent(s) in this action.

5. Certificate of Appealability (COA) requirement does not apply to §2241 actions [see Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997); Forde v. United States Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997); Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997); Cameron v. Thompson, 106 F.3d 413, 415 (10th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Gutierrez v. Percill, 1996 U.S. App. LEXIS 33514, at *2 n.1 (10th Cir. 1996; Small v. Percill, 1996 U.S. App. LEXIS 26277, at *2 n.1 (10th Cir. Oct. 4, 1996), cert. denied, 519 U.S. 1140 (1997)].

### Merits of Affiant's Claim that the Clerk of this Court is Empowered and Has Jurisdiction to Enter Default and Default Judgment Against All Respondent(s) In This Action and Objection to Referral and Order Dated 22nd Day of January 2018

6. Papers are considered "filed" with the court when they are physically delivered to the clerk [see Mailbox Rule; Contract Under Seal][see Fed. R. Civ. P. 5(d)(2)(A)]. Thus, papers may be filed by delivery to the clerk at the clerk's home as well as the clerk's office because it is delivery to the person that counts, not delivery to the office [see In re Arthur Anderson & Co., 621 F.2d 37, 39 (1st Cir. 1980); Greenwood v. N.Y. Office of Mental Health, 842 F.2d 636, 638-639 (2nd Cir. 1988)].

7. Following long-established practice under [28 U.S.C. §2243 and Habeas Corpus Rule 4], the Affiant need not serve a copy of the "Habeas Corpus Affidavits" upon Respondent(s); instead, it is the responsibility of the court to serve a copy of the "Habeas Corpus Affidavits" and any order on Respondent(s) [see Habeas Corpus Rule 4 - in every case the clerk must serve a copy of the "Habeas Corpus Affidavits" and any order on the Respondent(s); see Bundy v. Wainwright, 808 F.2d 1410, 1414-16 (11th Cir. 1987)]. Affiant need not serve Respondent(s) as Affiant's unlawful detainment status renders service unduly burdensome [see Charles Alan Wright,

Procedure For Habeas Corpus, 77 F.R.D. 227, 236-40 (1978); Charles Alan Wright, Developments in the Law - Federal Habeas Corpus, Harvard Law Review 1038, 1173-79 (1970); Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th Edition §11.9(d), Service].

8. Respondent(s) were served with the Affidavit For Habeas Corpus on or about [November 15, 2017] with the Modified Affidavit For Habeas Corpus (Addendum)(Annex) on [December 13, 2017], and with the Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) on [December 21, 2017], which are the dates of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal; Fed.R.Civ.P. 5(d)(2)(A)]. All of the foregoing "Habeas Corpus Affidavits" were filed and served with Certificates of Service, and Letters Rogatory/Letters of Request For Service Upon Respondent(s) and the Certificate of Service and Letters Rogatory/Letters of Request For Service Upon Respondent(s) establish that service was proper in accord with [Fed.R.Civ.P. 4(b), 4(d)(3), 5(d)(2)(A), 28(b), 33; 28 U.S.C. §§2243, 2246; 22 C.F.R. §§92.54, 92.66(a)]; and the Hague Evidence Conventions [see Affidavit For Entry of Default/Default Judgment Pg. 3 Pghs. 4, 4A, 4B, 4C; Pg. 4 Pgh. 5].

9. Respondent(s) have failed/neglected to timely, adequately, fully, and completely rebut, respond to, answer to, or otherwise defend against the above-mentioned "Habeas Corpus Affidavits". The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§2241-2243, 2246 et seq.], has expired, and the applicable time limit did expire before this action was on (Interlocutory) Appeal to the Eleventh Circuit from the Order dated 2nd day of January 2018 [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pghs. 6 & 7; Affidavit of Merits as Notice of (Interlocutory) Appeal and Objection to Report and Recommendation file-stamped by U.S.D.C. Clerk on December 21, 2017; and file-stamped by the 11th Circuit Clerk on December 26, 2017].

