ELEVENTH CIRCUIT COURT OF APPEALS
AND
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

11th Circuit Appeal Number: 18-1006

Gullett, Taquan; Son, On Behalf of Mother:
Hephzibah, Syteria,
  In Propria Persona, Claimant, Affiant.

Claim Number: 4:17-cv-00532-WS-CJK

V.

## AFFIDAVIT TO COMPEL DISCOVERY, SPECIFICALLY, INTERROGATORIES ANSWERS

7017 0530 0001 1315 2660

Coil, Craig; personal private capacity,
Campbell, Joetta; personal private capacity,
Anderson, Irish; personal private capacity,
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,
Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Sheridan, Patrick; personal private capacity,
Loesch, Sheryl; personal private capacity,
Hammer, Michael; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,

Respondent(s).

In accord with:
- Universal Declaration of Human Rights (1948)
- United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960
- U.N. Declaration on the Rights of Indigenous Peoples (2007)
- Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 §112]
- Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto
- Treaty of Peace and Friendship (1787) and
- united states for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10 codified at:

[ 28 U.S.C. §§ 2241-2243, 2246 et seq.
Fed.R.Civ.P. 4(b), 4(d)(3), 28(b), 33, 55, 37(a)
22 C.F.R. §§ 92.54, 92.66(a)
42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000 ]

Rome Statute

" Habeas Corpus Natural Equity Claim "
CONTRACT UNDER SEAL

1 of 10

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST/TAQUAN GULLETT ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT/TAQUAN GULLETT ESTATE CAVEAT #'s 17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim/TAQUAN GULLETT ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran Circle Seven, Zodiac Constitution AA222141 (Al-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit To Compel Discovery, Specifically, Interrogatories Answers, Habeas Corpus Natural Equity Claim Contract Under Seal against all Respondent(s) in their personal private capacity(ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Hague Conventions and all annexes thereto, united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243, 2246 et seq.; 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 22 C.F.R. §§ 92.54, 92.66 (a); Fed. R. Civ. P. 4(b), 4(e)(3), 28(b), 33, 55, 37(a)].

⑦

## Affidavit To Compel Discovery, Specifically, Interrogatories Answers

4. Affiant moves this court for an Order compelling Respondent(s) to provide adequate, full, and complete answers to all interrogatories that were propounded to them as required by [Fed. R. Civ. P. 28(b), 33; 28 U.S.C. §2246]; and the Hague Evidence Conventions and all annexes thereto. Affiant directs the court's attention to the following:

5. Respondent(s) were served the Affidavit For Habeas Corpus - Interrogatories (Addendum) (Annex) with Certificate of Service and Letter Rogatory/Letter of Request for Service Upon Respondent(s) on [December 21, 2017], which is the date of the Clerk's file-stamp [See Mailbox Rule; Contract Under Seal] in accord with [Fed. R. Civ. P. 28(b), 33; 28 U.S.C. §2246; 22 C.F.R. §§ 92.54, 92.66(a); 18 U.S.C. Chapter 78 §112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1991, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 2000]; and the Hague Evidence Conventions and all annexes thereto [see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4C];

6. The Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) are filed with the court on [December 21, 2017], and the Certificate of Service and Letter Rogatory/Letter of Request for Service Upon Respondent(s) establish that service was proper in accord with [Fed. R. Civ. P. 4(b), 4(c)(3), 28(b), 33; 28 U.S.C. §2246; 22 C.F.R. §§92.54, 92.66(a)]; the Hague Evidence Conventions and all annexes thereto [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5];

7. Respondent(s) have failed/neglected to timely, adequately, fully, and completely, rebut, respond to, answer to, or otherwise defend against the Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 6, Pg. 5 Pgh. 11];

8. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§ 2241-2243, 2246 etseq.], has expired [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5, Pgh. 11; Affidavit For Habeas Corpus - Interrogatories Pg. 4 Pgh. 5, Pg. 20 Pgh. 19; Affidavit For Habeas Corpus Pgs. 5 & 6 Pgh. 8, Pg. 23 Pgh. 34];

9. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l. Mortg. Co. v. Brandstatter, 897 F. 2d 883, 884-885 (7th Cir. 1990)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20].

