UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

11th Circuit Appeal Number: 18-10060

Gullett, Taquan; Son, On Behalf of Mother;
Hephzibah, Syteria,
In Propria Persona, Claimant, Affiant.

V.

Claim Number: 4:17-cv-00532-WS-CJK

## AFFIDAVIT FOR SUMMARY JUDGMENT

7016 0750 0000 8215 8765

In accord with:

Coil, Craig; personal private capacity,
Campbell, Joetta; personal private capacity,
Anderson, Ieish; personal private capacity
Donar, Cedric; personal private capacity,
Dempsey, Angela Cote; personal private capacity,
Hassler, Sara; personal private capacity,
Marshall, Gwen; personal private capacity,

Watson, Kim Lee; personal private capacity,
Haskett, James; personal private capacity,
Knox, Penelope; personal private capacity,
Corsmeier, Arnold B.; personal private capacity,
Muldrow, W. Stephen; personal private capacity,
Richardson, Monte C.; personal private capacity,
Klindt, James R.; personal private capacity,
Corrigan, Timothy J.; personal private capacity,
Howard, Marcia Morales; personal private capacity,

Respondent(s).

- Universal Declaration of Human Rights (1948)

- United Nations Declaration of Independence to Colonial Countries and Peoples; General Assembly Resolution 1514 (XV) of 14 December 1960

- U.N. Declaration on the Rights of Indigenous Peoples (2007)

- Madrid Convention for Protection in Morocco (1880) codified at [18 U.S.C. Chapter 7 §112]

- Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto

- Treaty of Peace and Friendship (1787) and
- united states for America Organic Constitution (1787) Article One Section Nine and Amendments 1-10 codified at:

28 U.S.C. §§2241-2243, 2246 et seq.
[Fed. R. Civ. P. 3, 4(b), 4(c)(3), 56(d)(2)(A), 28(b), 33, 55, 57(a), 56]
22 C.F.R. §§ 92.54, 92.66(a)

42 U.S.C. §§1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000
Rome Statute

" Habeas Corpus Natural Equity Claim "
CONTRACT UNDER SEAL

MA          1 of 19

NOTICE TO AGENT IS NOTICE TO PRINCIPAL / NOTICE TO PRINCIPAL IS NOTICE TO AGENT
APPLICABLE TO ALL SUCCESSORS AND ASSIGNS

1. On the record and for the record, present is Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hepheibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man / Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona, proceeding in Sui Juris capacity [see 4th Judicial Circuit Duval County Florida Probate (Registrar) Court SYTERIA LAWRENCE ESTATE NOTICE OF TRUST / TAQUAN GULLETT ESTATE NOTICE OF TRUST #'s 17-CP-1286/1287; SYTERIA LAWRENCE ESTATE CAVEAT / TAQUAN GULLETT ESTATE CAVEAT #'s 17-CP-1020/1025; SYTERIA LAWRENCE ESTATE Personal Replevin Claim / TAQUAN GULLETT ESTATE Personal Replevin Claim #'s 17-CA-2142/2144].

2. Affiant does rise and give honors and recognition to the Holy Qur'an, Holy Koran Circle Seven, Zodiac Constitution AA222141 (A1-Truth), Old Testament, New Testament, Great Law of Peace, Treaty of Peace and Friendship (1787), united states for America Organic Constitution (1787), Madrid Convention for Protection in Morocco (1880), Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Rome Statute, Geneva Conventions, Hague Conventions, Inter-American Conventions, and all annexes thereto.

3. Affiant does hereby enter a restricted appearance attending by Special Visitation in accord with [Rule E(8)] for corrective action by Affidavit For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal against all Respondent(s) in their personal private capacity (ies) in accord with the Universal Declaration of Human Rights (1948) and all annexes thereto, United Nations Declaration on the Granting of Independence to Colonial Countries and Peoples Adopted by General Assembly Resolution 1514 (XV) of 14 December 1960, United Nations Declaration on the Rights of Indigenous Peoples (2007), Hague Conventions and all annexes thereto, united states for America Organic Constitution (1787) Article One Section Nine codified at [28 U.S.C. §§ 2241-2243, 2246 et seq.; 18 U.S.C. Chapter 7 § 112; 42 U.S.C. §§ 1987, 1988, 1989, 1990, 1992, 1997, 1986, 1985, 1981, 1994, 1983, 1991, 2000; 22 C.F.R. §§ 92.54, 92.66(a); Fed. R. Civ. P. 3, 4(b), 4(c)(3), 5(d)(2)(A), 28(b), 33, 55, 37(a), 56]

4. Affiant moves this court for Summary Judgment in Affiant's favor in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.; Fed.R.Civ.P. 56], and against all Respondent(s) named in the Caption on Page 1 in their personal private capacity(ies); and Affiant invites the court to render a judgment in Affiant's favor for all of the judgment relief demanded in Affiant's Affidavit For Habeas Corpus; Modified Affidavit For Habeas Corpus (Addendum)(Annex); Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex); Letters Rogatory/Letters of Request For Service Upon Respondent(s); Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record; Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment; Affidavit To Compel Discovery, Specifically, Interrogatories Answers; and this Affidavit For Summary Judgment; all annexed hereto in full, hereinafter, "Affidavits." Affiant further moves this court to total and finalize the Punitive Damages Total-True Bill at such time as Respondent(s) file their adequate, full, and complete answers to Affiant's Interrogatories as Respondent(s) are compelled so to do by this court's Order.