10. Respondent(s) are entered into Default and Default Judgment and Respondent(s)' Default does constitute all Respondent(s)' acceptance, agreement, consent, conventio*, and confession of full liability and of guilt in judgment** to all interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated in the "Habeas Corpus Affidavits" [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 3 Pghs. 3, 3a, 3b, 3c; Affidavit For Interrogatories Pg. 4 Pgh. 5, Pg. 21 Pgh. 20; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Affidavit For Habeas Corpus Pg. 23 Pgh. 33; Affidavit To Compel Discovery Pg. 4 Pghs. 11 & 12, Pg. 6 Pghs. 22 & 23];

11. Once Affidavit of Merits as Notice of Appeal and as Objection to Report and Recommendation is timely and sufficiently filed, the court may/must not dismiss the action without at least considering the full record of all prior proceedings as it bears on the action and determining the validity of Affiant's claims [see Affidavit of Merits as Notice of Appeal and as Objection to Report and Recommendation Pg. 4 Pgh. 5]. When appropriate, and especially once Affiant has made an Application For Stay, the court must grant a stay of execution and enforcement of judgment to enable the court to fully evaluate Affiant's claims [see Affidavit For Stay of Execution and Enforcement of Judgment Pending Appeal and Certiorari file-stamped by U.S.D.C. Clerk on January 16, 2018].

12. Clerk's are empowered to make certain orders and issue certain processes including: [A] Entry of Default and Default Judgment [see Fed.R.Civ.P. 55(a),(b)(1)], [B] Judgment pursuant to and in accord with a confession of judgment** [see National Leasing Co. v. Williams, 80 F.R.D. 416, 418 (W.D.Pa. 1978)]. Clerks are required to keep a civil docket [see Fed.R.Civ.P. 79(a),(a)(1)]. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l Mortg. Co. v. Brandstatter, 897 F.2d 883, 884-885 (7th Cir. 1990); see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20; Affidavit To Compel Discovery Pg. 3 Pgh. 9, Pg. 4 Pgh. 13, Pg. 6 Pgh. 24].

13. Clerk's failure/neglect to timely docket action [i.e. Commencement, Default, Default Judgment] does not affect time when action "commenced" [see Fed.R.Civ.P. 79(a)(1); Lee v. Superintendent Houtzdale SCI, 798 F.3d 159, 163 (3d. Cir. 2015); Richardson v. Diagnostic Rehab. Ctrs., 836 F.Supp. 252, 255 (E.D.Pa. 1993) - clerk's failure to docket complaint when complaint and filing fee received from plaintiff did not render action untimely, and limitations period tolled from date complaint was filed and action was commenced under Fed.R.Civ.P. 3 when complaint was initially submitted by email to Clerk, not when subsequently uploaded by counsel to particular case file opened by Clerk - to determine when filing is made, delivery to Clerk "is of paramount importance"]. If Respondent(s) have failed to timely object that the action has not been commenced properly [Note: this action has properly commenced and there is no timely objection by Respondent(s)], the action may proceed as if a complaint has been filed and a judgment may be entered [see Schlesinger v. Councilman, 420 U.S. 738, 742 n.5, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975) - defect in manner action commenced IS NOT JURISDICTIONAL and DOES NOT PREVENT ENTRY OF VALID JUDGMENT].

14. Subject-matter jurisdiction exists if the facts exist that satisfy one or more of the statutory grounds [28 U.S.C. §§ 2241-2243, 2246 et seq.] for subject-matter jurisdiction over the claims asserted in the complaint [see 28 U.S.C. §1331 et seq.]. Personal jurisdiction exists over any and all Respondent(s) once the "Habeas Corpus Affidavits" were properly served upon Respondent(s) [see Fed. R. Civ. P. 4(c); see Affidavit For Entry of Default/Default Judgment Pg. 3 Pghs. 4 + 4A + 4B + 4C, Pg. 4 Pgh. 5; Affidavit To Compel Discovery Pg. 3 Pghs. 5+6, Pg. 5 Pghs. 16+17+18+19; see Wright, Hertz, and Liebman (supra) - Clerks are responsible for and must serve "Habeas Corpus Affidavits"]. Also, personal jurisdiction exists over Respondent(s) if it is consistent with due process [i.e. Notice and Opportunity][see International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) - due process standards involves minimum contacts and "traditional notions of fair play and substantial justice][see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 3 Pghs. 3, 3a, 3b, 3c; Affidavit For Interrogatories Pg. 4 Pgh. 5, Pg. 21 Pgh. 20; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Affidavit For Habeas Corpus Pg. 23 Pgh. 33; Affidavit To Compel Discovery Pg. 4 Pghs. 11+12, Pg. 6 Pghs. 22+23].