<u>Certificate of Compliance with Discovery Meet & Confer in accord with [Fed.R.Civ.P. 37(a)(1)]</u>

10. In accord with Affiant's Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) [see Pg.3 Pgh.4], Affiant declares that he has no initial discovery disclosures to make and this action is of a type listed as an exemption to the Meet and Confer requirement in accord with [Fed.R.Civ.P. 26(a)(1)(B)][see <u>Moffet v. Gonzales</u>, 2015 U.S. LEXIS 32992, at *9 n.5 (N.D.Cal. Mar. 17, 2015), <u>Hoffman v. Hertz</u>, 2015 U.S. Dist. LEXIS 46016, at *6 (S.D.Ill. Apr. 8, 2015); Hague Evidence Conventions and all annexes thereto]. Affiant directs the court's attention to the following:

11. Moreover, Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [see Affidavit For Entry of Default/Default Judgment Pg.3 Pgh.4; Pg.5 Pgh.10];

12. Respondent(s)' Default does constitute all Respondent(s)' <u>acceptance, agreement, consent, conventio</u>* [see Affidavit For Habeas Corpus Pg.26 Pgh.33], and <u>confession of full liability and of guilt in judgment</u>** [see Affidavit For Habeas Corpus - Interrogatories Pg.21 Pgh.20], to all <u>interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections</u>, and <u>true bills</u> stated in the Affidavit For Habeas Corpus, <u>Modified Affidavit For Habeas Corpus (Addendum)(Annex), Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex), Letters Rogatory/Letters of Request For Service Upon Respondent(s), Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record</u>, and <u>Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment, all annexed hereto in full, hereinafter, "Affidavits</u>" [see Affidavit For Entry of Default/Default Judgment Pg.4 Pgh.9; Affidavit of Information Pg.3 Pghs.3, 3a, 3b, 3c; Affidavit For Interrogatories Pg.4 Pgh.5, Pg.21 Pgh.20; Letter Rogatory/Letter of Request Pg.3 Pgh.4; Affidavit For Habeas Corpus Pg.23 Pgh.33];

13. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see <u>Connecticut Nat'l. Mortg. Co. v. Brandstatter</u>, 897 F.2d 883, 884-885 (7th Cir. 1990) [see Affidavit For Entry of Default/Default Judgment Pg.8 Pgh.20].

14. In accord with [Fed.R.Civ.P. 37(a)(3)(A)], if any party fails/neglects to make adequate, full, and complete disclosure of interrogatories answers, any other party may move to compel disclosure and for appropriate sanctions.

## Certificate That Affiant Did Attempt Informal Resolution

15. Affiant does hereby declare, affirm, and state, on and for the record, that prior to filing this Affidavit To Compel Discovery, Specifically, Interrogatories Answers, Affiant did attempt to confer in good faith with Respondent(s) to resolve this action without filing this Affidavit To Compel Discovery. Affiant directs the court's attention to the following:

16. Respondent(s) were served with the Affidavit for Habeas Corpus with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on or about [November 15, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4A];

17. Respondent(s) were served with the Modified Affidavit For Habeas Corpus (Addendum)(Annex) with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on [December 13, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4B];

18. Respondent(s) were served with the Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) with Certificate of Service and Letter Rogatory/Letter of Request For Service Upon Respondent(s) on [December 21, 2017], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal][see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4C];

19. The Certificates of Service and Letters Rogatory/Letters of Request For Service Upon Respondent(s) are filed with the court on [or about November 15, December 13, and December 21, 2017], respectively, and the Certificates of Service and Letters Rogatory/Letters of Request For Service Upon Respondent(s) establish that service was proper in accord with [Fed.R.Civ.P. 4(b), 4(c)(3), 28(b), 33; 28 U.S.C. § 2246; 22 C.F.R. §§ 92.54, 92.66(a); and the Hague Evidence Conventions][see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5 ];

20. Respondent(s) have failed/neglected to timely, adequately, fully, and completely rebut, respond to, answer to, or otherwise defend against the above-mentioned Affidavits and Letters Rogatory with Certificates of Service [. Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 6, Pg. 5 Pgh. 11];

21. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.], has expired [see Affidavit for Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5 Pgh. 11; Affidavit for Habeas Corpus-Interrogatories Pg. 4 Pgh. 5, Pg. 20 Pgh. 19; Affidavit for Habeas Corpus Pgs. 5*6 Pgh. 8, Pg. 23 Pgh. 34];

22. Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [see Affidavit for Entry of Default/Default Judgment Pg. 3 Pgh. 4, Pg. 5 Pgh. 10];

23. Respondent(s)' Default does constitute all Respondent(s)' <u>acceptance</u>, <u>agreement</u>, <u>consent</u>, <u>conventio</u>* [see Affidavit for Habeas Corpus Pg. 26 Pgh. 33], and <u>confession of full liability and of guilt in judgment</u>** [see Affidavit for Habeas Corpus-Interrogatories Pg. 21 Pgh. 20], to all the <u>interrogatories</u>, <u>terms</u>, <u>facts</u>, <u>conditions</u>, <u>stipulations</u>, <u>rules</u>, <u>principles</u>, <u>claims</u>, <u>contracts</u>, <u>clauses</u>, <u>points</u>, <u>averments</u>, <u>obligations</u>, <u>performances</u>, <u>modifications</u>, <u>benefits</u>, <u>privileges</u>, <u>rights</u>, <u>protections</u>, and <u>true bills</u> stated in the aforementioned <u>Affidavits</u> [see Affidavit for Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 3 Pghs. 3, 3a, 3b, 3c; Affidavit for Interrogatories Pg. 4 Pgh. 5, Pg. 21 Pgh. 20; Letter Rogatory/Letter of Request Pg. 3 Pgh. 4; Affidavit for Habeas Corpus Pg. 23 Pgh. 33];

24. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see <u>Connecticut Nat'l. Mortg. Co. v. Brandstatter</u>, 897 F.2d 883, 884-885 (7th Cir. 1990)][see Affidavit for Entry of Default/Default Judgment Pg. 8 Pgh. 20].

25. Respondent(s)' failure/neglect to respond to the <u>Affidavits</u>, specifically, Affidavit for Habeas Corpus-Interrogatories (Addendum)(Annex), has serious consequences, including without limitation, waiver of any objections; and Respondent(s)' failure/neglect to comply with discovery deadlines subjects all Respondent(s) to sanctions [see Fed.R.Civ.P. 16(f); Fed.R.Civ.P. 37(a)(3)(B); <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791-792 (5th Cir. 1990); <u>Pik v. University of Pa.</u>, 2012 U.S. App. LEXIS 482, at *7 (3d Cir. Jan. 10, 2012)].

26. More importantly, any and all of Respondent(s)' objections to the interrogatories are waived by virtue of Respondent(s)' failure/neglect to assert them in a timely, fully, adequately, and complete manner [see Fed. R. Civ. P. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473-1477 (9th Cir. 1992); Cargill, Inc. v. Ron Burge Trucking, Inc., 2012 U.S. Dist. LEXIS 86419, at *7 (D. Minn. June 1, 2012); Stewart v. City of Porterville, 2011 U.S. Dist. LEXIS 95160, at *2 (E.D. Cal. Aug. 25, 2011)]. In accord with the foregoing [see Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981); Woods v. DeAngelo Marine Exhaust, Inc., 692 F.3d 1272, 1280 (Fed. Cir. 2012) - district courts have discretion to exclude evidence when a party acts in bad faith or prejudices its adversary by deliberately delaying, or wholly failing to respond to identification and contention interrogatories].

27. Severe sanctions may follow if Respondent(s) ignore the court's Order compelling interrogatories answers [see Fed. R. Civ. P. 37(b)(2)(A)]. If and when this court grants Affiant's Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and orders Respondent(s) to provide adequate, full, and complete answers to Affiant's Interrogatories, [Fed. R. Civ. P. Rule 37] permits the court to impose sanctions on Respondent(s) for failure to comply with the court's Order, and the court may impose any type of sanction order that is just [see Fed. R. Civ. P. 37(b)(2)(A); Oyebade v. Boston Sci. Corp., 2012 U.S. Dist. LEXIS 129987, at *5 (S.D. Ind. Sept. 12, 2012)].