5. Even further, Affiant moves this court for expedited hearing, determination, execution and enforcement of this Affidavit For Summary Judgment on the ground that there would be further irreparable injury and irreparable damages unless Affiant's application for Summary Judgment is heard, determined, executed, and enforced immediately in this action. As set forth in the aforementioned Affidavits, [A] there is a substantial likelihood that Affiant's Affidavits will prevail on the merits, weight, and preponderance of evidence; [B] there is a substantial likelihood that further irreparable injury and irreparable damage would result if this application for Summary Judgment is not heard, determined, executed, and enforced immediately; [C] there is a substantial likelihood that Respondent(s) will not be prejudiced at all by an expedited hearing, determination, execution, and enforcement of Summary Judgment in this action as Respondent(s) are already entered into Default

and Default Judgment and Respondent(s) did <u>accept</u>, <u>agree</u>, <u>consent</u>, and <u>conventio</u> * that this action may and shall proceed to Summary Judgment upon Respondent(s)' Default [see Affidavit For Entry of Default/Default Judgment Pg. 9 Pgh. 22]; [D] the <u>Affidavits</u> and evidence show that the underlying equities weigh heavily in favor for an expedited hearing, determination, execution, and enforcement of Summary Judgment in this action.

6. Affiant is properly entitled to Summary Judgment as a matter of law because, as more fully shown in Affiant's <u>Affidavits</u>, there is no genuine dispute as to any material fact that needs to be tried in this action; and on these undisputed facts, Affiant is properly entitled to Summary Judgment as a matter of law.

7. The Supreme Court stated in <u>Walker v. Johnson</u> [312 U.S. 275, 284 (1941)] that there could be situations where on the facts admitted, it may appear that as a matter of law, Affiant is entitled to the writ of habeas corpus and to an immediate unconditional discharge. The Supreme Court and federal courts thereafter have acknowledged the power of the federal district court to discharge a habeas corpus Affiant from unlawful detention without conducting an evidentiary hearing when the facts are undisputed and establish a denial of Affiant's constitutionally protected Natural Rights and Human Rights [See <u>Browder v. Director</u>, 434 U.S. 257, 266 n.10 (1978); <u>Walker v. Johnson</u>, 312 U.S. 275, 284 (1941)]. Technically, the habeas corpus statute [28 U.S.C. §§ 2241-2243, 2246 et seq.] authorizes - indeed, it requires - the court to treat Affiant's Habeas Corpus <u>Affidavits</u> itself as the equivalent of an Affiant-Initiated Summary Judgment and to "forthwith award the writ" [See 28 U.S.C. §2243]. Summary Judgment is appropriate when there are no genuine issues or disputes of material fact and Affiant is entitled to Summary Judgment in his/her favor as a matter of law

[See Fed. R. Civ. P. 56; Valles v. Lynaugh, 835 F. 2d 126, 127 (5th Cir. 1988); Blackledge v. Allison, 431 U.S. 63, 80-81 (1977); Johnson v. Rodgers, 917 F. 2d 1283, 1284-85 (10th Cir. 1990)][see Affidavit For Habeas Corpus Pg. 8 Pgh. 12; Modified Affidavit For Habeas Corpus Pg. 11 Pgh. 13].

8. Federal Courts are required to construe the Rules governing this civil action in a manner that will secure the just, speedy, and inexpensive determination of this action [see Fed. R. Civ. P. 1; Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); J. I. Case Co. v. Bank, 377 U.S. 426, 435, 84 S. Ct. 1555, 12 L. Ed. 2d 423 (1964); Nationwide Mut. Ins. Co. v. Mortensen, 606 F. 3d 22, 27 (2d. Cir. 2010); Don King Prods. Inc. v. Hopkins, 2004 U.S. Dist. LEXIS 25917, at *8 (S.D.N.Y. Dec. 23, 2004)][see Affidavit For Habeas Corpus Pg. 7 Pgh. 11; Modified Affidavit For Habeas Corpus Pg. 10 Pgh. 12].

9. Affiant-Initiated Summary Judgment proceedings are appropriate when [A] fact-findings create a right to relief under controlling federal law [see Browder v. Director, 434 U.S. at 260; Burden v. Zant, 510 U.S. 132 (1994) (per curiam); Burden v. Zant, 498 U.S. 433 (1991) (per curiam); Bland v. California Dep't. of Corrections, 20 F. 3d 1469, 1474 (9th Cir.), cert. denied, 513 U.S. 947 (1994); Cracker v. Procunier, 756 F. 2d 1212, 1214 (5th Cir. 1985); Tinsley v. Purvis, 731 F. 2d 791, 793 (11th Cir. 1984)]; [B] when the answer (or lack thereof) admits Affiant's version of dispositive facts [see Walker v. Johnson, 312 U.S. 275, 284 (1941)]; or [C] when a (recent) decision of a higher court **** or of the same district court or in a companion case controls the Affiant's Claim and warrants relief; or for any other reason, no facts are in dispute [see Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th Edition §17.3, Petitioner-Initiated Summary Proceedings].