## Conclusion of Merits

15. Affiant does clearly state, declare, and affirm, on and for the record, that [A] the "Habeas Corpus Affidavits" were properly delivered to the Clerk and were properly served upon Respondent(s); [B] Respondent(s) were given fair Notice and Opportunity [i.e. Due Process]; [C] Respondent(s) did fail/neglect to timely, adequately, fully, and completely rebut, respond to, answer to, or otherwise defend against the "Habeas Corpus Affidavits", and the applicable time limit did expire <u>before</u> this action was on (Interlocutory) Appeal; [D] Respondent(s) are entered into Default and Default Judgment; [E] Clerk's are empowered to enter Default, Default Judgment, and Confession of Judgment; [F] Clerk's failure/neglect to timely docket Default, Default Judgment, and Confession of Judgment does not excuse Respondent(s)' Default/Default Judgment/Confession of Judgment, <u>nor is it a jurisdictional issue, nor does it prevent entry of the valid Default/Default Judgment/Confession of Judgment of Respondent(s)</u>. All of the foregoing is ample merit, evidence, and authority, and shows cause why Affiant's (Interlocutory) Appeal 18-10060 does not deprive the court of jurisdiction and why the Clerk is not prevented from entering Respondent(s)' valid Default, Default Judgment, and Confession of Judgment onto the docket.

In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete, to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Twenty-Sixth day of the First month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018 - January, 26]

Witness My Hand and Seal:

*Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend*
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

NOTICE TO AGENT IS NOTICE TO PRINCIPAL; NOTICE TO PRINCIPAL IS NOTICE TO AGENT APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

## Certificate of Service

I, Toquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Nephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man/Woman of Majority, do certify and affirm that on or about the Twenty-Sixth day of the First month in the year of Our Lord Father Allah Fourteen Hundred Thirty Eight (1438) [G.C.Y. 2018-January 26], the following documents(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit of Merits as Notice of Interlocutory Appeal and as Objection To Referral and Order Dated 22nd Day of January 2018-Habeas Corpus Natural Equity Claim Contract Under Seal [9 pages];

All documents(s) are included to:

A. David J. Smith, Clerk of Court, Eleventh Circuit Court of Appeals, Attn: Dionne S. Young, F; 56 Forsyth Street, N.W., Atlanta, Georgia 30303

B. Clerk of Court, U.S.D.C. Northern Florida Tallahassee Division, Attn: Stafford, William; personal private capacity; 111 North Adams Street, 3rd Floor, Tallahassee, Florida 32301

Notice of Appeal to all parties:
C. Coil, Craig; 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
D. Campbell, Joetta; 501 Capital Circle, NE, Tallahassee, Florida 32301-3558
E. Dempsey, Angela Cote; 301 S. Monroe Street, Tallahassee, Florida 32301
F. Hassler, Sara; 301 S. Monroe Street, Tallahassee, Florida 32301
G. Marshall, Gwen; 301 S. Monroe Street, Tallahassee, Florida 32301
H. Watson, Kim Lee; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
I. Haskett, James; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
J. Sheridan, Patrick; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
K. Loesch, Sheryl; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

L. Hammer, Michael; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
M. Knox, Penelope; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
N. Anderson, Irish; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
O. Donar, Cedric; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
P. Corsmeier, Arnold B.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
Q. Muldrow, W. Stephen; 801 North Florida Avenue, 2nd Floor, Tampa, Florida 33602
R. Richardson, Monte C.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
S. Klindt, James R.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
T. Corrigan, Timothy J.; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202
U. Howard, Marcia Morales; 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

*Maalik Taquan Rahshe Gullett El*, Autochthonous American Moor Alien (Friend)
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Sytecia Hephzibah El, Autochthonous American Moor Alien (Friend)
Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301