28. Default, contempt of court, staying further proceedings, monetary sanctions, and awarding reasonable costs and nominal fees and possibly taxable disbursements for bringing this action, are possible sanctions for Respondent(s)' failure/neglect to comply with discovery (interrogatories, letters rogatory) [see Fed. R. Civ. P. 37(b)(2)(A)(vi); Fed. R. Civ. P. 16(f)(1)] [see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20, Pg. 7 Pgh. 17].

29. An Affidavit To Compel Discovery, Specifically, Interrogatories Answers, may be made on the grounds of Respondent(s)' failure/neglect to answer one interrogatory or all interrogatories filed in accord with [Fed. R. Civ. P. 33] and the Hague Evidence Conventions [see Fed. R. Civ. P. 37(a)(3)(B)(iii); Fed. R. Civ. P. 33; Williams v. Glade Life & Accident Ins. Co., 2012 U.S. Dist. LEXIS 177451, at *10 (D. Nev. Dec. 13, 2012)].

30. Also, an Affidavit To Compel Discovery, Specifically, Interrogatories Answers may be made when Respondent(s) fail/neglect to produce documents, or fail/neglect to respond that inspection will be permitted, or fail/neglect to permit inspection as requested in accord with [Fed. R. Civ. P. 34][see Fed. R. Civ. P. 37(a)(3)(B)(iv); Fed R. Civ. P. 34; Ashby v. McKenney, 2004 U.S. App. LEXIS 19832, at **4-**6 (10th Cir. Sept. 22, 2004].

31. Evasive or incomplete answers will support Affiant's Affidavit To Compel Discovery, Specifically, Interrogatories Answers, and Respondent(s)' evasive or incomplete disclosures and/or answers may be treated as a complete failure/neglect to disclose and/or answer [see Fed. R. Civ. P. 37(a)(4); International Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004); Lawrence v. Tiger Swan, Inc., 2012 U.S. Dist. LEXIS 1699, at *6 (E.D.N.C. Jan. 6, 2012)].

32. Respondent(s)' failure/neglect to comply with the court Order to adequately, fully, and completely answer Affiant's Interrogatories under oath verified and signed under penalty of perjury by Respondent(s)' signature in wet-ink under Respondent(s)' full liability is contempt of court and may be punished as contempt of court [see Fed. R. Civ. P. 37(b)(1); State Farm Mut. Auto Ins. Co. v. Midtown Med. Ctr. Inc., 2011 U.S. App. LEXIS 18962, at **5-**6 (3d. Cir. Sept. 13, 2011); Andrews v. Hollaway, 2003 U.S. Dist. LEXIS 16961, at *27 (D.N.J. Sept. 29, 2003)][see Affidavit For Habeas Corpus - Interrogatories Pg. 4 Pgh. 5, Pg. 20 Pgh. 19; Affidavit For Habeas Corpus Pg. 23 Pgh. 34].

### Conclusion

33. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require.

In Honor.

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien(Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the Nineteenth day of the First month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018 - January, 19]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (friend)
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism; [P.O.W. #61975-018] Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

## Certificate of Service

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, competent Natural Man/Woman of majority, do certify and affirm that on or about the <u>Nineteenth</u> day of the <u>First</u> month in the year of Our Lord Father Allah Fourteen Hundred Thirty Eight (1438) [G.C.Y. 2018- January, 19], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre-Paid:

1. Affidavit To Compel Discovery, Specifically, Interrogatories Answers - Habeas Corpus Natural Equity Claim Contract Under Seal [10 pages];

All document(s) are included and mailed to:

A. David J. Smith, Clerk of Court, Eleventh Circuit Court of Appeals, Attn: Dionne S. Young, F; 56 Forsyth Street, N.W., Atlanta, Georgia 30303

B. Clerk of Court, U.S.D.C. Northern Florida Tallahassee Division, 111 North Adams Street, 3rd Floor, Tallahassee, Florida 32301

*Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)*
Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W. #62013-018 - Federal Correctional Complex USP1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Hephzibah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

10 of 10

Taquan Gullett
(P.O.W. #62013-018)
Federal Correctional Complex USP 1
P.O. Box 1033
Coleman, Florida [33521-1033]

CHECKED FEB 13 2018

Clerk of
United States District
111 North A
Tallahassee,

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7017 0530 0001 1315 2660