<u>Affiant's Declaration, Affirmation, and Statement of Undisputed Facts in Support of Summary Judgment</u>

10. In accord with [Fed. R. Civ. P. 56(c)(1)(A), (B)], when a party asserts a fact that cannot be disputed, the assertion must be supported by citations to the "particular facts" of materials in the record, including depositions, documents, electronically stored information, Affidavits or Declarations, stipulations, admissions, interrogatories answers, or "other materials".

11. In accord with the provisions of [Fed. R. Civ. P. 56(c)(1)], Affiant directs the court's attention to the following undisputed facts that support this Affidavit For Summary Judgment:

12. Respondent(s) were served with the <u>Affidavit For Habeas Corpus</u> with Certificate of Service and Letter Rogatory / Letter of Request For Service Upon Respondent(s) on or about [<u>November 15, 2017</u>], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal] [see Affidavit for Entry of Default/Default Judgment Pg. 3 Pgh. 4A];

13. Respondent(s) were served with the <u>Modified Affidavit For Habeas Corpus (Addendum) (Annex)</u> with Certificate of Service and Letter Rogatory / Letter of Request For Service Upon Respondent(s) on [<u>December 13, 2017</u>], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal] [see Affidavit for Entry of Default/Default Judgment Pg. 3 Pgh. 4B];

14. Respondent(s) were served with the <u>Affidavit For Habeas Corpus - Interrogatories (Addendum) (Annex)</u> with Certificate of Service and Letter Rogatory / Letter of Request for Service Upon Respondent(s) on [<u>December 21, 2017</u>], which is the date of the Clerk's file-stamp [see Mailbox Rule; Contract Under Seal] [see Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4C];

15. The Certificates of Service and Letters Rogatory/Letters of Request for Service Upon Respondent(s) are filed with the court on [or about November 15, December 13, and December 21, 2017], respectively, and the Certificates of Service and Letters Rogatory/Letters of Request for Service Upon Respondent(s) establish that service was proper in accord with [Fed. R. Civ. P. 3, 4(b), 4(c)(3), 5(d)(2)(A), 28(b), 33; 28 U.S.C. § 2246; 22 C.F.R. §§ 92.54, 92.66(a); the Hague Evidence Conventions and all annexes thereto] [See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 5];

16. Respondent(s) have failed/neglected to timely, adequately, fully, and completely rebut, respond to, answer to, or otherwise defend against the aforementioned Affidavits and Letters Rogatory with Certificates of Service [See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 6, Pgh. Pg. 5 Pgh. 11];

17. The applicable time limit for Respondent(s) to rebut, respond, answer, or otherwise defend, in accord with [28 U.S.C. §§ 2241-2243, 2246 et seq.], has expired [See Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 7, Pg. 5 Pgh. 11; Affidavit For Habeas Corpus - Interrogatories Pg. 3 Pgh. 5, Pg. 20 Pgh. 22; Modified Affidavit For Habeas Corpus Pg. 8 Pgh. 8, Pg. 9 Pgh. 9; Affidavit For Habeas Corpus Pg. 5+6 Pgh. 8, Pg. 23 Pgh. 34];

18. Respondent(s) are in Default, and Default as well as Default Judgment are entered against Respondent(s) in this action [See Affidavit For Entry of Default/Default Judgment Pg. 3 Pgh. 4, Pg. 4 Pgh. 5, Pg. 5 Pgh. 11];

19. Respondent(s)' Default does constitute all Respondent(s)' acceptance, agreement, consent, convertio * [see Affidavit For Habeas Corpus Pg. 23 Pgh. 33], and confession of full liability and of guilt in judgment [see Affidavit For Habeas Corpus - Interrogatories Pg. 21 Pgh. 23], to all the interrogatories, terms, facts, conditions, stipulations, rules, principles, claims, contracts, clauses, points, averments, obligations, performances, modifications, benefits, privileges, rights, protections, and true bills stated in the Affidavit For Habeas Corpus, Modified Affidavit For Habeas Corpus (Addendum)(Annex), Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex), Letters Rogatory/Letters of Request for Service Upon Respondent(s) Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record, and Affidavit For Entry of Clerk's Default and For Entry of Clerk's Default Judgment, all annexed hereto in full, hereinafter, "Affidavits" [see Affidavit For Entry of Default/Default Judgment Pg. 4 Pgh. 9; Affidavit of Information Pg. 4 Pghs. 3, 3a, 3b, 3c; Affidavit For Habeas Corpus - Interrogatories Pg. 3 Pgh. 5, Pg. 21 Pgh. 23; Letters Rogatory/Letters of Request Pg. 3 Pgh. 4; Modified Affidavit For Habeas Corpus Pg. 3 Pghs. 5, 5A, 5B, 5C; Affidavit For Habeas Corpus Pg. 23 Pgh. 33];

20. Respondent(s)' factual Default and Default Judgment are not excused merely if and/or because the Clerk has failed/neglected to record it on the docket [see Connecticut Nat'l. Mortg. Co. v. Brandstatter, 897 F. 2d 883, 884-885 (7th Cir. 1990)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 20];

21. Entry of Default and Default Judgment severely limits Respondent(s)' subsequent participation in this action with the most important consequence being that Respondent(s) have no standing and are no longer entitled to participate in the determination of their liability and/or guilt in this action [see Dow Chemical Pac. Ltd. v. Rascator Maritime S.A., 782 F. 2d 329, 336 (2d. Cir. 1986)][see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 21];

22. In fact, Respondent(s) did accept, agree, consent, and conventio * that this action may and shall proceed to Summary Judgment with no notice or limited notice to Respondent(s) upon their Default; and Respondent(s) have no standing to challenge the undisputed facts of the Affidavits to which they have defaulted [see Taylor v. City of Baldwin, 859 F. 2d 1330, 1333 n.7 (8th Cir. 1988)][see Affidavit for Entry of Default/Default Judgment Pg. 9 Pgh. 22].

23. Affiant also directs the court's attention to further particular parts of materials in the record of the undisputed facts of the Affidavits, to which Respondent(s) did accept, agree, consent, and conventio * by their Default:

24.   Affidavit For Habeas Corpus [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs. 4, 5, 5a, 5b, 5c, 6; Pg. 4 Pghs. 6, 6A, 6B, 6C, 6D; Pg. 5 Pghs. 6D, 7, 8; Pg. 6 Pghs. 8, 9, 10; Pg. 7 Pghs. 10, 11; Pg. 8 Pghs. 12, 13; Pg. 9 Pghs. 13, 14, 15; Pg. 10 Pghs. 14, 15, 16; Pg. 11 Pghs. 16, 17, 18; Pg. 12 Pgh. 18; Pg. 13 Pgh. 19, 20; Pg. 14 Pghs. 20, 21; Pg. 15 Pghs. 22, 22A, 22B, 22C; Pg. 16 Pghs. 22D, 22E, 22F; Pg. 17 Pgh. 22G; Pg. 18 Pgh. 23; Pg. 19 Pghs. 24, 25; Pg. 20 Pghs. 25, 26, 27; Pg. 21 Pghs. 28 (Claim for Damages - TrueBill), 29 (Punitive Damages); Pg. 22 Pghs. 30, 31; Pg. 23 Pghs 32, 33, 34; Pg. 24 Pgh. 35; Pg. 25, Commercial Verification; Pg. 26, Certificate of Service];

25. Modified Affidavit For Habeas Corpus (Addendum)(Annex) [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs. 4, 5, 5a, 5b, 5c; Pg. 4 Pghs. 6, 6A, 6B, 6C; Pg. 5 Pghs. 6C, 6D, 6E, 6E.1; Pg. 6 Pghs. 6E.1, 6E.2, 6F, 6G; Pg. 7 Pghs. 6H, 6H.1, 6I, 6I(A), 6I(B); Pg. 8 Pghs. 7, 8; Pg. 9 Pghs. 9, 10, 11; Pg. 11 Pghs. 13, 14; every single particular page number and every single particular paragraph number thereafter for this Affidavit in its entirety including
      Claim for Damages - TrueBill, Punitive Damages, Conclusion, Commercial Verification, and Certificate of Service, all annexed hereto in full];

26. Affidavit For Habeas Corpus - Interrogatories (Addendum)(Annex) [See Pg. 1, Caption; Pg. 2 Pghs. 1, 2; Pg. 3 Pghs. 3, 4; Pg. 4 Pgh. 5; Pg. 5 (Instructions) Pghs. 6, 6A, 6B; Pg. 6 Pghs. 6C, 6D, 6E; Pg. 7 Pghs. 6F, 6G, 7, 7A, 7B; Pg. 8 Pghs. 7C, 7D, 7E, 7F, 7G, 7H, 7I; Pg. 9 Pghs. 7J, 7K, 7L, 7M, Interrogatory 1/Answer, Interrogatory 2/Answer; Pg. 10 Pghs. Interrogatory 3/Answer, Interrogatory 4/Answer, Interrogatory 5/Answer, Interrogatory 6/Answer; Pg. 11 Pghs. Interrogatory 7/Answer, Interrogatory 8/Answer, Interrogatory 9/Answer; Pg. 12 Pghs. Interrogatory 10/Answer, Interrogatory 11/Answer, Interrogatory 12/Answer; Pg. 13 Pghs. Interrogatory 13/Answer, Interrogatory 14/Answer, Interrogatory 15/Answer; Pg. 14 Pghs. Interrogatory 16/Answer, Interrogatory 17/Answer; Pg. 15 Pghs. Interrogatory 18/Answer, Interrogatory 19/Answer, Pgh. 8; Pg. 16 Pghs. 9, 10, 11, 12; Pg. 17 Pghs. 13; Pg. 18 Pghs. 14 (Claim For Damages - True Bill), 15 (Punitive Damages); Pg. 19 Pghs. 16, 17; Pg. 20 Pghs. 18, 19; Pg. 21 Pghs. 20, 21 (Conclusion); Pg. 22, Commercial Verification; Pg. 23, Certificate of Service];


27. Letter Rogatory/Letter of Request For Service Upon Respondent(s) [See Pg. 1, Caption; Pg. 2 Pghs. 1, Respondent(s) and Service Address(es) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15; Pg. 3 Pghs. Respondent(s) and Service Address(es) 16, 17, 18, 19; Pg. 3 Pghs. 1, 2, 3; Pg. 4, Commercial Verification];

28. <u>Affidavit of Information as Letter Rogatory and as Report and Preferral of Charges To Attorney General and All Constitutional Authorities of Record</u> [See.Pg.1, Caption; Pg. 2 Pghs. 1, 2; Pg. 3 Pghs. 3, 3a, 3b, 3c; Pg. 4 Pghs. (Affidavit of Information) 4; Pg. 5 Pghs. 4A, 4B, Letter Rogatory Caption; Pg. 6 Pghs. 5, 6; Pg. 7 Pgh. 7; Pg. 8 Pghs. (Report and Preferral of Charges to Attorney General and All Constitutional Authorities of Record) 8, 9; Pg. 9 Pghs. 10, 11; Pg. 10 Pghs. 11, 12, 13; Pg. 11 Pghs. 14, 15; Pg. 12 Pghs. 15, 16, 17 (Conclusion); Pg. 13 (Commercial Verification); Pg. 14, Certificate of Service Pghs. 1, 1A, 1B, 1C, 1D; Pg. 15, Certificate of Service Pghs. 1E, 1F, 1G, 1H, 1I];

29. <u>Affidavit For Entry of Clerk's Default and For Clerk's Default Judgment</u> [see Pg. 1, Caption; Pg. 2 Pghs. 1, 2, 3; Pg. 3 Pghs. (Request For Entry of Clerk's Default) 4, 4A, 4B, 4C; Pg. 4 Pghs. 5, 6, 7, 8, 9; Pg. 5 Pghs. (Request For Entry of Clerk's Default Judgment) 10, 11, 12, 13, 14; Pg. 6 Pghs. 15 (Claim for Damages – True Bill), 16 (Punitive Damages Total – True Bill); Pg. 7 Pghs. 17, 18; Pg. 8 Pghs. 19 (Further Terms of Default) 20, 21; Pg. 9 Pghs. 22, 23, 24 (Conclusion); Pg. 10, Commercial Verification; Pg. 11, Certificate of Service].

30. Upon all of the foregoing undisputed facts and with the court's attention directed to all of the particular parts of materials in the record of the undisputed facts, Affiant is properly entitled to Summary Judgment as a matter of law. Summary Judgment may be premised upon the factual record made by Affiant in this action [See <u>Liles v. Saffle</u>, 945 F. 2d 333 (10th Cir. 1991), cert. denied, 502 U.S. 1066 (1992); <u>Bailey v. Hamby</u>, 744 F. 2d 24, 26 (6th Cir. 1984)]; or on facts developed in this Habeas Corpus Natural Equity Claim Contract Under Seal action itself through discovery, expansion of the record, or the Affiant's investigation as reflected in the <u>Affidavits</u> [see Fed. R. Civ. P. <u>56(c)(1)(A)</u>] Summary Judgment Affidavit may be predicated on "depositions, documents,

electronically stored information, Affidavits or Declarations, stipulations, admissions, interrogatories answers (or lack thereof), or other materials; Fed. R. Civ. P. 56(c)(4) - Form of Affidavits; Brandt v. Gooding, 636 F. 3d 124, 127-29, 132, 136 (4th Cir. 2011); Liles v. Saffle, 945 F. 2d at 335, 340-41 - premising Summary Judgment on Affidavits in accord with Habeas Rule 7 which allows the court to "expand the record" to include Affidavits and to treat the Affidavits as substantive evidence and decide the case based upon them].

31. Summary Judgment, like judgment as a matter of law, shall be granted unless the evidence opposing Summary Judgment is substantial [see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 US, 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986); First Nat'l. Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968)].

32. Other courts have embraced this standard formulation, holding in cases in which facts are not genuinely disputed and the only issues are issues of law that Summary Judgment is appropriate [see Donovan v. Carl's Drug Co., 703 F. 2d 650, 651 (2d. Cir. 1983) - proper for district court to consider (tacit acquiescence) admissions by Respondent(s) as establishing facts beyond question in Summary Judgment.

33. The Supreme Court's <u>Liberty Lobby</u> opinion states that Summary Judgment is appropriate if the evidence is so "one sided" that only the Affiant can prevail [see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 2d. 202 (1986); **** <u>Quigg v. Thomas City Sch. Dist.</u>, 814 F. 3d 1227, 1235 (11th Cir. 2016) **** - Summary Judgment is only appropriate if case is so one sided that one party must prevail as a matter of law ****].

<u>Demand For Judgment Relief</u>

34. Affiant respectfully seeks an Order awarding the issue of a Writ of Habeas Corpus forthwith for Affiant's Mother's (Hephzibah, Syteria) immediate unconditional discharge from this unlawful and unconstitutional detainment, constraint, and restraint upon her body, her person, and Alien (Foreign) Estate corporeal and incorporeal, pending appeal and certiorari, as a matter of law. Affiant's Mother (Hephzibah, Syteria) has a Natural Equity right to and entitlement to immediate unconditional discharge, pending appeal and certiorari, as a matter of law[see Affidavit For Habeas Corpus - Interrogatories Pgs. 15 + 16 Pghs. 8, 9, 10; Modified Affidavit For Habeas Corpus; Affidavit For Habeas Corpus Pgs. 19 + 20 Pghs. 24, 25, 26]; and

35. Affiant further respectfully seeks an Order to vacate and set aside the void ab initio alleged Federal judgment and sentence in this instant matter for lack of jurisdiction, defective indictment, violation and infringement of Affiant's constitutionally protected Natural Rights and Human Rights to due process of International Law, National Law, and Local Law [see Affidavit For Habeas Corpus - Interrogatories Pg. 16 Pgh. 11; Modified Affidavit For Habeas Corpus]; and

36. Affiant further respectfully seeks an Order for acquittal and dismissal of the void ab initio alleged State criminal prosecution/charges in this instant matter for lack of jurisdiction, defective indictment/charging instrument, violation and infringement of Affiant's constitutionally protected Natural Rights and Human Rights to due process of International Law, National Law, and Local Law [See Affidavit For Habeas Corpus-Interrogatories Pg. 16 Pgh. 12; Modified Affidavit For Habeas Corpus]; and

37. Affiant further respectfully seeks an order granting an award for compensatory damages and punitive damages to compensate for grievous harm and irreparable injury by false imprisonment; compensation for three (3) years of out-of-pocket expenses related to false imprisonment; mental suffering related to false imprisonment; compensatory damages to vindicate Affiant's Natural Rights and Human Rights; and punitive damages for the wrongful acts of false imprisonment; fraud; negligence; collusion; agreement not to act; abuse of authority/discretion; deliberate indifference; denial of justice; discrimination, deprivation, resistance to, and violation of the full enjoyment of Affiant's constitutionally protected Natural Rights and/or Human Rights and/or Civil Rights and/or privileges and/or immunities, done maliciously and intentionally by Respondent(s); plus reasonable costs and nominal fees and possibly taxable disbursements for bringing this action [See Wilson v. Prasse, 325 F. Supp. 9 (W.D. Pa. 1971); Smith v. Wade, 461 U.S. 302 (1983) - $25,000 in compensatory damages and $5,000 punitive damages; Hensley v. Eckerhart, 457 U.S. 496 (1983) - reasonable costs and fees awarded was in excess of $137,000; Sostre v. McGinnis, 442 F. 2d 178 (2d. Cir. 1971), 312 F. Supp. 863 (S.D.N.Y. 1971), cert. denied, $25/per day against prison warden][See Affidavit For Habeas Corpus-Interrogatories Pg. 17 Pgh. 13; Modified Affidavit For Habeas Corpus].

38) <u>Claim for Damages - True Bill</u>

$10,000 and/or 10 years imprisonment [42 U.S.C. §§ 1981-2000 et seq.] ×19 = $190,000 190 years and/or imprisonment
                                      [18 U.S.C. § 241]

$1,000 and/or 1 year imprisonment [42 U.S.C. §§ 1981-2000 et seq.] ×19 = $19,000 19 years and/or imprisonment
                                   [18 U.S.C. § 242]

<u>Sum Certain Total</u> = $209,000 and/or 209 years Imprisonment

* * * * All Respondent(s) are jointly and severally liable for this Claim * * * *

39) <u>Punitive Damages Finalized Total - True Bill</u>

| $ Amount | and/or | Imprisonment | Statute | ×19 | = $ Result | Imprisonment |
|---|---|---|---|---|---|---|
| 10,000 | and/or | 10 years imprisonment | [Chapter 7 18 U.S.C. § 112] | ×19 = | 190,000 | 190 years and/or imprisonment |
| 1,000,000 | and/or | 20 years imprisonment | [18 U.S.C. § 1091] | ×19 = | 19,000,000 | 380 years and/or imprisonment |
| 10,000 | and/or | 10 years - Life imprisonment | [18 U.S.C. § 1201] | ×19 = | 190,000 | 190 years - Life and/or imprisonment |
| 1,000,000 | and/or | 30 years imprisonment | [18 U.S.C. § 1341] | ×19 = | 19,000,000 | 570 years and/or imprisonment |
| 5,000 | and/or | 20 years - Life imprisonment | [18 U.S.C. § 1581] | ×19 = | 95,000 | 380 years - Life and/or imprisonment |
| 5,000 | and/or | 20 years imprisonment | [18 U.S.C. § 1583] | ×19 = | 95,000 | 380 years and/or imprisonment |
| 5,000 | and/or | 7 years imprisonment | [18 U.S.C. § 1585] | ×19 = | 95,000 | 138 years and/or imprisonment |
| 2,000 | and/or | 2 years imprisonment | [18 U.S.C. § 1586] | ×19 = | 38,000 | 38 years and/or imprisonment |
| 10,000 | and/or | 20 years - Life imprisonment | [18 U.S.C. § 1590] | ×19 = | 190,000 | 380 years - Life and/or imprisonment |
| 10,000 | and/or | 5 years imprisonment | [18 U.S.C. § 1592] | ×19 = | 190,000 | 95 years and/or imprisonment |

Mandatory Restitution [18 U.S.C. § 1593] ×19 = Mandatory Restitution

| $ Amount | and/or | Imprisonment | Statute | ×19 | = $ Result | Imprisonment |
|---|---|---|---|---|---|---|
| 10,000 | and/or | 20 years - Life imprisonment | [18 U.S.C. § 1593A] | ×19 = | 190,000 | 380 years - Life and/or imprisonment |
| 10,000 | and/or | 20 years - Life imprisonment | [18 U.S.C. § 1594] | ×19 = | 190,000 | 380 years - Life and/or imprisonment |

Right to a Civil Action [18 U.S.C. § 1595] ×19 = Right to a Civil Action

| $ Amount | and/or | Imprisonment | Statute | ×19 | = $ Result | Imprisonment |
|---|---|---|---|---|---|---|
| 250,000 | and/or | 30 years imprisonment | [18 U.S.C. § 1512] | ×19 = | 4,750,000 | 570 years and/or imprisonment |
| 250,000 | and/or | 30 years imprisonment | [18 U.S.C. § 1513] | ×19 = | 4,750,000 | 570 years and/or imprisonment |
| 10,000 | and | LIFE imprisonment | [18 U.S.C. § 1651] | ×19 = | 190,000 | LIFE and imprisonment |
| 1,000,000 | and/or | 10 years imprisonment | [15 U.S.C. § 1] | ×19 = | 19,000,000 | 190 years and/or imprisonment |
| 1,000,000 | and/or | 10 years imprisonment | [15 U.S.C. § 2] | ×19 = | 19,000,000 | 190 years and/or imprisonment |

<u>Punitive Damages Finalized Total</u> = $87,153,000 and/or PLUS LIFE IMPRISONMENT   5021 years - Life (x5)

* * * * All Respondent(s) are jointly and severally liable for this Claim * * * *

[See Affidavit For Entry of Default/Default Judgment Pg. 6 Pghs. 15, 16 ; Affidavit For Habeas Corpus - Interrogatories Pg. 18 ]
[ Pghs. 14, 15 ; Modified Affidavit For Habeas Corpus ; Affidavit For Habeas Corpus Pg. 21 Pghs. 28, 29 ]

40. The Sum Certain Claim for Damages - True Bill for this Affidavit For Summary Judgment-Habeas Corpus Natural Equity Claim Contract Under Seal action is Two Hundred Nine Thousand ($209,000.00) Dollars and 00/100 and/or Two Hundred Nine (209) years imprisonment. The Punitive Damages Finalized Total-True Bill for this Affidavit For Summary Judgment -Habeas Corpus Natural Equity Claim Contract Under Seal action is finalized at Eighty-Seven Million One Hundred Fifty-Three Thousand ($87,153,000.00) Dollars and 00/100 and/or Five Thousand Twenty-One (5021) years to Life(x5) Imprisonment PLUS LIFE IMPRISONMENT [see 18 U.S.C. §1651]; plus reasonable costs and nominal fees and possibly taxable disbursements for bringing this action. The Sum Certain Claim for Damages - True Bill and Punitive Damages Finalized Total - True Bill are payable by liquidation of all Respondent(s)' Public Hazard Bond, General Liability Bond, Fidelity Bond, Indemnity Bond, Surety Bond, Performance Bond, Official Bond, Fiduciary Bond, Payment Bond, Hypothecation Bond, Contract Bond, Bid Bond, Guaranty Bond, Reinsurance Bond, License Bond, Penal Bond, Statutory Bond, Registered Bond, Debenture Bond, Secured Bond, Unsecured Bond, Blanket Bond, Honesty Insurance, Fidelity Insurance, General Liability Insurance, or any other like or similar bond and/or insurance agreement(s)/policy(ies)/arrangement(s). All Respondent(s) are jointly and severally liable for this Affidavit For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal action [see Affidavit For Entry of Default/Default Judgment Pg. 7 Pgh.17; Affidavit For Habeas Corpus- Interrogatories Pg.19 Pgh.16 ; Modified Affidavit For Habeas Corpus ; Affidavit For Habeas Corpus Pg. 22 Pgh. 30].

41. For the purpose of this Claim, a Dollar is defined as a One Ounce Silver Coin .9999 fine or par value in United States Red Seal Silver Certificates issued by the United States Treasury Mint in accord with Executive Order 11110 [see Affidavit for Entry of Default/ Default Judgment Pg. 7 Pgh. 18; Affidavit of Information Pg. 13 Pgh. 16; Affidavit For Habeas Corpus - Interrogatories Pg. 19 Pgh. 17; Modified Affidavit For Habeas Corpus; Affidavit For Habeas Corpus Pg. 22 Pgh. 31].

42. If any portion of this Affidavit For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal action is estopped, the remaining portions are in durable full force and effect. Affiant reserves the right to a full forensic accounting, a certified audit trail, and to seek a deficiency against any and all Respondent(s), jointly and severally, for any portion of this Affidavit For Summary Judgment - Habeas Corpus Natural Equity Claim Contract Under Seal that is found due, overdue, and owing, and remains unpaid to Affiant's Mother and Affiant's Mother's Alien (Foreign) Estate [see Affidavit For Entry of Default/Default Judgment Pg. 8 Pgh. 19; Affidavit For Habeas Corpus - Interrogatories Pg. 20 Pgh. 18; Modified Affidavit For Habeas Corpus; Affidavit For Habeas Corpus Pg. 23 Pgh. 32].

## Conclusion

43. Finally, Affiant invites the court to grant any and all such other relief, intermediate relief, and further relief, in accord with Natural Equity, and to dispose of this matter as law and justice require [see Affidavit For Entry of Default/Default Judgment Pg. 9 Pgh. 24; Affidavit of Information Pg. 13 Pgh. 17; Affidavit For Habeas Corpus - Interrogatories Pg. 21 Pgh. 23; Modified Affidavit For Habeas Corpus; Affidavit for Habeas Corpus Pg. 24 Pgh. 25].

In Honor.
17 of 19

## Commercial Verification

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Nephzibah, also called Highly Favored Shekinah El, Autochthonous American Moor Alien (Friend) Republican Universal Government [AAMARU] Religious Consul Association, hereinafter, "Affiant," Divine Immortal Spirit in Living Flesh and Blood Natural Man/Woman of majority, competent by firm sound mind and righteous upright moral integrity, In Propria Persona proceeding in Sui Juris capacity; do hereby declare and affirm under the penalty of perjury under the universal law of Our Most High Divine Source of the Force Universal Father Allah, and under the laws of the United States, that the foregoing is true, correct, certain, complete to the best of my own first-hand personal knowledge, not misleading, admissible as evidence, and in accord with the righteous upright moral integrity of my honorable intent, and if called upon to offer rhetoric and testify as to the veracity of the evidence herein proffered and preferred, I shall so state.

This affidavit is dated on or about the _Eighth_ day of the _Second_ month in the Moorish Calendar Year (M.C.Y.) of Our Most High Divine Source of the Force Universal Father Allah Fourteen Hundred Thirty Eight (1438) [Gregorian Calendar Year (G.C.Y.) 2018-February, 8 ]

Witness My Hand and Seal:

Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien Friend

Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association [P.O.W. #62013-018-Federal Correctional Complex-USP 1, P.O. Box 1033, Coleman, Florida 33521-1033]

Highly Favored Shekinah Syteria Nephzibah El, Autochthonous American Moor Alien (Friend)

Republican Universal Government [AAMARU] Religious Consul Association

Prisoner of War for National Liberation from Colonialism: [P.O.W. #61975-018] Unlawfully Detained and Falsely Imprisoned at:

FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301

18 of 19

<u>Certificate of Service</u>

I, Taquan Gullett, also called Maalik Rahshe El; Son, On Behalf of Mother: Syteria Hephzibah, also called Highly Favored Shekinah El, <u>A</u>utochthonous <u>A</u>merican <u>M</u>oor <u>A</u>lien (Friend) <u>R</u>epublican <u>U</u>niversal <u>G</u>overnment [AAMARU] Religious Consul Association, competent Natural Man/Women of majority, do certify and affirm that on or about the <u>Eighth</u> day of the <u>Second</u> month in the year of Our Lord Father Allah Fourteen Hundred Thirty Eight (1438) [G.C.Y. 2018 - February 8], the following document(s) were mailed by U.S. Postal Mail, First-Class Postage Pre Paid:

1. Affidavit For Summary Judgment - Habeas Corpus Natural Equity Claim [Contract Under Seal][19 pages];
2. Certificate of Interested Persons and Corporate Disclosure Statement (CIP) [11ᵗʰ Cir.][1 page]; and
3. One (1) Self-Addressed Prepaid Stamped Envelope (for return of Affiant's Original-Copy).

   All document(s) are included and mailed to:

A. David J. Smith, Clerk of Court; 11ᵗʰ Circuit Court of Appeals; Attn: Dionne S. Young, F; 56 Forsyth Street, N.W., Atlanta, Georgia 30303

B. Clerk of Court, U.S.D.C. Northern Florida Tallahassee Division
   111 North Adams Street, 3ʳᵈ floor, Tallahassee, Florida 32301

*Maalik Taquan Rahshe Gullett El, Autochthonous American Moor Alien (Friend)*

Maalik Taquan Rahshe Gullett El; Son, On Behalf of Mother: AAMARU Religious Consul Association
[P.O.W.# 62013-018 - Federal Correctional Complex USP 1, P.O. Box 1033, Coleman, Florida 33521-1033]
Highly Favored Shekinah Syteria Nephzibah El, <u>A</u>utochthonous <u>A</u>merican <u>M</u>oor <u>A</u>lien (Friend)
<u>R</u>epublican <u>U</u>niversal <u>G</u>overnment [AAMARU] Religious Consul Association
Prisoner of War for National Liberation from Colonialism: [P.O.W.# 61975-018]
Unlawfully Detained and Falsely Imprisoned at:
FCI Tallahassee, Federal Correctional Institution, 501 Capital Circle, NE, Tallahassee, Florida 32301
19 of 19

Taquan Gullett
(P.o. b. 62013-018)
Federal Correctional Complex USP 1
P.O. Box 1033
Coleman, Florida [33521-1033]

CHECKED

Clerk of Court
United States District Court Northern Florida
Tallahassee Division
111 North Adams Street, 3rd Floor
Tallahassee, Florida 32301